Howard M. Ehrenberg (CA State Bar No. 125527)
 *hehrenberg@sulmeyerlaw.com*
Steven F. Werth (CA State Bar No. 205434)
 *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for
John J. Menchaca, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SHORB DCE, LLC,<br><br>            Debtor. | Case No. 2:17-bk-14240-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING OPERATION OF DEBTOR'S BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. MENCHACA IN SUPPORT THEREOF**<br><br>DATE:   [No Hearing Required]<br>TIME:<br>PLACE: Courtroom 1668<br>              Roybal Federal Building<br>              255 East Temple Street<br>              Los Angeles, California 90012 |

SFW\ 2605139.1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND ITS COUNSEL, AND PARTIES ENTITLED TO NOTICE:**

## MOTION

Through his "Chapter 7 Trustee's Motion for Order Authorizing Operation of Debtor's Business" (the "Motion"), John J. Menchaca (the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for the estate ("Estate") of the debtor Shorb DCE, LLC ("Debtor") seeks the entry of an order authorizing the Trustee's operation of the Debtor's business, consisting of the maintenance and management of the real property located at 910-912 West Shorb Street, Alhambra, California 91803 (the "Property"), for a period of one hundred and twenty (120) days, subject to further extensions for cause shown, effective as of August 30, 2017, the date the Office of the United States Trustee entered its "Notice Of Appointment Of Trustee And Fixing Of Bond; Acceptance Of Appointment As Interim Trustee" [Docket No. 86], whereby the Court appointed the Trustee as the Chapter 7 Trustee of the Estate.

The Motion is based on the following:

• On April 6, 2017, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

• On June 6, 2017, creditor William B. Wright filed his "Motion Of Secured Creditor William B. Wright To Convert Case To Chapter 7 Pursuant To 11 U.S.C. §1112(b)(1)" [Docket No. 34], which was granted on August 30, 2017 [Docket No. 85].

• On August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (See Docket No. 86), in which capacity he continues to act.

• In the Debtor's Schedules filed with its petition on April 6, 2017 (the "Schedules"), the Debtor indicated that it possessed an interest in the Property.

• The Trustee has determined, based upon communications with counsel for the Debtor and a review of the Debtor's monthly operating reports filed in this case, that the Property is an 11-unit apartment complex which currently has tenants residing in it who pay rent in the aggregate amount of $10,110 per month. The Trustee is also informed and believes that the Debtor has incurred monthly

1 expenses in maintaining and operating the Property. The Trustee bases this on the Debtor's Monthly
2 Operating Reports, as well as communications with counsel for the Debtor and his review of recent
3 utility bills provided to the Trustee.

4 • The Trustee is informed and believes that the Debtor may have collected rent on the
5 Property since the date of the Trustee's appointment. The Trustee has directed the Debtor to deliver
6 rent checks relating to the Property to the Trustee.

7 • The Trustee is informed and believes that the Debtor has identified a third party who is
8 willing to purchase the Property pursuant to a sale approved by this Court. The Trustee is in the
9 process of preparing the documentation necessary to obtain Court approval of this sale, but anticipates
10 that it may be 90 days or longer until such sale closes as the potential buyer has requested that a
11 portion of the payment amount be made a number of weeks after entry of any order approving the
12 sale.

13 • As a result, the Trustee requires an order from the Court under applicable provisions of
14 the Bankruptcy Code authorizing the operation of the Debtor's business, consisting of the collection of
15 rent and the payment of whatever expenses are necessary to operate the Property so that rent may
16 continue to be collected.

17 • The Trustee seeks an order authorizing the operation of the Property for a period of one
18 hundred and twenty (120) days, subject to further extensions for cause shown, effective as of August
19 30, 2017, pursuant to a budget attached hereto as **Exhibit 1** (the "Budget"), and incorporated by
20 reference. The overall operating expenses identified in the Budget for the Property are based upon the
21 Trustee's review of the Monthly Operating Reports filed by the Debtor on June 24, 2017 [Docket No.
22 61], July 15, 2017 [Docket no. 74], and August 15, 2017 [Docket No. 83].

23 This Motion is made and based upon the moving papers, the attached memorandum of points
24 and authorities and the supporting declaration of John J. Menchaca, the pleadings filed in the Debtor's
25 case, all judicially noticeable facts, the arguments and representations of counsel, and any oral or
26 documentary evidence presented at the time of the hearing.

27 **WHEREFORE** the Trustee respectfully requests that the Court enter an order:
28 (1) granting this Motion;

SFW\ 2605139.1                                   2

(2)  authorizing the operation of the Property for a period of one hundred twenty (120) days, subject to further extensions for cause shown, effective as of August 30, 2017; and

(3)  granting such other and further relief as this Court deems just and proper under the circumstances.

DATED: September 11, 2017

SulmeyerKupetz
A Professional Corporation

By: _____
Steven F. Werth
Attorneys for John J. Menchaca,
Chapter 7 Trustee

SFW\ 2605139.1

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND SUMMARY OF RELIEF REQUESTED

This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. By this Motion, the Trustee seeks the entry of an order authorizing the operation of the Property for a period of one hundred twenty (120) days, subject to further extensions for cause shown, effective as of August 30, 2017. The statutory predicate for the relief requested herein is 11 U.S.C. § 721.

### II.

### RELEVANT BACKGROUND

The Debtor states in the Schedules that it possesses an interest in the Property. Through his investigation of the Property, his communications with bankruptcy counsel for the Debtor, and his review of relevant documents including the Debtor's Monthly Operating Reports filed in this case, the Trustee has learned that the Property is an 11-unit apartment complex which is fully occupied, and that the Debtor rents the Property to tenants (the "Tenants") and collects approximately $10,100 per month from them. The Trustee is in the process of communicating with the Tenants to ensure that the Tenants pay rent directly to the Trustee.

On September 5, 2017, the Trustee filed an "Application To Employ SulmeyerKupetz, A Professional Corporation, As General Bankruptcy Counsel" [Docket No. 91] (the "Application"). As set forth in the Broker Application, the Trustee desires to retain **Sulmeyer**Kupetz, A Professional Corporation to assist the Trustee with selling the Property.

The Trustee determined from communications with Debtor's counsel that the monthly expenses for the Property are approximately in the amount of those set forth in the Budget. As described therein, the monthly expenses on the Property total approximately $2,600, not counting property taxes. The Trustee has determined from a review of relevant documents that the Debtor's insurance on the Property is current through October, 2017.

SFW\ 2605139.1    1

Pending the Trustee's sale of the Property, which requires the Trustee to prepare a purchase and sale agreement and related transaction documents in addition to a motion, it is necessary for the Trustee to operate the Property, which includes collecting rent and ensuring that whatever obligations the Debtor is required to pay in order to satisfy the conditions of the Tenants' leases are made, so that the Tenants continue to pay rent. Permitting the Trustee to operate the Property will advance the interests of creditors of the Estate by ensuring that all rent payments from the Tenants go to the Estate, and that the value of the Property will be preserved for a short time while the Trustee obtains Court approval to sell it.

### III.
### THE TRUSTEE SHOULD BE PERMITTED TO OPERATE THE PROPERTY PURSUANT TO 11 U.S.C. § 721

Pursuant to this district's Local Bankruptcy Rules, a chapter 7 trustee may operate a debtor's business without a court order for thirty (30) days from the date of the trustee's appointment. See Loc. Bankr. R. 2070-1(a). To operate the business beyond such 30-day period, however, a trustee must obtain authorization from the Court under Section 721 of the Bankruptcy Code. Here, the Trustee was appointed on August 30, 2017. Hence, the Trustee now requires an order to operate the Property.

Unlike in a chapter 11 case, where the Bankruptcy Code expressly authorizes a debtor to continue to operate its business, in a chapter 7 case only the trustee, and not the debtor, can be authorized by the Court to operate the debtor's business. Nakhuda v. Mansdorf (In re Nakhuda), 2015 Bankr. LEXIS 649 (9th Cir. BAP 2015). While Section 704(1) of the Bankruptcy Code states that a trustee is to reduce the debtor's assets to money "as expeditiously as is compatible with the best interests of parties in interest", Section 721 of the Bankruptcy Code authorizes a chapter 7 trustee "to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate". *See* In re A&T Trailer Park, Inc., 53 B.R. 144, 147 (Bankr. D. Wy. 1985) (authorization to operate contemplated in a limited number of situations, such as where it appears the business could be sold for a greater price as a going concern than in a liquidation).

The Property appears to be the sole asset of the Debtor with value for the Estate's creditors. The Trustee understands that it is fully leased, with 11 tenants. The Property's rent belongs to the Estate and its creditors. While the Trustee takes the actions necessary to sell the Property to the proposed buyer identified by the Debtor to the Trustee, the Trustee requires a brief period of time to continue to collect rent on the Property and authority to make such expenditures as are necessary to ensure the Property continues to produce a rental stream. The Trustee has confirmed that the Property is currently insured, but to the extent further payments must be made, the Trustee seeks authority to make those payments.

For these reasons, the Trustee's operation of the Property will benefit creditors and is consistent with the orderly administration of the Estate. The Trustee anticipates that he will be able to file a motion to sell the Property within the next few weeks. He has already filed the Application to employ general bankruptcy counsel which will enable him to quickly generate the documents and pleadings necessary to sell the Property. However, he understands that the sale of the Property likely will not close for a period of time, potentially up to two months after an order is entered approving the Sale, based upon statements made by Debtor's counsel to the Trustee regarding the potential buyer's need to obtain additional financing. As such, the Trustee submits that it is appropriate to give the Trustee four months from the date of his appointment to collect rent from the Debtor's tenants and maintain the Property.

## IV.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Motion be granted in its entirety, and for such other and further relief as this Court deems just and proper.

DATED: September 11, 2017            Respectfully submitted,

SulmeyerKupetz
A Professional Corporation

By: /s/ Steven F. Werth
Steven F. Werth
Attorneys for John J. Menchaca,
Chapter 7 Trustee

SFW\ 2605139.1                              3

## **DECLARATION OF JOHN J. MENCHACA**

I, John J. Menchaca, declare as follows:

1. I am an individual over the age of eighteen, and I am the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate of the Debtor.

2. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

3. I make this declaration in support of the "Chapter 7 Trustee's Motion For Order Authorizing Operation Of Debtor's Business" (the "Motion"). Capitalized terms have the meaning given them in the Motion.

4. On April 6, 2017, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. On June 6, 2017, creditor William B. Wright filed his "Motion Of Secured Creditor William B. Wright To Convert Case To Chapter 7 Pursuant To 11 U.S.C. §1112(b)(1)" [Docket No. 34], which was granted on August 30, 2017 [Docket No. 85]. On August 30, 2017, I was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (See Docket No. 86), in which capacity I continue to act.

5. In the Debtor's Schedules filed with its petition on April 6, 2017 (the "Schedules"), the Debtor indicated that it possessed an interest in the Property. I am informed and believe that the Property is an 11-unit apartment complex which currently has tenants residing in it who pay rent in the aggregate amount of $10,110 per month.

6. I have confirmed that the Property is currently insured.

7. I am also informed and believes that the Debtor has, as part of its business operations of renting out the Property, incurred monthly expenses in maintaining and operating the Property.

8. I am informed and believe that the Debtor may have collected rent on the Property since the date of my appointment. I have directed the Debtor to deliver rent checks relating to the Property to me.

9. I am informed and believe that the Debtor has identified a third party who is willing to purchase the Property pursuant to a sale approved by this Court. I have instructed my proposed general bankruptcy counsel to prepare the necessary documentation. I have been informed by

Debtor's counsel that the potential buyer may require an additional 45 days to obtain financing of a portion of the purchase price to acquire the Property, and for that reason, I am informed and believe that it may take up to two months from the date of entry of an order approving the sale of the Property to close the sale.

10. I require an order from the Court authorizing the operation of the Debtor's business, consisting of the collection of rent and the payment of whatever expenses are necessary to operate the Property, for a period of one hundred twenty (120) days, subject to further extensions for cause shown, effective as of August 30, 2017, pursuant to a budget attached hereto as **Exhibit 1** (the "**Budget**").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 9, 2017, at Los Angeles, California.

_____
John J. Menchaca

# EXHIBIT 1

**BUDGET**

**Property: 910-912 West Shorb Street, Alhambra, California 91803**

**INCOME**

| | |
|---|---|
| Monthly Rent | $10,100.00 |

**EXPENSES**

| | |
|---|---|
| Electricity | $400.00[1] (estimated) |
| Natural Gas | $160.00[2] (estimated) |
| Gardening | $250.00[3] |
| Water and Sewer | $1,600.00 (estimated)[4] |
| Telephone | $83.00[5] |
| Repairs | $500.00 (estimated)[6] |

| | |
|---|---|
| Net Income | $7,100 (estimated) |

---

[1] This estimate is taken from the Debtor's Monthly Operating reports filed July 15, 2017 [Docket No. 74] which indicated $344.21 in this category, and August 15, 2017 [Docket No. 83], which indicated $376.63 in this category

[2] This estimate is taken from the Debtor's Monthly Operating reports filed July 15, 2017 [Docket No. 74] which indicated $153.56 in this category, and August 15, 2017 [Docket No. 83], which indicated $136.26 in this category. This amount may be high, as Debtor's actual bill during the month of August was $42.26.

[3] This exact number appears in each of the Debtor's Monthly Operating reports filed June 24, 2017, July 15, 2017, and August 15, 2017.

[4] This estimate is taken from the Debtor's Monthly Operating reports filed July 15, 2017 [Docket No. 74] which indicated $250.00 for Water (with no expense for Sewer) and August 15, 2017 [Docket No. 83], which indicated $1,172,27 for both Water and Sewer.  This number was then revised upward based on the Debtor's bill of $1,553.89 for water in the month of August.

[5] This exact number appears in each of the Debtor's Monthly Operating reports filed June 24, 2017, July 15, 2017, and August 15, 2017.

[6] This estimate is taken from the Debtor's Monthly Operating reports filed June 24, 2017 [Docket No. 61] which indicated $811.95 in this category, and August 15, 2017 [Docket No. 83], which indicated $487.00 in this category

SFW\ 2605140.1 9/11/2017 (12:29 PM)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING OPERATION OF DEBTOR'S BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. MENCHACA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 11, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Maroko**   ron.maroko@usdoj.gov
- **Elmer D Martin**   elmermartin@gmail.com
- **John J Menchaca (TR)**   jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **Kevin Tang**   tangkevin911@gmail.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**   cgunruh@sbcglobal.net
- **Steven Werth**   swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On September 11, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 11, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Leslie Cohen, Esq.  -  leslie@lesliecohenlaw.com
J'aime Williams, Esq.  -  jaime@lesliecohenlaw.com

☐ Service information continued on attached page

---

SFW\ 2605022.1 9/11/2017 (12:27 PM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 11, 2017 | Kelli Mccamey | */s/ Kelli Mccamey* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2. SERVED BY UNITED STATES MAIL**:

Shorb DCE, LLC  
910 Shorb St Unit F  
Alhambra, CA  91803-2448

Kevin Tang, Esq.  
601 S Figueroa St Ste 4050  
Los Angeles, CA  90017-5879

United States Trustee  
915 Wilshire Blvd Ste 1850  
Los Angeles, CA  90017-3560

Curt Wang  
802 E Mission Rd  
San Gabriel, CA  91776-2716

East West Bank  
1001 Fair Oaks Ave  
South Pasadena, CA  91030-3309

East West Bank  
135 N Los Robles  
Pasadena, CA  91101-1758

Elke Coffey  
912 Shorb St Unit A  
Alhambra, CA  91803-2445

Franchise Tax Board  
Bankruptcy Section MS A340  
PO Box 2952  
Sacramento, CA  95812-2952

Internal Revenue Service  
Centralized Insolvency Operations  
PO Box 7346  
Philadelphia, PA  19101-7346

James Wang  
802 E Mission Rd  
San Gabriel, CA  91776-2716

Los Angeles County Treasurer and  
Tax Collector  
PO Box 54110  
Los Angeles, CA  90054-0110

Los Angeles County Tax Collector  
225 N Hill St  
Los Angeles, CA  90012-3253

Law Offices of Tom C Tsay Inc  
208 E Valley Blvd Ste C  
San Gabriel, CA  91776-6514

William Wright  
404 North Del Mar Ave  
San Gabriel , CA  91775-2926

SFW\ 2605022.1 9/11/2017 (12:27 PM) This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                           **F 9013-3.1.PROOF.SERVICE**