```
Carol G. Unruh, Esq., # 102929
LAW OFFICES OF CAROL G. UNRUH
3000 S. Robertson Blvd., Suite 215
Los Angeles, CA 90034
Tel(310)842-9660,Fax(310)842-9664
cgunruh@sbcglobal.net


Attorney for Secured Creditor
William B. Wright
```

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SHORB DCE, LLC,<br><br>Debtor | Chapter 7<br><br>Case No. 2:17-bk-14240 BR<br><br>**LIMITED OPPOSITION OF SECURED CREDITOR WILLIAM B. WRIGHT TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF 910-912 WEST SHORB ST., ALHAMBRA, CALIFORNIA**<br><br>Date: October 24, 2017<br>Time: 2:00 P.M.<br>Ctrm: 1668 Roybal |

Secured Creditor William B. Wright ("Wright") hereby submits his limited opposition to the pending Trustee's Motion For Order Authorizing sale Of 910-912 West Shorb. St., Alhambra, California, as set forth below.

Date: 10-10-17

/s/ Carol G. Unruh
Carol G. Unruh
Attorney for Secured Creditor
William B. Wright

1

**PREFATORY STATEMENT**

Wright does not oppose the Trustee's motion to sell, because he believes the property should be sold. Debtor has made several promises to sell and/or refinance the property but has failed to accomplish the task. The opposition stems from the shady financial histories of Shorb, it's related case Las Tunas DCE, LLC (case number 2:17-bk-14239 BR), and the members of both companies.

The two properties were transferred by their individual member owners to the LLCs in 2007. The companies were never intended to accomplish anything other than to hold title to the properties. The LLCs have never had bank accounts or maintained any financial records for the properties. Rental income from both properties has been largely in cash, and when payment was paid by check, those checks were payable to and cashed by the individual members. Funds from the two LLCs have been commingled between the two and with funds of the members. All financial dealings of both Shorb and Las Tunas have always been the dealings of the members.

This Court, being attuned to the history of the two companies, issued an order, entered on July 18, 2017, requiring Debtor herein to complete a sale of the Shorb property and use the net proceeds to pay all Shorb and Las Tunas debts. Of course, the sale never happened and the case was converted to Chapter 7.

Wright requests the Court issue a comparable order regarding the Trustee's pending sale. After payment of secured claims on Shorb, the Trustee should be required to hold back

sufficient funds to cover: (1) any claims against Las Tunas pending the Trustee's disposition of that property; and (2) any disputed unsecured claims against Shorb pending the resolution of any claim disputes.

## FACTUAL/PROCEDURAL BACKGROUND

On January 11, 2007, David Kwok, the owner of the real property located at 910 W. Shorb Street, Alhambra, CA 91803, APN 5350-016-033 ("the property"), transferred the property, by way of grant deed, to Debtor herein, Shorb DCE, LCC. The grant deed was recorded on January 17, 2007 in the Office Of The Recorder Of Los Angeles County as document number 20070089049. The recorded deed indicates that no transfer tax was paid.

On November 18, 2014 David Kwok and Elke Coffey, as members of Shorb DCE, LLC, executed a note for a $39,000.00 loan secured by a deed of trust on the property in favor of William B. Wright ("Wright"). The note came due on November 18, 2015. Only three payments were ever made on the loan and the note remains all due and payable.

On March 6, 2015, David Kwok, as member of Shorb DCE, LLC, executed another note for a $10,800.00 loan secured by deed of trust on the property in favor of The Wright Trust Dated November 19, 1984. William B. Wright is the trustee of that trust. The note came due on December 6, 2015. No payments were ever made on the loan and the note remains all due and payable.

In addition to the above secured claims, Wright is owed,

on the following unsecured loans to Shorb:

a. June 5, 2013, original balance $4,100.00 (balance $5,177.00 as of the date of filing of this case, with interest accruing postpetition);

b. June 13, 2013, original balance $12,000.00 (balance $15,220.00 as of the date of filing of this case, with interest accruing postpetition);

c. March 4, 2014, original balance $30,000.00, (balance $36,522.00 as of the date of the filing of this case, with interest accruing postpetition).

d. September 23, 2016, original balance $6,000.00 (balance $6,300.00 as of the date of filing of this case, with interest accruing postpetition);

e. October 6, 2016, original balance $11,500.00 (balance $12,075.00 as of the date of filing of this case, with interest accruing postpetition); and

f. October 31, 2016, original balance $3,500.00 (balance $3,674.00 as of the date of filing of this case, with interest accruing postpetition).

**ARGUMENT**

The Debtor herein, as well as it's near identical twin Las Tunas DCE, LLC, are both just shells designed to hold title to properties for the benefit of the individual members. The debts of one are the debts of the other. The financial histories of these two companies resemble a train wreck. There are virtually no financial documents.

David Kwok, managing member of Debtor, testified at the §341(a) meeting of creditors held on July 17, 2017, that the

company did not have a checking account before the debtor in possession account was opened months after the filing of the Chapter 11 petition. He stated that he took rent checks, cashed them, and held onto them along with the cash payments received.

When Wright made supplemental, unsecured, loans to Shorb, the checks were made payable to one of the members because of the lack of a company bank account.

This case, combined with the Las Tunas case, makes a strong argument for substantive consolidation of the two. The debtors are essentially the same as the members. The affairs of the two debtors and their members are so intertwined that it is nearly impossible to treat the cases separately.

### DECLARATION OF WILLIAM B. WRIGHT

I, William B. Wright, declare as follows:

1. The matters stated herein are so stated upon personal knowledge, and if called as a witness I could and would competently testify thereto.

2. On or about November 18, 2014, I loaned the sum of $39,000.00 to Debtor Shorb DCE, LLC. The note provided for a term of one year at 7% interest, with interest only monthly payments of $210.00 commencing on December 15, 2014 and all due on November 18, 2015. Only three payments were ever made on the loan and the note remains all due and payable.

3. The deed of trust and assignment of rents securing the note involved the real property located at 910 W. Shorb Street, Alhambra, CA 91803, APN 5350-016-033 ("the property") The deed of trust was recorded on December 10, 2014 in the

1 Office Of The Recorder Of Los Angeles County as document
2 number 20141339689. That deed of trust is in second position
3 behind East West Bank.
4     4. On March 6, 2015, I, as Trustee of the Wright Trust
5 Dated November 19, 1984 , extended another loan. David Kwok,
6 as member of debtor in possession herein, executed another
7 note for a loan of $10,800.00 secured by deed of trust on the
8 property in favor of The Wright Trust. The note provided for
9 a term of nine months at 10% interest, with interest only
10 monthly payments of $90.00 commencing on April 6, 2015 and all
11 due on December 6, 2015. No payments have ever been received
12 on that loan and the note remains all due and payable.
13     5. The deed of trust with assignment of rents securing
14 the note was recorded on June 3, 2016 in the Office Of The
15 Recorder Of Los Angeles County as document number 20160641824.
16     6. In addition to the above secured claims, I have also
17 made the following unsecured loans to Shorb:
18     a. June 5, 2013, original balance $4,100.00; $5,177.00 as
19 of the date of the filing of this case, with interest accruing
20 postpetition.
21     b. June 13, 2013, original balance $12,000.00; $15,220.00
22 as of the date of the filing of this case, with interest
23 accruing postpetition.
24     c. March 4, 2014, original balance $30,000.00; $36,522.00
25 as of the date of the filing of this case, with interest
26 accruing postpetition.
27     d. September 23, 2016, original balance $6,000.00;
28 $6,300.00 as of the date of the filing of this case, with

interest accruing postpetition.

   e. October 6, 2016, original balance $11,500.00; $12,075.00 as of the date of the filing of this case, with interest accruing postpetition.

   f. October 31, 2016, original balance $3,500.00; $3,674.00 as of the date of the filing of this case, with interest accruing postpetition.

   7. All loans I made were designated to be used for Shorb DCE, LLC. Because neither Shorb nor Las Tunas DCE, LLC had a bank account all payments were made payable to David Kwok and/or Elke Coffey, two members of the LLC.

   I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Gabriel, California on October 10, 2017.

*/s/ William B. Wright*
William B. Wright
Declarant

## CONCLUSION

This case was filed as a Chapter 11 in bad faith. The company is a sham designed to hold title to a property for individuals who want the benefits of an LLC without meeting the inherent obligations. This case and Las Tunas DCE, LLC are classic examples of commingling and failure to account for funds. Both cases were converted to protect the interests of its creditors. The Court should consider the interests of creditors in connection with the sale of the Shorb property and order that after closing of escrow, the Trustee should hold sufficient funds to cover the claims of Las Tunas as well

10/11/17 03:43am  P. 001

as the unsecured claims of Shorb, pending the disposition of the Las Tunas property and the resolution of all claims.

Respectfully submitted,

Date: 10-10-17

LAW OFFICES OF CAROL G. UNRUH

By: *[signature]*
Carol G. Unruh
Attorney for Secured Creditor
WILLIAM B. WRIGHT

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3000 S. Robertson Blvd., Suite 215, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): ____Limited Opposition Of Secured Creditor____
__William B. Wright To Trustee's Motion For Order Authorizing Sale Of 910-912 West Shorb St., Alhambra, California__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/10/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[✓] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __10/10/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor in possession: Shorb DCE, LLC - Agent For Service Of Process:
David Kwok, 910 W. Shorb Street, Unit F, Alhambra, CA 91803

[ ] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __10/10/2017__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/10/2017 | Nathan Creeger | X /s/ Nathan Creeger |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE

# Mailing Information for Case 2:17-bk-14240-BR

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **Kevin Tang**    tangkevin911@gmail.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerla