| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Stephen Forde<br>1613 Chelsea Rd.<br>San Marino, CA 91108<br>Tel (818) 552-2650, Fax (818) 552-2640<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for: Movants* | **FILED**<br>JAN - 2 2018<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>SHORB DCE, LLC | CASE NO.: 2:17-BK-14240 BR<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 01/23/2018<br>TIME: 2:00 pm<br>COURTROOM: 1668 |
| **Movant: Stephen Forde** | |

1. **Hearing Location:**
   ☒ 255 East Temple Street, Los Angeles, CA 90012
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   ☐ 3420 Twelfth Street, Riverside, CA 92501
   ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on **REGULAR NOTICE** pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on **SHORTENED NOTICE** pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 1/2/18

_____
Printed name of law firm (if applicable)

Stephen Forde
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 2                    F 4001-1.RFS.NONBK.MOTION

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION**

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☒ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (specify):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* See attached Page 3a
   b. *Docket number:* See attached Page 3a
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Superior Court of California, County of Los Angeles
   d. *Causes of action or claims for relief (Claims):*
      Motions for Orders Charging Member's Interest in LLC with Unpaid Judgments, Motion (to be filed) for Appointment of Receiver for Debtor (see Supplemental declaration of Stephen Forde).

3. **Bankruptcy Case History:**
   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on (date)  04/06/2017  .

   b. ☒ An order to convert this case to chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (date) 08/30/2017  .

   c. ☐ A plan was confirmed on (date) _____ .

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 3                        F 4001-1.RFS.NONBK.MOTION

Page 3a Attachment

California Commerce Club, Inc. v David Kwok & Elke Coffey Kwok
Los Angeles County Superior Court Case Number 07K10959,  Filed 06/25/2007
Judgment Entered 11/13/2007, Judgment Assigned to Stephen Forde 07/24/2017
Motion to Charge Member's Interest in LLC filed 10/12/2017
Order re Renewal of Judgment  and Order Charging Member's Interest both
entered 11/08/2017.

Harvest Credit Management, VII, LLC v. David Kwok
Los Angeles County Superior Court Case Number 08CV2525, Filed 07/11/2008
(Original Case Number 08CO2524)
Judgment Entered 11/05/2008, Judgment Assigned to Stephen Forde 07/24/2017
Motion to Charge Member's Interest in LLC filed 10/04/2017
Order Charging Member's Interest in LLC entered 11/15/2017

Peter Wong v David Kwok and Elke L. Coffey
Los Angeles Superior Court Case Number GC041324,  Filed 08/15/2008
Judgment Entered 01/06/2010, Judgment Assigned to Stephen Forde 11/25/2017
Motion to Charge Member's Interest in LLC Set For Hearing 01/05/2018

f.  ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒ Other (specify):
    Debtor is a shell company which merely holds title to real property belonging to its individual principals. All assets are actually those of the individuals. Debtor does not conduct business, but just exists to hold title.

5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐ Other (specify):

6.  **Evidence in Support of Motion:**  *(Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

a.  ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒ Supplemental declaration(s).

c.  ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☐ Other evidence (specify):

7.  ☒ An optional Memorandum of Points and Authorities is attached to this Motion.

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☐ Other relief requested.

Date: 1/2/18

_____
Printed name of law firm (*if applicable*)

Stephen Forde
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                         Page 5                    F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) **Stephen Forde**, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☒ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (specify):

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: See attached Page 3a
   b. *Docket number*: See attached Page 3a
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*: Superior Court of California, County of Los Angeles

5. Procedural Status of Nonbankruptcy Action:

   a. The Claims are:
      Motions for Orders Charging Member's Interest in LLC with Unpaid Judgments, Motion (to be filed) for Appointment of Receiver for Debtor (see Supplemental declaration of Stephen Forde).

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit ____. to Supplemental Declaration of Stephen Forde.

   c. The Nonbankruptcy Action was filed on (date) **06/25/2007** .

   d. Trial or hearing began/is scheduled to begin on (date) _____.

   e. The trial or hearing is estimated to require _____ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):
      None

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.  Other defendants in the Nonbankruptcy Action are (*specify*):
    None

5.  **Grounds for relief from stay:**

a.  ☒  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☒  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):


d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1)  ☒  It is currently set for trial on (*date*)  01/05/2018 .

    (2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by
             (*date*) _____.  The basis for this belief is (*specify*):


    (3)  ☒  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):




    (3)  ☐  Multiple bankruptcy cases affecting the Property include:

        (A)  Case name:
             Case number:                        Chapter:
             Date filed:            Date discharged:          Date dismissed:
             Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 7                          F 4001-1.RFS.NONBK.MOTION

(B) Case name:
    Case number:                      Chapter:
    Date filed:             Date discharged:           Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:
    Case number:                      Chapter:
    Date filed:             Date discharged:           Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

    ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 1/2/18 | Stephen Forde | _(signature)_ |
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 8                          F 4001-1.RFS.NONBK.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1631 Towne Ave., Pomona, CA 91767

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ___01/02/2018___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) ___01/02/2018___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor's Agent For Service Of Process: David Kwok, 910 W. Shorb Ave., Unit F, Alhambra, CA 91803
Attorney For Debtor: Kevin Tang, 601 S. Figueroa St, Suite 4050, los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ___01/02/2018___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/02/2018 | Yvonne Espelucin | *[signature]* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Mailing Information for Case 2:17-bk-14240-BR

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

Stephen Forde
1613 Chelsea Road
San Marino, CA 91108
Tel (818) 552-2650, Fax (818) 552-2640

Interested Party/Creditor

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Chapter 17 |
| | Case No. 2:17-bk-14240 BR |
| SHORB DCE, LLC, | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| Debtor and Debtor In Possession. | Date: January 23, 2018<br>Time: 2:00 P.M.<br>Ctrm: 1668 Roybal |

Interested Party/Creditor Stephen Forde hereby submits Points and Authorities in support of his motion for relief from automatic stay, as set forth below.

Date: _1/2/18_ 

_Stephen Forde_
Stephen Forde
Interested Party/Creditor

**PROCEDURAL BACKGROUND**

Forde is the holder, by way of assignment, of three judgments against the principals of Debtor herein. Debtor's

1

1  real property, located at 910-912 W. Shorb Ave., Alhambra, CA

2  91803 ("the property") has been sold by the Chapter 7 trustee,

3  but aside from secured creditors paid directly out of escrow,

4  no funds have been disbursed to creditors.

5       In the normal course, the trustee would disburse any

6  funds remaining, after payment to all creditors and payment of

7  costs and fees for the trustee, to the Debtor. That should not

8  happen in this case.

9       Because of the nature of Shorb DCE, LLC ("Shorb"), and

10 its use by the principals as a vehicle to hide a valuable asset

11 from creditors, Forde will show that a claim against the

12 principal(s) is a claim against Shorb. There are pending state

13 court actions to enforce these judgments, and Forde seeks to have

14 a receiver appointed to control and properly disburse any remaining

15 proceeds from the sale of the property to prevent the

16 principals from avoiding payment of the judgments.

17      Shorb DCE, LLC was created by registration with the State Of

18 California Secretary Of State on January 9, 2007. David Kwok, Elke

19 Coffey, and Curt Wang are the purported current shareholders of

20 Shorb.

21      On January 17, 2007, David Kwok recorded a grant deed

22 transferring his interest in the property to Shorb.

23      On November 13, 2007 California Commerce Club, Inc.

24 ("Commerce") received a default judgment in Superior Court case

25 number 07K10959 against David Kwok and Elke Coffey Kwok for unpaid

26 dishonored checks. On July 24, 2017 the judgment was assigned to

27 Forde, and the judgment was renewed on November 8, 2017.

28      On November 8, 2017 the Superior Court entered a charging

2

1    order charging the interests of David C. Kwok and Elke Coffey

2    (Kwok) in Shorb DCE, LLC and Las Tunas DCE, LLC with the unpaid

3    balance of the Commerce judgment, in the amount of $33,673.03 as of

4    that date.

5         On November 5, 2008 a judgment in Superior Court case number

6    08CV2524, in favor of Harvest Credit Management VII, LLC was

7    entered against David Kwok. On July 24, 2017 that judgment was

8    assigned to Forde.

9         On November 15, 2017 the Superior Court entered a charging

10   order charging the interest of David Kwok in Shorb DCE, LLC with

11   the unpaid balance of the Commerce judgment, in the amount of

12   $43,281.57 as of that date.

13        On January 6, 2010 a judgment was entered, in Superior Court

14   case number GC041324, in favor of Peter Wong against David Kwok and

15   Elke Coffey. On November 25, 2017 the judgment was assigned to

16   Forde. Forde has a pending motion to charge the interest of David

17   Kwok in Shorb DCE, LLC with the unpaid judgment. A hearing is set

18   for January 5, 2018 on that motion.

19        The next step for Forde is to have an auction conducted by the

20   Los Angeles County Sheriff to transfer the interests of the

21   individuals in the LLC to the highest bidder.

22        On April 6, 2017, Shorb filed a Chapter 11 bankruptcy

23   petition. A Meeting of Creditors pursuant to 11 U.S.C. §341(a) was

24   conducted on July 17, 2017. Both David Kwok and Elke Coffey

25   appeared as members of Shorb.

26        On August 30, 2017, after it became obvious that there was no

27   reorganization on the horizon, an order was entered converting the

28   case to Chapter 7. A Chapter 7 Trustee was appointed and he

1  proceeded to market the Shorb property.

2      The Court approved the Chapter 7 Trustee's motion to sell the

3  property, and that sale has been completed. Aside from the secured

4  creditors that were paid out of the sale escrow, no other claims

5  have been paid in the case. The Trustee is holding all funds

6  remaining from the sale.

7      Forde has filed claims totaling approximately $362,250.00 in

8  the case. They are based on the judgments against Kwok and Coffey,

9  but they should be charged against the shell entity, Shorb, that

10  filed the bankruptcy case, based on an alter ego theory.

11      Forde seeks to file a motion in the Superior Court for the

12  appointment of a receiver for Shorb DCE, LLC based on an alter ego

13  theory, and that is the reason for seeking relief from stay in this

14  case.

15                    **POINTS AND AUTHORITIES**

16      In order to assert an alter ego theory and "pierce the

17  corporate veil" a litigant must make a prima facie case "(1)

18  that there is such a unity of interest and ownership that the

19  separate personalties of the two entities no longer exist and

20  (2) that failure to disregard their separate identies would

21  result in fraud or injustice." American Telephone & Telegraph

22  Compagnie Bruxelles Lambert, 94F.3d 586, 591 (9th Cir. 1996).

23  See also Doe v. Unocal Corp, et al, 248 F. 3d 915, 926-927

24  (9th Cir. 2001).

25      Evidence that the sole shareholders of a corporation or

26  partnership converted assets of the corporation or partnership

27  to their own use will create a prima facie case showing that

28  it would be unjust to shield the individuals behind the

4

1  corporate veil. <u>Flynt Distributing Co., Inc. v. Harvey, et al,</u>
2  734 F. 2d 1389, 1393-1394 (9th Cir. 1984).

3      In the instant case the testimony, under oath, of the
4  controlling members of Shorb DCE, LLC, make it clear that they
5  failed to deposit rents of Shorb into a business account,
6  cashed those checks, and took cash designated as rent for
7  their personal use. They failed to maintain an historical rent
8  ledger for any of the rental units. They failed to segregate
9  and maintain tenants' security deposits in separate accounts,
10  instead just using those funds as they saw fit. The only
11  reason for the existence of Shorb DCE, LLC was to hold title
12  to Kwok's real property. There was never any intention to
13  conduct the LLC as an actual business. It was merely a shield
14  used by the individual members.

15      In the normal course, when a Chapter 7 trustee has sold
16  assets and brought funds into the estate, any funds remaining,
17  after paying all allowed claims and the trustees fees and
18  costs, would be turned over to the debtor. That should not
19  happen in this case.

20      Turning over any remaining funds to Shorb, which is
21  controlled by David Kwok and Elke Coffey, would perpetrate an
22  injustice to creditors of those individuals. As shown in the
23  Supplemental Declaration of Stephen Forde, Kwok and Coffey
24  have admitted under oath to a propensity for taking the assets
25  of Shorb and converting them for personal use. The identities
26  of Shorb, Kwok, and Coffey are so intermingled that they are
27  essentially the same. Paying any funds to Shorb would be the
28  same as paying those funds to Kwok and Coffey. The Court has

5

1  an obligation to protect the interests of creditors against

2  debtors acting in bad faith.

3  **CONCLUSION**

4      Shorb DCE, LLC is nothing more than the alter ego of Mr.

5  Kwok and Ms. Coffey. The debtor herein is nothing more than an

6  extension of the individuals. Applying an alter ego theory,

7  the Court should allow Forde to go into the Superior Court to

8  seek appointment of a receiver for Shorb to properly

9  distribute the funds remaining after payment of all claims in

10  the bankruptcy case. The Chapter 7 Trustee would then be

11  directed to pay any funds that would have gone to Shorb to the

12  receiver. This would have no impact on the estate, which would

13  have already been administered.

14      In addition, the Court could address the same issues by

15  directing the Chapter 7 Trustee to postpone distribution of

16  funds, aside from his own fees and costs, pending the

17  resolution of any claims objections involving Stephen Forde.

18

19

20  Date: 1/2/18

21  Stephen Forde
Interested Party/Creditor

22

23

24

25

26

27

28

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1631 N. Towne Ave., Pomona, CA 91767

A true and correct copy of the foregoing document entitled (*specify*):  __Points And Authorities In Support Of Motion__
__For Relief From Automatic Stay__ _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __01/02/2018___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) __01/02/2018___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor's Agent For Service Of Process: David Kwok, 910 W. Shorb Ave., Unit F, Alhambra, CA 91803
Attorney For Debtor: Kevin Tang, 601 S. Figueroa St, Suite 4050, Los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __01/02/2018___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1680, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/02/2018 | Yvonne Espelucin | X _Yvonne Espelucin_ |
| Date | Printed Name | Signature |

_This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California._

**F 9013-3.1.PROOF.SERVICE**

June 2012

## Mailing Information for Case 2:17-bk-14240-BR

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;kmccarney@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

Stephen Forde
1613 Chelsea Road
San Marino, CA 91108
Tel (818) 552-2650, Fax (818) 552-2640

Interested Party/Creditor

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re

SHORB DCE, LLC,

Debtor and Debtor In
Possession.

Chapter 17

Case No. 2:17-bk-14240 BR

**SUPPLEMENTAL DECLARATION OF
STEPHEN FORDE IN SUPPORT OF
MOTION FOR RELIEF FROM
AUTOMATIC STAY**

Date: January 23, 2018
Time: 2:00 P.M.
Ctrm: 1668 Roybal

Interested Party/Creditor Stephen Forde hereby submits
this Supplemental Declaration in support of his motion for
relief from automatic stay, as set forth below.

Date: 1/2/18

Stephen Forde
Interested Party/Creditor

1

## DECLARATION OF STEPHEN FORDE

I, Stephen Forde, declare as follows:

1. The matters stated herein are so stated upon personal knowledge and if called as a witness I could and would competently testify thereto.

2. I am the holder, by way of assignment, of three judgments against the principals of Debtor herein.

3. Shorb DCE, LLC was created by registration with the State Of California Secretary Of State on January 9, 2007. David Kwok is listed as the member of Shorb. A copy of the Articles of Organization is attached hereto as Exhibit A and is incorporated herein by reference.

4. On January 17, 2007, David Kwok recorded a grant deed transferring his interest in the property to Shorb. A copy of the grant deed is attached hereto as Exhibit B and is incorporated herein by reference.

5. On November 13, 2007 California Commerce Club, Inc. ("Commerce") received a default judgment in Superior Court case number 07K10959 against David Kwok and Elke Coffey Kwok for unpaid dishonored checks. On July 24, 2017 the judgment was assigned to Forde, and the judgment was renewed on November 8, 2017. Copies of the judgment and assignment are attached hereto as Exhibits C and D, respectively, and are incorporated herein by reference.

6. On November 8, 2017 the Superior Court entered a charging order charging the interests of David C. Kwok and Elke Coffey (Kwok) in Shorb DCE, LLC and Las Tunas DCE, LLC

2

1   with the unpaid balance of the Commerce judgment, in the
2   amount of $33,673.03 as of that date. A copy of the order is
3   attached hereto as Exhibit E and is incorporated herein by
4   reference.

5       7. On November 5, 2008 a judgment in Superior Court case
6   number 08CV2524, in favor of Harvest Credit Management VII,
7   LLC ("Harvest") was entered against David Kwok. On July 24,
8   2017 that judgment was assigned to Forde. Copies of the
9   judgment and assignment are attached hereto as Exhibits F and
10  G, respectively, and are incorporated herein by reference.

11      8. On November 15, 2017 the Superior Court entered a
12  charging order charging the interest of David Kwok in Shorb
13  DCE, LLC with the unpaid balance of the Harvest judgment, in
14  the amount of $43,281.57 as of that date. A copy of the order
15  is attached hereto as Exhibit H and is incorporated herein by
16  reference.

17      9. On January 6, 2010 a judgment was entered, in Superior
18  Court case number GC041324, in favor of Peter Wong against
19  David Kwok and Elke Coffey. On November 25, 2017 the judgment
20  was assigned to Forde. Forde has a pending motion to charge
21  the interest of David Kwok in Shorb DCE, LLC with the unpaid
22  judgment. A hearing is set for January 5, 2018 on that motion.
23  Copies of the judgment and assignment are attached hereto as
24  Exhibits I and J, respectively, and are incorporated herein
25  by reference.

26      10. The next step for me is to have an auction conducted
27  by the Los Angeles County Sheriff to transfer the interests of
28  the individuals in the LLC to the highest bidder.

3

1    11. On April 6, 2017, Shorb filed a Chapter 11 bankruptcy
2  petition. A Meeting of Creditors pursuant to 11 U.S.C. §341(a)
3  was conducted on July 17, 2017. Both David Kwok and Elke
4  Coffey appeared as members of Shorb. I have acquired a copy of
5  the 74 page transcript of that meeting. Copies of the pages of
6  the transcript relevant to this motion are attached
7  collectively hereto as Exhibit K and are incorporated herein
8  by reference. The entire transcript will be made available for
9  review should the need arise.

10    12. On page 2 of the transcript, line 15, Kwok testifies
11 that he is the 100% owner of Shorb. At lines 20-23, Coffey
12 corrects him by stating that she holds a 10% interest.

13    13. On page 5, lines 9-12, Kwok states that the reason
14 for the bankruptcy filing was that "...they are foreclosing on
15 me."

16    14. At page 10, lines 9-12, Coffey testifies that they
17 pay no rent for the unit they occupy.

18    15. At page 11, lines 10-13, Kwok and Coffey testify that
19 prior to the bankruptcy filing they had no contract with the
20 LLC to manage the property.

21    16. At page 22, lines 3-14, Kwok testifies that in the
22 six months preceding the bankruptcy filing, approximately
23 $60,000.00 in rents were collected but no documentation was
24 provided to show this. He claimed to have spent the money on
25 the building.

26    17. At page 26, lines 21-22, someone (probably Debtor's
27 attorney) stated that there were never any minutes recorded
28 for the LLC.

4

18. At page 36, line 17 through page 37, line 2, there is a discussion of what happened with the $39,000 William Wright loan proceeds, and Coffey states that Kwok used it any way he felt he should, including personal things.

19. At page 50, lines 6-10, Kwok testified that there never was an account into which rents were deposited, until the Chapter 11 Debtor in Possession account was opened.

20. At page 50, line 18 through page 51, line 3, Kwok testified that rent checks were cashed and he held onto the money. Cash payments were also held onto. No payments were deposited in any bank account.

21. At page 51, lines 6-9, Kwok testified that the tenants security deposits were never deposited into a separate bank account. Presumably, they were just commingled with the other cash that Kwok was pocketing.

22. At page 55, lines 1-16, Kwok testified that he used rent money to pay his personal medical, dental and living expenses.

23. At page 64, lines 2-10, Kwok testified that he had no income other than the rent payments from the property until some time just prior to the meeting of creditors.

24. At page 65, lines 8-15, Kwok and Coffey testified that there was never a written record of the rents that were paid.

25. I have been advised that the Chapter 7 Trustee has sold the Shorb property and is holding all funds remaining after payment of secured creditors through the escrow.

26. I have filed claims totaling approximately

1  $362,250.00 in the case. They are based on the judgments

2  against Kwok and Coffey, but they should be charged against

3  Shorb, based on an alter ego theory.

4      I want to file a motion in the Superior Court for the

5  appointment of a receiver for Shorb DCE, LLC based on an alter

6  ego theory, and that is the reason for seeking relief from

7  stay in this case.

8      I certify under penalty of perjury that the foregoing is

9  true and correct and that this declaration was executed at San

10  Marino, California.

11

12

13  Date: 1/2/18

14                                Stephen Forde
                                  Interested Party/Creditor
15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**EXHIBIT A**



# State of California
## Secretary of State

**File #** 200701110001

**LIMITED LIABILITY COMPANY
ARTICLES OF ORGANIZATION**

A $70.00 filing fee must accompany this form.

**IMPORTANT -- Read instructions before completing this form.**

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

**JAN 0 9 2007**

This Space For Filing Use Only

---

**ENTITY NAME** (End the name with the words "Limited Liability Company," "Ltd. Liability Co.," or the abbreviations "LLC" or "L.L.C.")

1. NAME OF LIMITED LIABILITY COMPANY

SHORB DCE, LLC

**PURPOSE** (The following statement is required by statute and may not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 4 must be completed (leave Item 4 blank).)

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

DAVID KWOK

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA     CITY     STATE     ZIP CODE

802 E MISSION DR.,     SAN GABRIEL     CA     91776

**MANAGEMENT** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

[✓] ONE MANAGER

[ ] MORE THAN ONE MANAGER

[ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

**ADDITIONAL INFORMATION**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**EXECUTION**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

SIGNATURE OF ORGANIZER     DATE 1/5/07

DAVID KWOK

TYPE OR PRINT NAME OF ORGANIZER

**RETURN TO** (Enter the name and the address of the person or firm to whom a copy of the filed document should be returned.)

8. NAME     ⌐ YANG & CO., CPA A PC

FIRM     113 W LAS TUNAS DR. #201

ADDRESS     SAN GABRIEL, CA 91776

CITY/STATE/ZIP     ⌐                                         ⌐

LLC-1 (REV 03/2005)     APPROVED BY SECRETARY OF STATE

**EXHIBIT B**



**This page is part of your document - DO NOT DISCARD**



**20070089049**

Pages
003



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

01/17/07 AT 08:00AM

| | |
|---|---|
| Fees | $27.00 |
| Taxes | |
| Other | $0.00 |
| Paid | $0.00 |
| | $27.00 |

TitleCompany

---

## TITLE(S) :  DEED



L E A D    S H E E T

FEE                                                                          D.T.T.

CODE
20

CODE
19

CODE
9____

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.        **Number of AIN's Shown**

.                          .

.                    .

*code*          **THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
Shorb DCE LLC
802 E. Mission Drive
San Gabriel, CA 91776



01/17/07

**20070089049**

A.P.N : 5350-016-033

Order No : 324927

Space Above This Line for Recorder's Use Only

Escrow No.. 48305J

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS COUNTY $NONE
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale,
[ ] unincorporated area, [ X ] City of Alhambra , and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged, The value of the property in this conveyance
**David Kwok, a Single Man**
exclusive of liens and encumbrances is $100
and there is no additional consideration
hereby GRANT(S) to Shorb DCE LLC, a California Limited Liability Company received by the grantor, R & T 11911."

the following described property in the City of Alhambra, County of Los Angeles State of California;

**Legal Description per Attached Exhibit "A" hereto and made a part here of.**
**(Property Commonly known as: 910-912 W. Shorb Street, Alhambra, CA 91803)**

David Kwok

Document Date    January 11, 2007

STATE OF CALIFORNIA
COUNTY OF    Los Angeles    )SS
On : January 11, 2007 before me, Mary Quan, a notary public
personally appeared David Kwok

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument
WITNESS my hand and official seal

Signature

MARY QUAN
COMM. # 1473707
NOTARY PUBLIC CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. MARCH 24, 2008

This area for official notarial seal

Mail Tax Statements to:    SAME AS ABOVE or  Address Noted Below

# EXHIBIT A

## DESCRIPTION

PARCEL 1:

THAT PORTION OF LOT 1 IN BLOCK 18 OF RAMONA, IN THE CITY OF ALHAMBRA, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGES 53 ET
SEQ., OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.  LYING NORTHERLY OF THE WESTERLY PROLONGATION OF THE NORTHERLY LINE OF
LOT 11 OF TRACT NO. 9849, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE
OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 136 PAGES 55 AND 56 OF MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM THE ABOVE DESCRIBED PROPERTY THE WESTERLY 150.00 FEET THEREOF.

PARCEL 2:

THAT PORTION OF LOT 1 IN BLOCK 18 OF RAMONA, IN THE CITY OF ALHAMBRA, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGE 53 ET
SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED
WITHIN THE FOLLOWING DESCRIBED BOUNDARIES:
BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 11 OF TRACT NO. 9849, IN THE CITY
OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 138 PAGES 55 AND 56 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY; THENCE WESTERLY ALONG THE PROLONGATION OF THE NORTHERLY LINE OF SAID LOT
11, A DISTANCE OF 28.56 FEET; THENCE SOUTHERLY PARALLEL WITH THE WESTERLY LINE
OF SAID LOT 1, A DISTANCE OF 35 FEET, ALONG A LINE WHICH PRODUCED SOUTHERLY
WOULD INTERSECT THE NORTHEAST CORNER OF A ONE STORY BRICK BUILDING, AS IT
EXISTED IN 1949; THENCE EASTERLY, PARALLEL WITH THE PROLONGATION OF THE
NORTHERLY LINE OF SAID LOT 11, TO THE WESTERLY LINE OF SAID LOT 11; THENCE
NORTHERLY, ALONG WESTERLY LINE, 35 FEET TO THE POINT OF BEGINNING.

PARCEL 3:

THAT PORTION OF LOT 1 IN BLOCK 18 OF RAMONA, IN THE CITY OF ALHAMBRA, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGE 53 ET
SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

COMMENCING AT THE NORTHWESTERLY CORNER OF SAID LOT 11 OF TRACT NO. 9849, IN THE
CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 138 PAGES 55 AND 56 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY;  THENCE WESTERLY ALONG THE WESTERLY PROLONGATION OF THE
NORTHERLY LINE OF SAID LOT 1, A DISTANCE OF 28.56 FEET TO THE TRUE POINT OF
BEGINNING; THENCE SOUTHERLY PARALLEL WITH THE WESTERLY LINE OF SAID LOT 1, A
DISTANCE OF 35 FEET TO A POINT ALONG A LINE WHICH PRODUCED SOUTHERLY WOULD
INTERSECT THE NORTHEAST CORNER OF A ONE STORY BRICK BUILDING, AS IT EXISTED IN
1949, SAID LAST MENTIONED POINT BEING THE NORTHERLY LINE OF THE LAND DESCRIBED
IN THE DEED TO THE CITY OF ALHAMBRA, RECORDED ON JANUARY 22, 1954, AS INSTRUMENT
NO. 1929, IN BOOK 43655 PAGE 32, OFFICIAL RECORDS; THENCE WESTERLY ALONG SAID
LAST MENTIONED NORTHERLY LINE 21.44 FEET, MORE OR LESS, TO THE EAST LINE OF THE
WESTERLY 150.00 FEET OF SAID LOT 1; THENCE NORTHERLY ALONG SAID EAST LINE, 35
FEET, MORE OR LESS, WESTERLY PROLONGATION; THENCE EASTERLY ALONG SAID
PROLONGATION 21.44 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

PARCEL 4:

THAT PORTION OF LOT 11 OF TRACT NO. 9849, IN THE CITY OF ALHAMBRA, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 138 PAGES 55 AND 56 OF

07  008049

## DESCRIPTION

MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING NORTHERLY OF
THE NORTHERLY LINE OF THE LAND DESCRIBED IN DEED TO THE IN THE CITY OF ALHAMBRA,
RECORDED ON JANUARY 22, 1954 AS INSTRUMENT NO. 1929, IN THE BOOK 43655 PAGE 32
OF OFFICIAL RECORDS, IN THE SAID OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THAT PORTION OF SAID LAND, LYING EASTERLY OF THE WESTERLY LINE OF THE
LAND DESCRIBED IN THE DEED TO NATHAN F. GOLDBERG, ET AL., RECORDED ON FEBRUARY
10, 1959 AS INSTRUMENT NO. 1351, IN BOOK D-7 PAGE 842, OFFICIAL RECORDS.

**EXHIBIT C**

SUPERIOR COURT OF CALIFORNIA
CENTRAL DISTRICT-COUNTY COURTHOUSE
COUNTY OF LOS ANGELES

USE
ONLY

| | |
|---|---|
| PLAINTIFF   : CALIFORNIA COMMERCE CLUB INC<br>VS<br>DEFENDANT   : KWOK, DAVID C | |
| DEFAULT JUDGMENT BY COURT | CASE NUMBER<br>07K10959 |

In Department 77 ,
Honorable BRETT C. KLEIN , JUDGE Presiding.
Court convened on 11/13/07; and the following proceedings were had:

The defendant(s)
            DAVID C KWOK
            ELKE COFFEY KWOK

Having been served with a copy of the summons and complaint and having failed
to answer complaint of plaintiff(s) within the time allowed by law
and default of said defendant(s) having been entered, plaintiff(s)
applied to the court for judgment. Judgment is ordered as follows:
Plaintiff(s):

            CALIFORNIA COMMERCE CLUB INC

recover from defendants
            DAVID C KWOK
            ELKE COFFEY KWOK
the sum of $  15000.00 and $    840.00 attorney fees, and $    752.05
interest, costs as provided by law in the sum of $    360.00.


                    _Gloria S Mendizabal_ Deputy Clerk
                    GLORIA    MENDIZABAL

        FILED AND ENTERED
            ON  11/13/07
        JOHN A. CLARKE
    CLERK OF THE ABOVE NAMED COURT

By: GLORIA      MENDIZABAL      , Deputy

**EXHIBIT D**

1    **Stephen Forde**
2    1613 Chelsea Road
3    San Marino, CA 91108
     P: (818)552-2650
4    F: (818)552-2640
5
6    In Propria Persona
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
9                          COUNTY OF LOS ANGELES
10                 **CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE**

11    **CALIFORNIA COMMERCE CLUB, INC.,**         CASE №        07K10959
12                                 Plaintiff,     **ACKNOWLEDGEMENT OF**
13    v.                                          **ASSIGNMENT OF JUDGMENT**
14    **DAVID C. KWOK** and **ELKE COFFEY**
15    **(KWOK),**                                 Judge:
                                                  Dept.:
16                                 Defendants.    Complaint filed:    **June 25, 2007**
17                                                Judgment entered:   **November 13, 2007**

18    TO THE COURT AND ALL INTERESTED PARTIES:

19         PLEASE TAKE NOTICE that the Plaintiff and Judgment Creditor, CALIFORNIA

20    COMMERCE CLUB, INC., does hereby acknowledge assignment to STEPHEN FORDE of all right,

21    title, and interest in and to the Judgment against Defendants and Judgment Debtors DAVID C.

22    KWOK and ELKE (LORRAINE) COFFEY (Erroneously named ELKE COFFEY KWOK in this

23    case) for their Breach of Contract, entered and filed in this matter on November 13, 2007 in the

24    amount of $16,952.05 and all post-judgment interest. The above Assignment has been made pursuant

25    to an "Agreement for Assignment and Purchase of Judgment" dated June ___, 2017.

26         The name and address of the Judgment Creditor is:

27              CALIFORNIA COMMERCE CLUB, INC.
                6131 East Telegraph Road
28              Commerce, California 90040

---

*California Commerce Club, Inc. v. Kwok, et al.*    **- 1 -**              Case № 07K10959
              ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT

The names and last known addresses of the Judgment Debtors are:

DAVID C. KWOK                    ELKE LORRAINE COFFEY
910 West Shorb Street, Unit F   (Erroneously sued as ELKE COFFEY KWOK)
Alhambra, California 91803      910 West Shorb Street, Unit F
                                Alhambra, California 91803

The name and address of the Assignee is:

STEPHEN FORDE
1613 Chelsea Road
San Marino, CA 91108

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

CALIFORNIA COMMERCE CLUB, INC.
Plaintiff and Judgment Creditor

by
Authorized Signatory

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES      )

On _July 24, 2017_, before me, _Cynthia Lynn Salsman_, Notary Public, personally appeared _Haig Papaian_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Signature

CYNTHIA LYNN SALSMAN
Commission # 2140034
Notary Public - California
Los Angeles County
My Comm. Expires Apr 9, 2020

(Notary Seal)

**EXHIBIT E**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 08 2017

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
BY CHERYL MASON, DEPUTY

1   MENKE LAW FIRM, APC
    Bruce R. Menke, SBN 116014
2   5000 East Spring Street, Suite 405
    Long Beach, CA 90815
3   Telephone:   (562) 496-4300
    Facsimile:   (562) 496-4500
4
  Attorneys for STEPHEN FORDE,
5   ASSIGNEE OF PLAINTIFF AND
    JUDGMENT CREDITOR
6

7          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

8            SOUTHEAST DISTRICT - NORWALK COURTHOUSE

9   CALIFORNIA COMMERCE CLUB, INC.,     Case No. 07K10959

10              Plaintiff,   [PROPOSED] ORDER CHARGING
                      MEMBERS' INTERESTS IN LIMITED
11   vs.                         LIABILITY COMPANY

12                        [C.C.P. §§ 708.310-320; Corp. Code §
    DAVID C. KWOK, and ELKE COFFEY   17705.03]
13   (KWOK),

14              Defendants.   Date: ~~02/08/2017~~ 11/8/2017
                        Time: 8:30am
15                         Dept: B

16

17       The Motion of Stephen Forde, the Assignee of the Plaintiff and Judgment Creditor,

18   California Commerce Club, Inc., came on regularly for hearing on November 8, 2017, before the

19   Honorable Thomas D. Long, Judge Presiding, in Department SEB of the above-entitled court,

20   with appearances as follows: Bruce R. Menke, Menke Law Firm, APC, appeared for the

21   Assignee, Stephen Forde. Michael D. Luppi

22   appeared for the Judgment Debtors, David C. Kwok and Elke Coffey ("Kwok").

23       The Court having considered the pleadings filed in connection with the Motion and the

24   argument of counsel, and good cause appearing,

25   ///

26   ///

27

28   ~~[PROPOSED]~~ ORDER CHARGING MEMBERS INTERESTS IN LIMITED LIABILITY COMPANY

IT IS ORDERED:

1.     That the interests of David C. Kwok and Elke Coffey (Kwok) in the limited liability companies known as SHORB DCE, LLC and LAS TUNAS DCE, LLC with business addresses at 910 W. Shorb St., Unit F, Alhambra, California, 91803, are hereby charged with the unpaid balance of the Judgment entered in favor of California Commerce Club, Inc., herein on November 13, 2007, which Judgment has been assigned to Stephen Forde, in the sum of $16,952.05 plus interest thereon at the rate of 10% per annum from the date of the Judgment, with the combined principal and accrued interest now totaling $33,673.03;

2.     That based upon the showing that the  the interest of the Judgment Debtors David C. Kwok and Elke Coffey (Kwok) in Shorb DCE, LLC and the interest of Elke Coffey (Kwok) in Las Tunas DCE, LLC cannot be paid within a reasonable time, their interests in Shorb DCE, LLC and Las Tunas DCE, LLC shall be immediately foreclosed upon and sold to the highest bidder at a  public sale.

3.     The Court shall make such other and further orders as are necessary to give effect to this charging order.

Dated:  11/8/07

_____
Thomas D. Long

Judge of the Superior Court

<del>[PROPOSED]</del> ORDER CHARGING MEMBERS INTERESTS IN LIMITED LIABILITY COMPANY

**EXHIBIT F**

JUD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
ERIC MINTZ, SBN #207384
GOLDSMITH & HULL,A.P.C./08000649
16000 VENTURA BLVD STE 900
ENCINO, CA  91436
Encino, CA  91436
TELEPHONE NO.: (818)990-6600    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF, HARVEST CREDIT MANAGEMENT

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 150 W. COMMONWEALTH AVE.
MAILING ADDRESS: same
CITY AND ZIP CODE: ALHAMBRA, CA 91801
BRANCH NAME: NORTHEAST DISTRICT-ALHAMBRA COURTHO

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 05 2008

JOHN A. CLARKE, CLERK

*Karenha*
BY KAREN HA, DEPUTY

PLAINTIFF: HARVEST CREDIT MANAGEMENT VII, LLC

DEFENDANT: DAVID C KWOK

| JUDGMENT | | | CASE NUMBER: |
|---|---|---|---|
| [X] By Clerk | [X] By Default | [ ] After Court Trial | 08C02524 |
| [ ] By Court | [ ] On Stipulation | [ ] Defendant Did Not Appear at Trial | |

JUDGMENT

1. [X] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [X] **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [ ] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):                    [ ] Plaintiff's attorney (name each):
         (1)                                            (1)
         (2)                                            (2)
      [ ] Continued on Attachment 3b.

      [ ] Defendant (name each):                     [ ] Defendant 's attorney (name each):
         (1)                                            (1)
         (2)                                            (2)
      [ ] Continued on Attachment 3b.

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was requested.

PLAINTIFF: HARVEST CREDIT MANAGEMENT VII, LLC
DEFENDANT: DAVID C KWOK

08C02524

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ **THE COURT**  ☒ **THE CLERK**

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☒ for plaintiff *(name each):* HARVEST CREDIT
MANAGEMENT VII, LLC

and against defendant *(names):* DAVID C KWOK

☐ Continued on Attachment 5a.

b. ☐ for defendant *(name each):*

c. ☐ for cross-complainant *(name each):*

and against cross-defendant *(name each):*

☐ Continued on Attachment 5c.

d. ☐ for cross-defendant *(name each):*

6. **Amount.**

a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) ☒ | Damages | $ | 21,093.41 |
| (2) ☒ | Prejudgment interest at the annual rate of 10% | $ | 1,508.32 |
| (3) ☐ | Attorney fees | $ | 0.00 |
| (4) ☒ | Costs | $ | 356.50 |
| (5) ☐ | Other *(specify):* | $ | 0.00 |
| (6) | **TOTAL** | $ | 22,958.23 |

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) ☐ | Damages | $ | 0.00 |
| (2) ☐ | Prejudgment interest at the annual rate of % | $ | 0.00 |
| (3) ☐ | Attorney fees | $ | 0.00 |
| (4) ☐ | Costs | $ | 0.00 |
| (5) ☐ | Other *(specify):* | $ | 0.00 |
| (6) | **TOTAL** | $ | 0.00 |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
☐ Defendant named in item 5b to recover costs $ 0.00
and attorney fees $ 0.00

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
☐ Cross-defendant named in item 5d to recover costs $ 0.00
and attorney fees $ 0.00

7. ☐ Other *(specify):*

Date: ☐ _____

JUDICIAL OFFICER

Date: NOV 0 5 2008     JOHN A. CLARKE
☒ Clerk, by _____ , Deputy
KAREN HA

**CLERK'S CERTIFICATE** *(Optional)*

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____ , Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]          **JUDGMENT**

**EXHIBIT G**

1

**Stephen Forde**

2

1613 Chelsea Road

San Marino, CA 91108

3

P: (818)552-2650

4

F: (818)552-2640

5

In Propria Persona

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

9

COUNTY OF LOS ANGELES

**NORTH VALLEY DISTRICT - CHATSWORTH COURTHOUSE**

10

11

**HARVEST CREDIT** | CASE № | **CHA08CV2524**

12

**MANAGEMENT VII, LLC,**

Plaintiff, | **ACKNOWLEDGEMENT OF**

13

| **ASSIGNMENT OF JUDGMENT**

14

v.

Judge:

15

| Dept.:

**DAVID C. KWOK,**

16

Defendant. | Complaint filed: **July 11, 2008**

Judgment entered: **November 5, 2008**

17

18

TO THE COURT AND ALL INTERESTED PARTIES:

19

PLEASE TAKE NOTICE that the Plaintiff and Judgment Creditor, HARVEST CREDIT

20

MANAGEMENT VII, LLC, does hereby acknowledge assignment to STEPHEN FORDE of all

21

right, title, and interest in and to the Judgment against Defendant and Judgment Debtor DAVID C.

22

KWOK for Breach of Contract, entered and filed in this matter on November 5, 2008 in the amount

23

of $22,958.23, and all post-judgment interest. The above-mentioned Assignment has been made

24

pursuant to an Agreement for Assignment and Purchase of Judgment executed June 26, 2017.

25

The name and address of the Judgment Creditor is:

26

27

Harvest Credit Management VII, LLC

1776 North Lincoln Street

28

Denver, Colorado 80203

*Harvest Credit Management VII, LLC  v. Kwok*    **- 1 -**    Case № CHA08CV2524

ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT

1

2   The name and last known address of the Judgment Debtor is:

3       DAVID C. KWOK
        910 West Shorb Street, Unit F
        Alhambra, California 91803

4

5   The name and address of the Assignee is:

6       STEPHEN FORDE
        1613 Chelsea Road
7       San Marino, CA 91108

8

9       I declare under penalty of perjury under the laws of the State of California that the foregoing

10  is true and correct.

11
                                    Plaintiff and Judgment Creditor
12                                  **HARVEST CREDIT MANAGEMENT VII, LLC.**

13

14                                  By **DAVID RAVIN**
                                    General Manager and Authorized Signatory
15

16

17  STATE OF COLORADO  )
18  COUNTY  OF  DENVER  )

19  The foregoing instrument was acknowledged before me this June 26, 2017

20  by DAVID RAVIN, General Manager of HARVEST CREDIT MANAGEMENT VII, LLC, a Colorado limited

21  liability company, on behalf of that entity.

22

23  _Notary's Official Signature_

24

25  March 30, 2021
    _Commission Expiration_

26                                                          _(Notary Seal)_

27

28

VANESA MARTINEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174013950
MY COMMISSION EXPIRES MARCH 30, 2021

**EXHIBIT H**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 15 2017

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy

1  **MENKE LAW FIRM, APC**
   Bruce R. Menke, SBN 116014
2  5000 East Spring Street, Suite 405
   Long Beach, CA 90815
3  Telephone:   (562) 496-4300
   Facsimile:   (562) 496-4500
4
   Attorneys for STEPHEN FORDE,
5  ASSIGNEE OF PLAINTIFF AND
   JUDGMENT CREDITOR
6
7          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
8            NORTH VALLEY DISTRICT - CHATSWORTH COURTHOUSE

9  HARVEST CREDIT MANAGEMENT VII,   |  Case No. CHA08CV2524
   LLC,
10                                   |  [~~PROPOSED~~] ORDER CHARGING
                                     |  MEMBER'S INTEREST IN LIMITED
11             Plaintiff,            |  LIABILITY COMPANY
12 vs.                              |  [C.C.P. §§ 708.310-320; Corp. Code §
                                     |  17705.03]
13 DAVID C. KWOK,                    |
14             Defendant.            |  Date: ~~October 27, 2017~~ NOV 15 2017
                                     |  Time: 8:30AM
15                                   |  Dept: F43
16

17     The Motion of Stephen Forde, the Assignee of the Plaintiff and Judgment Creditor,

18 Harvest Credit Management VII, LLC, came on regularly for hearing on October 27, 2017,

19 before the Honorable ~~Graciela Freixes~~, Judge/~~Commissioner~~ Presiding, in Department F43 of the
   **RICK BROWN**

20 above-entitled court, with appearances as follows: Bruce R. Menke, Menke Law Firm, APC,

21 appeared for the Assignee, Stephen Forde. _____ ~~appeared for the~~ Judgment

22 Debtor, David C. Kwok. *appeared in pro per.*

23     The Court having considered the pleadings filed in connection with the Motion and the

24 argument of counsel, and good cause appearing,

25     IT IS ORDERED:

26     1.     That the interest of David C. Kwok in the limited liability company known

27
28
   _____
   [PROPOSED] ORDER CHARGING MEMBER'S INTEREST IN LIMITED LIABILITY COMPANY

1   as SHORB DCE, LLC whose address is 910 W. Shorb St., Unit F, Alhambra, California, 91803,

2   is hereby charged with the unpaid balance of the Judgment entered in favor of Harvest Credit

3   Management VII, LLC, herein on November 5, 2008, which Judgment has been assigned to

4   Stephen Forde, in the sum of $22,958.23, plus interest thereon at the rate of 10% per annum from

5   the date of the Judgment, with the combined principal and accrued interest now totaling

6   $43,281.57;

7           2.      That based upon the showing that the  the interest of the Judgment Debtor

8   David C. Kwok in Shorb DCE, LLC cannot be paid within a reasonable time, his interest in

9   Shorb DCE, LLC shall be immediately foreclosed upon and sold to the highest bidder at a public

10  sale.

11          3.      The Court shall make such other and further orders as are necessary to give

12  effect to this charging order.

13  Dated:  NOV 15 2017                    *Rick Brown*  **RICK BROWN**
                                            JUDGE/~~COMMISSIONER~~ OF THE
14                                          SUPERIOR COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER CHARGING MEMBER'S INTEREST IN LIMITED LIABILITY COMPANY

**EXHIBIT I**

1 | PETER E. RONAY, ESQ.
2234 East Colorado Boulevard
2 | Pasadena, California 91107-3608
Phone: (626) 792-4730
3 | Fax:    (626) 792-3020

**FILED**
LOS ANGELES SUPERIOR COURT

4 | State Bar Number: 45846

JAN – 6 2010

5 | Attorney for Plaintiff PETER WONG

JOHN A. CLARKE, CLERK

6 |

BY GERALD BERNI, DEPUTY

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES, NORTHEAST DISTRICT

10 | PETER WONG,                              CASE NO: GC041324

11 |            Plaintiff,                    [~~PROPOSED~~]

12 | and                                      JUDGMENT AFTER TRIAL BY COURT

13 | DAVID KWOK and ELKE L. COFFEY            Date of Trial: October 22, 2009
                                             Time: 10:15 am
14 |            Defendant.                    Dept: NE S

15 |                                          Honorable Joseph F. De Vanon, Judge
                                             Presiding

16 |

17 |    This matter came on regularly for Trial on October 22, 2009 at 10:00 am in Dept. S in the

18 | above entitled court, the Honorable Joseph F. De Vanon, Judge Presiding.  Peter E. Ronay

19 | appeared as attorney for Plaintiff Peter Wong who was personally present.  David Kwok and Elke

20 | L. Coffey, defendants, appeared in pro per.

21 |    The parties having each been sworn and testified and exhibits having been identified and

22 | entered, the parties having made final argument, the matter was submitted.

23 |    The Court, having taken the matter under submission and having ruled on the submitted

24 | matter pursuant to Minute Order of November 2, 2009, determines:

25 |    NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED THAT,

26 |    1.    Plaintiff Peter Wong have judgment as against Defendants David Kwok and Elke

27 | L. Coffey jointly and severally for the following:

28 |        (a)    Principal amount of $88,800.

7

1        (b)    Prejudgment interest in the amount of $21,075.20.

2        (c)    Costs in the amount of $3,055.61.

3        (d)    Attorney fees in the amount of $12,212.70.

4        (e)    Total judgment of $125,143.51.

5

6    Dated: 1|6|18

7                           JUDGE OF SUPERIOR COURT

8                           Joseph F. De Vanon

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

JUDGMENT AFTER TRIAL BY COURT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the County aforesaid; I am over the age of 18 and not a party to the within action; my business address is 2234 East Colorado Boulevard, Pasadena, California, 91107.

On November 10, 2009, I served the foregoing document described as: [PROPOSED] JUDGMENT AFTER TRIAL BY COURT on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Pasadena, California addressed as follows:

David Kwok and Elke Coffey
910 W. Shorb St., #F
Alhambra, CA 91803

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service and that the foregoing document was placed for collection and mailing in accordance with ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 10, 2009, at Pasadena, California.

_CARL CARELLA_

**EXHIBIT J**

1  **Stephen Forde**
2  1613 Chelsea Road
   San Marino, CA 91108
3  P: (818)552-2650
4  F: (818)552-2640

5
6  In Propria Persona

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 FOR THE COUNTY OF LOS ANGELES
              **NORTHEAST DISTRICT - PASADENA COURTHOUSE**
10

| | |
|---|---|
| 11 **PETER WONG,** | CASE №      **GC041324** |
| 12       Plaintiff, | **ACKNOWLEDGEMENT OF** |
| 13    v. | **ASSIGNMENT OF JUDGMENT** |
| 14 **DAVID KWOK and ELKE L. COFFEY,** | Judge:    **Honorable Joseph F. De Vanon** |
| 15       Defendants. | Dept.:    NE S |
| 16 | Complaint filed:    **August 15, 2009** |
| 17 | Judgment entered:    **January 6, 2010** |

18  TO THE COURT AND ALL INTERESTED PARTIES:

19       PLEASE TAKE NOTICE that the Plaintiff and Judgment Creditor, PETER WONG, does hereby

20  acknowledge assignment to Stephen Forde of all right, title, and interest in and to the Judgment against

21  Defendants and Judgment Debtors DAVID KWOK and ELKE L. COFFEY for their Breach of Contract,

22  entered and filed in this matter on January 6, 2010 in the amount of $125,143.51 and all post-judgment

23  interest. The above Assignment has been made pursuant to an "Agreement for Assignment and Purchase

24  of Judgment" dated   November 25, 2017.

25

26       The name and address of the Judgment Creditor is:

27           PETER WONG
            1507 Marguerita Avenue, Unit C
28           Alhambra, California 91803

---

*Wong v. Kwok, et al.*         - 1 -         Case № GC041324
ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT

1    The names and last known addresses of the Judgment Debtors are:

2        DAVID KWOK                          ELKE L. COFFEY
         912 West Shorb Street, Unit A       912 West Shorb Street, Unit A
3        Alhambra, California 91803          Alhambra, California 91803

4    The name and address of the Assignee is:

5        STEPHEN FORDE
6        1613 Chelsea Road
         San Marino, California 91108
7

8    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

9    correct.

10

11                                          _____
                                            PETER WONG,
12                                          Plaintiff and Judgment Creditor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ACKNOWLEDGMENT

STATE OF NEVADA

COUNTY OF CLARK

On 11/25/2017 before me, KEITH LEAH
(DATE)                          NAME, TITLE OF OFFICER E.G. NOTARY PUBLIC          , personally appeared

PETER WONG
_____
NAME(S) OF SIGNERS

_____ personally known to me - or - ✓ proved to me on the basis of satisfactory evidence to be the person(s) whose

name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in

his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the

entity upon behalf of which the person(s) acted, executed the instrument.

```
╔═══════════════════════════╗
║  KEITH LEAH               ║
║  NOTARY PUBLIC            ║
║  STATE OF NEVADA          ║
║  My Appt. Exp. Aug. 5, 2019║
║  No. 11-5485-5            ║
╚═══════════════════════════╝

        NOTARY SEAL
```

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

MY COMMISSION EXPIRES ON:

Description of Attached Document:

Title or Type of Document: ASSIGNMENT OF JUDGEMENT

Document Date: 11/25/17          Number of Pages: 3

Signers Other Than Named Above: _____

"GENJURAT" 3/11/97 PN

**EXHIBIT K**

2

1          MR. KWOK:  I'm sorry?

2          MR. MAROKO:  Can you state your full name.

3          MR. KWOK:  David Kwok.

4               ELKE COFFEY - WITNESS - SWORN

5          MR. MAROKO:  And what's your name?

6          MS. COFFEY:  Elke Lorraine Coffey.

7          MR. MAROKO:  Okay.  This petition was signed by

8   Mr. Kwok.  So he's going to be the primary person answering

9   the questions, but you're under oath as well.  Each of you

10  has given me your driver's license which bears a likeness,

11  and I'm returning each of them to you.

12         Mr. Kwok, what is your capacity to be here on

13  behalf of Shorb DCE?  What's your relationship to the

14  company?

15         MR. KWOK:  I'm the -- I'm the stockholder, 100

16  percent.

17         MR. MAROKO:  Hundred percent?

18         MR. KWOK:  Yes.

19         MS. COFFEY:  Hundred percent?

20         MR. KWOK:  Now it's 90.

21         MR. MAROKO:  Okay.  And, Ms. Coffey, what's your

22  capacity here?

23         MS. COFFEY:  I'm 10 percent owner.

24         MR. MAROKO:  Now, Mr. Kwok, you've had medical

25  issues, which is one of the reasons we continued this

*Echo Reporting, Inc.*

5

1        MR. MAROKO:  And is that filed with the Court?

2        MR. TANG:  Yes.

3        MR. MAROKO:  So I'm going to look -- I'm going to

4  have you answer questions based on two things.  One is the

5  date that you filed the petition, and then now -- and then

6  we're going to look at it as we sit here today.  Okay.

7        So let's start with the first thing.  Why did you

8  file this bankruptcy case?

9        MR. KWOK:  Why did I file the bankruptcy case?

10        MR. MAROKO:  Uh-huh.

11        MR. KWOK:  The reason why I filed it was because I

12  got -- they're foreclosing me.

13        MR. MAROKO:  Okay.

14        MR. KWOK:  (Indiscernible).

15        MR. MAROKO:  Okay.  And they're foreclosing on

16  which property?

17        MR. KWOK:  On both of them.

18        MR. MAROKO:  910 West Shorb and 912 West Shorb?

19        MR. KWOK:  It's in the -- it's only one property.

20  It's two address, 910 and 912.

21        MR. MAROKO:  So they're foreclosing on both of

22  those?

23        MR. KWOK:  Yes.

24        MR. MAROKO:  Is the only real property asset that

25  Shorb owns this 910 and 912 West Shorb Street property?

10

1          MR. KWOK:  April 6th --

2          MR. MAROKO:  April 6th --

3          MS. COFFEY:  -- there's -- we have nine tenants.

4   There's nine units that are occupied, nine tenants.

5          MR. MAROKO:  And that's $10,700?

6          MS. COFFEY:  Ten thousand one hundred and ten I

7   believe or nine units, and then we occupy two units.  He has

8   his own, and I have my own.

9          MR. MAROKO:  Okay.  Are you paying any rent on

10  your unit?

11         MS. COFFEY:  We're managers.  We don't pay any

12  rent, but as of now, he's vacated the number F, and we're

13  fixing it up to rent out to create some more income.

14         MR. MAROKO:  So number F is vacated?

15         MS. COFFEY:  Yes.  It's getting fixed up right

16  now.

17         MR. MAROKO:  Okay.  Unit F is the primary address

18  here of the Debtor?

19         MR. KWOK:  Right.

20         MR. MAROKO:  So if it needs to be changed, you

21  need to change that.

22         MR. KWOK:  Okay.

23         MS. COFFEY:  It's getting fixed up.

24         MR. KWOK:  Yeah, we'll change that.

25         MR. MAROKO:  And --

11

1          MS. COFFEY:  It's not ready -- it's not ready to

2  go out yet.

3          MR. MAROKO:  All right.  Are the nine units on

4  lease or on a month to month?

5          MR. KWOK:  Yes, on a month to month.

6          MR. MAROKO:  On a month to month?

7          MR. KWOK:  Yes, on a month to month.

8          MR. MAROKO: Okay.  And is there a managerial

9  contract with you to occupy the unit?

10          MR. KWOK:  No.

11          MS. COFFEY:  Yes, we have a -- we do have a

12  managerial -- we do have a rental agreement, a management

13  agreement, yeah.  Once we filed for bankruptcy --

14          MR. MAROKO:  Okay.  What's the fair rental value

15  of your unit?

16          MR. KWOK:  Which unit are you --

17          MS. COFFEY:  The unit that he's -- the deal with

18  me now, we're paying $400 a month, and we're managers.

19  So --

20          MR. MAROKO:  When you were renting -- well, you

21  were renting out F.  So what's the fair rental of that unit?

22          MR. KWOK:  Oh, $1200.

23          MS. COFFEY:  Oh, for F?  That's -- how much is F

24  were he to rent it out for?

25          MR. KWOK:  About $1200.

22

1  was doing a lot of repairs on the building.  Some of the

2  money would go for that.  The money would go for repairs.

3  So it wasn't like that we had -- that we kept $60,000.  It

4  was just that -- it just went out.

5         MR. MAROKO:  And can you give me a full accounting

6  of all the money that was back from the rents within the

7  period before the bankruptcy?

8         MS. COFFEY:  We don't --

9         MR. KWOK:  (Indiscernible).

10         MS. COFFEY:  Some of the --

11         MR. MAROKO:  They said they have written

12  documentation.  I would like to see --

13         MS. COFFEY:  We don't -- we don't -- we just -- we

14  spent money on the building.

15         MR. MAROKO:  You filed a bankruptcy with zero

16  dollars in the bank account.  That's what it says on your

17  bankruptcy schedule.

18         MR. TANG:  Well, we amended.  It was amended.

19  There was $86 or $107, something like that.

20         MR. MAROKO:  Okay.  I need an accounting for the

21  $60,000 plus that the received when they stopped paying

22  rent.

23         MS. COFFEY:  Mr. Tang, could you send me a copy of

24  that as well.

25         MR. MAROKO:  And you can do that within a week,

26

1    MR. MAROKO:  Okay.  Let's go back to the corporate

2 structure.  On the date of the filing on April 6th did you

3 own 75 percent of the stock?

4    MR. KWOK:  Yes.

5    MR. MAROKO:  Or 100 percent of the stock?

6    MR. KWOK:  Seventy-five percent.

7    MS. COFFEY:  Seventy-five.

8    MR. TANG:  He's disputing -- he dispute that 75 is

9 legal (indiscernible) 75 percent and 25 percent Curt Wang,

10 but they dispute that.  They had an agreement with

11 themselves the bank --

12    MR. MAROKO:  Who has access to the minute book?

13    MS. COFFEY:  To the what book?

14    MR. MAROKO:  The minute book of this corporation.

15    MR. TANG:  The minute book --

16    MR. MAROKO:  You made a transaction where you have

17 (indiscernible) --

18    MS. COFFEY:  He has.  He has the copy.

19    MR. MAROKO:  All right.  So you have all the

20 minutes?

21    UNIDENTIFIED SPEAKER:  They never kept minutes

22 previously.  But there was a binder.

23    MR. MAROKO:  So was there a written agreement with

24 this Mr. Wang for -- that he was going to be the manager?

25    MS. COFFEY:  Yes, there's a written agreement.

36

1  the picture, what year?

2        MS. COFFEY:  2014?

3        MR. KWOK:  2014.

4        MR. MAROKO:  So at the same time that James Wang

5  refinanced it was --

6        MS. COFFEY:  No, no, no, way before.  Way way

7  before.

8        MR. KWOK:  Way before.

9        MS. COFFEY:  Way way before.  No, he only came in

10  in like 2000 --

11        MR. MAROKO:  What was the money he gave used for?

12        MR. KWOK:  Thirty-nine thousand dollars.

13        MR. MAROKO:  What was the money used for?

14        MR. KWOK:  That --

15        MS. COFFEY:  For just --

16        MR. KWOK:  For the payments and --

17        MS. COFFEY:  It's under an LLC, but actually David

18  owns 100 percent.  So he uses the -- he just uses the money

19  the way he feels he should -- he uses the money.

20        MR. MAROKO:  Was the money used on the --

21        MS. COFFEY:  For Shorb.

22        MR. MAROKO:  -- on Shorb or --

23        MS. COFFEY:  Yeah.

24        MR. MAROKO:  -- was it used personally?

25        MR. KWOK:  No.  On Shorb.

50

1        MS. UNRUH:  Okay.

2        MR. KWOK:  You can yell at me.  That's fine.

3        MS. UNRUH:  Thank you.  Okay.  Now that you've

4  opened the Debtor in Possession account --

5        MR. KWOK:  Right.

6        MS. UNRUH:  -- prior to that time --

7        MR. KWOK:  Yes.

8        MS. UNRUH:  -- did you ever have a separate

9  checking account into which the rent money was deposited?

10        MR. KWOK:  No.

11        MS. UNRUH:  Thank you.  Okay.  What did you do

12  with the rent money during that period of time, before this

13  filing and before the DIP account was opened?

14        MR. KWOK:  Yes.

15        MS. UNRUH:  What did you do with the rent money?

16  It was paid to you all in cash?

17        MR. KWOK:  Some cash and some checks.

18        MS. UNRUH:  Okay.  What did you do with the money

19  if it was paid to you in cash?  Did you put it in a safe in

20  your house?  What did you do with it?

21        MR. KWOK:  What did I do with it?

22        MS. UNRUH:  Yeah, how --

23        MR. KWOK:  I make payment.

24        MS. UNRUH:  You just hang onto it?

25        MR. KWOK:  Yeah, I hang onto it, right.

51

1    MS. UNRUH:  What do you do with the checks, the

2  rent checks that are paid to you?

3    MR. KWOK:  I cash it, and I hang onto the money.

4    MS. UNRUH:  Okay.  And then you pay it as needed?

5    MR. KWOK:  Right, right, uh-huh.

6    MS. UNRUH:  All right.  Did you have a bank

7  account or savings account that you maintained for tenant

8  security deposits?

9    MR. KWOK:  No.

10    MS. UNRUH:  Okay.

11    MR. KWOK:  Some of those deposits -- security

12  deposits was like 30 years old.

13    MS. UNRUH:  Okay.

14    MR. KWOK:  So we just go by their rental

15  agreement.

16    MS. UNRUH:  Okay.  So you didn't have any separate

17  account.  It's merely you getting the cash?

18    MR. KWOK:  I know what you're trying to get, yeah.

19    MS. UNRUH:  In terms of the insurance on the

20  property, are you using Traveler's Insurance policy which I

21  believe is liability insurance, is that correct?

22    MR. KWOK:  Traveler's?

23    MS. COFFEY:  Yeah, we have Traveler's insurance on

24  the property.

25    MS. UNRUH:  Is that liability only or is that --

55

1        MR. KWOK: At that time -- at that time -- at that

2   time I using the money -- I got dental because I just had my

3   Medicare --

4        MS. COFFEY: Oh, yeah, I forgot about that.  Oh, I

5   forgot about that.

6        MR. KWOK: I just had my Medicare.

7        MS. COFFEY: All that money's medical and dental

8   and --

9        MS. UNRUH: So you took medical expenses for

10  yourself?

11       MR. KWOK: Yes, and dental.

12       MS. UNRUH: Dental expenses?

13       MR. KWOK: Yeah, legal.

14       MS. COFFEY: Legal.

15       MS. UNRUH: Living expenses, just general living?

16       MR. KWOK: Yeah.

17       MS. UNRUH: So that over -- that took the rest of

18  the surplus each month.  So you couldn't necessarily fix up

19  anything because you just had your own living expenses to

20  satisfy?

21       MS. COFFEY: We fixed units when they needed to be

22  done.

23       MR. KWOK: We just had to maintain the unit.

24  These units like the '60s.

25       MS. COFFEY: Well, he would spend money -- we

64

1    MR. KWOK:  I missed --

2    MS. UNRUH:  Separate source of income other than

3 the rents from Shorb.

4    MR. KWOK:  No.

5    MS. UNRUH:  No?

6    MR. KWOK:  No.

7    MS. COFFEY:  Just Social Security now.

8    MS. UNRUH:  How much is Social Security?  Do you

9 have an approximate amount per month?

10    MS. COFFEY:  It just kicked in.

11    MR. KWOK:  Nine hundred dollars.

12    MS. COFFEY:  Yeah, so his --

13    MR. KWOK:  Nine hundred dollars.

14    MS. COFFEY:  -- situation's better because he has

15 his Social Security and --

16    MR. KWOK:  I used to -- I used to sell real estate

17 and Curt Wang and I were partners.  We go back 30 years ago.

18    MS. UNRUH:  Okay.

19    MS. COFFEY:  And that was always okay for Curt

20 Wang.  Whatever -- the money coming in is not a problem for

21 David to use the money.  He doesn't have any issues with

22 that.  As you can see, he even put $60,000 on the Shorb just

23 to take care of some business that needed to take care of.

24 So it's an internal issue where the money's spent, and it's

25 okay with him.

65

1       MS. UNRUH:  Okay.

2       MS. COFFEY:  There's not an issue with Curt.

3       MR. KWOK:  No.

4       MS. UNRUH:  Okay.  Thank you.

5       MS. COFFEY:  Curt doesn't care about --

6       MR. MAROKO:  Let me ask you some more questions.

7       MR. KWOK:  Sure.

8       MR. MAROKO:  Is there a book that you have that

9  indicates when a tenant pays rent?  So you're able to mark

10 in the book saying tenant unit one paid rent for this --

11      MS. COFFEY:  No.

12      MR. KWOK:  No.

13      MS. COFFEY:  No.

14      MR. MAROKO:  So you have no written records --

15      MR. KWOK:  No.

16      MR. MAROKO:  -- whatsoever of the --

17      MS. COFFEY:  No.  They just -- they've been there

18 for 30 years.  They've been there -- they pay the --

19      MR. KWOK:  They drop it off in my mailbox, you

20 know.

21      MS. COFFEY:  Everybody pays.

22      MR. KWOK:  They pay their rents --

23      MS. COFFEY:  Everybody's paid up.  We can tell you

24 everybody's paid up.

25      MR. MAROKO:  So you have no business records at

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1631 N. Towne Ave., Pomona, CA 91767

A true and correct copy of the foregoing document entitled (specify): Supplemental Declaration Of Stephen Forde In Support Of Motion For Relief From Automatic Stay

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 01/02/2018         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On (date) 01/02/2018         , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor's Agent For Service Of Process: David Kwok, 910 W. Shorb Ave., Unit F, Alhambra, CA 91803
Attorney For Debtor: Kevin Tang, 601 S. Figueroa St, Suite 4050, Los Angeles, CA 90071

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 01/02/2018         , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/02/2018 | Yvonne Espeluacin | X _(signature)_ |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

June 2012

# Mailing Information for Case 2:17-bk-14240-BR

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;kmccarney@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com