Howard M. Ehrenberg (CA State Bar No. 125527)
  *hehrenberg@sulmeyerlaw.com*
Steven F. Werth (CA State Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for
John J. Menchaca, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:17-bk-14240-BR |
| SHORB DCE, LLC, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY STEPHEN FORDE** |
| | Date:      January 23, 2018<br>Time:      2:00 p.m.<br>Place:     Courtroom 1668<br>               Roybal Federal Building<br>               255 East Temple Street<br>               Los Angeles, California  90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND ITS COUNSEL, STEPHEN FORDE, AND PARTIES ENTITLED TO NOTICE:**

John J. Menchaca, ("Trustee") the duly-appointed and acting Chapter 7 trustee of the bankruptcy estate ("Estate") of Shorb DCE, LLC ("Debtor"), hereby opposes the "Notice Of Motion And Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (Action In Nonbankruptcy Forum)" [Docket No. 119] (the "Motion") filed by Stephen Forde ("Forde"). Through the Motion, Forde, who is not a creditor of the Estate but is a creditor of the principals of the Debtor, seeks relief from the automatic stay in three actions pending in the Los Angeles County Superior Court (as specifically identified on the "Page 3a Attachment" to the Motion, the

1   "State Court Litigation")--to accomplish what appears to be two goals:  (1) to appoint a receiver

2   for the Debtor, and (2) to "show that a claim against the principal(s) is a claim against Shorb."

3   Motion, Points and Authorities, 2:11).

4   The Trustee opposes the Motion to the extent Forde seeks relief from stay to appoint a

5   receiver.  To the extent that Forde also seeks relief from stay to assert an alter ego claim in the

6   State Court Litigation, the Trustee does not oppose relief from stay.  However, as discussed below,

7   it may be that Forde does not seek to obtain such a ruling in the State Court Litigation, but desires

8   only to use evidence of "alter ego" in order to establish cause to grant the Motion.  For the reasons

9   discussed below, the Trustee requests that the Court deny the motion except to permit Forde to

10   seek an alter ego ruling in the State Court Litigation.

### 1.    Relief From Stay Should Not Be Granted To Appoint A Receiver

12   11 U.S.C. § 105(b) states that "Notwithstanding subsection (a) of this section, a court may

13   not appoint a receiver in a case under this title."  11 U.S.C. § 105(b).  The Congressional record

14   indicates that relief along these lines may be sought by the appointment of a trustee:

> "Second, the bankruptcy judge is prohibited from appointing a receiver in
> a case under title 11 under any circumstances.  The bankruptcy code has
> ample provision for the appointment of a trustee when needed.
> Appointment of a receiver would simply circumvent the established
> procedures."

19   S. Rep. No. 989, 95th Cong., 2d Sess. 26 (1978); 2 COLLIER ON BANKRUPTCY ¶ 105.06, at

20   105-87 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  As such, this Court does not have

21   the power to appoint a receiver over the Debtor, even if such appointment would be a good idea,

22   which it is not.  The Trustee is already the Chapter 7 Trustee of the Estate, and already will

23   "control and properly disburse any remaining proceeds from the sale of the property" which is

24   stated grounds for appointment of a receiver.  Motion, Points And Authorities, 2:14-16.  To the

25   extent that Forde seeks to oppose any final report the Trustee files in this case, Forde is free to do

26   so.

27   Forde's concern regarding the possibility of a distribution being made to equity prior to the

28   resolution of any claim disputes (Motion, Points And Authorities, 6:16) is misplaced, as the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   Trustee will not file his final report until all claims disputes are resolved.  Certain of those claims

2   disputes will involve Forde, as Forde already anticipates (Motion, Points And Authorities, 6:17),

3   as Forde's claims in the State Court Litigation are asserted against the Debtor's principals, and not

4   against the Debtor itself.

5           **2.       Relief From Stay Regarding Alter Ego Litigation**

6           Forde asserts, in the Motion, that he "will show that a claim against the principal(s) is a

7   claim against Shorb."  Motion, Points And Authorities, 2:12.  He also states that his claims against

8   the Debtor's principals should be charged against the Debtor.  Motion, Points And Authorities, 4:9.

9   It is not clear from reading the Motion, however, that Forde has actually asserted an alter ego

10  claim in the State Court Litigation.  Paragraphs 2.d and 5.d. of the Motion, which identify causes

11  of action in the State Court Litigation, do not identify any alter ego cause of action.  Motion,

12  ¶¶2.d., 5.d.

13          Nor is it clear that Forde intends to bring any alter ego cause of action in the State Court

14  Litigation.  Forde states that he desires to appoint a receiver "based on an alter ego theory."

15  Motion, Points and Authorities, 4:12.  Forde also urges this Court to grant the Motion "Applying

16  an alter ego theory"  Motion, Points and Authorities, 6:6.  Forde's statements suggest that he is

17  raising the alter ego issue not to obtain a determination of that issue, but to achieve some other

18  purpose, such as the appointment of a receiver.

19          Forde has filed numerous claims against the Estate—totaling approximately $362,250—all

20  of which are disallowable unless Forde prevails in an alter ego theory in the State Court Litigation.

21  This Court is not the proper forum to decide whether or not Forde should prevail on his alter ego

22  claim.  As such, the Trustee is not opposed to Forde being granted a brief period of time to seek to

23  obtain this ruling in the State Court Litigation.  To the extent that Forde does not take this action

24  promptly in the State Court Litigation, the Trustee will move to disallow Forde's claims so that the

25  Trustee can administer this Estate and close this case.

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  DATED:  January 9, 2018

**Sulmeyer**Kupetz
A Professional Corporation

By: _____
    Steven F. Werth
    Attorneys for John J. Menchaca
    Chapter 7 Trustee

SFW\ 2618050.1

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY STEPHEN FORDE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 9, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 9, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2018 | Kelli Mccamey | /s/ Kelli Mccamey |
|---|---|---|
| Date | Printed Name | Signature |

SFW\ 2605022.1 1/9/2018 (2:09 PM) This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

Shorb DCE, LLC
910 Shorb St Unit F
Alhambra, CA  91803-2448

Kevin Tang, Esq.
601 S Figueroa St Ste 4050
Los Angeles, CA  90017-5879

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA  90017-3560

Curt Wang
802 E Mission Rd
San Gabriel, CA  91776-2716

East West Bank
1001 Fair Oaks Ave
South Pasadena, CA  91030-3309

East West Bank
135 N Los Robles
Pasadena, CA  91101-1758

Elke Coffey
912 Shorb St Unit A
Alhambra, CA  91803-2445

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA  95812-2952

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346

James Wang
802 E Mission Rd
San Gabriel, CA  91776-2716

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles, CA  90054-0110

Los Angeles County Tax Collector
225 N Hill St
Los Angeles, CA  90012-3253

Law Offices of Tom C Tsay Inc
208 E Valley Blvd Ste C
San Gabriel, CA  91776-6514

William Wright
404 North Del Mar Ave
San Gabriel , CA  91775-2926

John J. Menchaca
Menchaca & Company LLP CPA
835 Wilshire Blvd., Ste. 300
Los Angeles, CA  90017

Stephen Forde
1613 Chelsea Road
San Marino, CA  91108

SFW\ 2605022.1 1/9/2018 (2:09 PM) This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District
of California.

June 2012                                                                                                 **F 9013-3.1.PROOF.SERVICE**