Stephen Forde
1613 Chelsea Road
San Marino, CA 91108
Tel (818) 552-2650, Fax (818) 552-2640

FILED
JAN 16 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

Movant

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re

SHORB DCE, LLC,

            Debtor

Chapter 7

Case No. 2:17-bk-14240 BR

**REPLY OF STEPHEN FORDE TO TRUSTEE'S OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DEBTOR'S JOINDER TO THE OPPOSITION**

Date: January 23, 2018
Time: 2:00 P.M.
Ctrm: 1668 Roybal

Movant Stephen Forde hereby submits his reply to the Chapter 7 Trustee's opposition to his pending motion for relief from automatic stay, as set forth below.

Date: 1/13/18            _/s/ Stephen Forde_
                         Stephen Forde
                         Movant

1

**ARGUMENT**

The Trustee, in his opposition to the pending motion for relief from the automatic stay, is either demonstrating a fundamental misunderstanding of the issues involved or is attempting to cloud those issues to influence the Court's ruling.

The Trustee has suggested that Forde is asking the Bankruptcy Court to appoint a receiver for the Debtor, and even cites 11 U.S.C. §105(b) for the proposition that the Court is prohibited from appointing a receiver in a bankruptcy case. That suggestion requires two responses. First, had the Trustee actually read the motion, he would have known that Forde is seeking relief from stay to bring an action *in the state court* that could result in the appointment of a receiver *under state law*. Second, if Forde was seeking the appointment of a receiver in the Bankruptcy Court, he would have simply filed such a motion in the Bankruptcy Court. Surely the Trustee knows that filing a motion in a bankruptcy case does not require relief from the stay.

Property interests are defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Butner v. U.S. (1979) 440 U.S. 48, 55. See also Costas v Edward Dittlof Revocable Trust, et al (In re Costas), 555 F. 3d 790, 793 (9th Cir. 2009).

Forde does not seek to interfere with the Trustee performing his statutory duties under the Bankruptcy Code. He

2

wants to proceed with the pending actions in the state court. His motions for charging orders filed in the Superior Court were brought pursuant to California Code of Civil Procedure §708.310-320 and Corporations Code §17705.03(a). CCP §708.320 states that the charging order creates a lien on the interest of the partner or member in the partnership or limited liability corporation.

His motions for charging orders have been granted and those orders are now in effect. Corp. Code §17705.03(b)(1) allows the state court to appoint a receiver of the distributions subject to the charging order, to the extent necessary to effectuate the collection of distributions pursuant to a charging order.

Any distribution to the Debtor from the sale of the Shorb property is subject to the charging orders. A receiver, appointed for the limited purpose of receiving the distribution from the Chapter 7 Trustee, will be able to control any such funds until a final determination is made by the Superior Court.

If the pending state court actions brought by Forde have not been resolved before the Trustee deems it appropriate to disburse the remaining sale proceeds, a receiver appointed by the state court for the limited purpose of receiving and holding those funds could do so until the state court determines the ownership of Debtor. The receiver would not exercise any control over Debtor beyond that limited purpose. By the time that happens, the Chapter 7 case would be, for all significant purposes, done. The Trustee would still need to

3

perform some administrative duties and wind down the case, but the existence of the state court appointed receiver would have no meaningful impact on either the estate or the Trustee's performance of his duties.

Forde is also seeking to set judgment sales of the member interests to be conducted by the Los Angeles County Sheriff's Office pursuant to the applicable provisions of the California Code of Civil Procedure $701.510 et seq. While this action would not constitute a violation of the stay in the case, Forde requests that the order granting relief from stay include a finding that there would be no violation.

The Trustee states that Forde's motion is unclear as to whether an alter ego claim has been asserted in the state court. He also states that "...it may be that Forde does not seek to obtain such a ruling in the State Court Litigation, but desires only to use evidence of 'alter ego' in order to establish cause to grant the Motion." If the Trustee could provide an explanation of what that statement is supposed to mean, Forde would be better prepared to address it. But it really doesn't matter what the state court action does, or will, involve. It is clear that the actions are based on state law, and they are better addressed in the state court.

Forde is seeking relief to go into the state court to deal with issues of state law that will have no impact on the estate, the Trustee, or the exercise of his role in the bankruptcy case. It could be argued that relief from stay isn't even necessary to proceed in the state court, but state court judges are often reluctant to proceed once the word

4

1 "bankruptcy" is uttered. An order for relief form stay is
2 necessary.
3     The Trustee indicates that there will be objections to
4 Forde's claims filed in this case. Forde will address any such
5 objections when and if they are filed. An "alter ego" theory
6 would become relevant at that time. But the validity of any
7 claims filed in the case are irrelevant to the motion for
8 relief from stay. The "alter ego" theory was only raised to
9 give the Court some background to the case.
10
11                   **DECLARATION OF STEPHEN FORDE**
12     I, Stephen Forde, declare as follows:
13     1. The matters stated herein are so stated upon personal
14 knowledge, and if called as a witness I could and would
15 competently testify thereto.
16     2. I am the holder, by way of assignment, of three
17 judgments against the principals of Debtor herein. At the time
18 the motion for relief from stay was filed, I had charging
19 orders against the interests of David Kwok and Elke Coffey in
20 Shorb DCE, LLC on two of the three judgments. Evidence of the
21 judgments and charging orders was provided to the Court with
22 the motion for relief from stay.
23     3. Since the motion was filed, I have also been granted
24 a third charging order for the judgment that was entered, in
25 Superior Court case number GC041324, in favor of Peter Wong
26 against David Kwok and Elke Coffey. A copy of that order is
27 attached hereto as Exhibit L and is incorporated herein by
28 reference.

4. I seek, in the Superior Court, to have a receiver appointed, pursuant to California Corporations Code §17705.03(b)(1). I am not asking the Bankruptcy Court to appoint a receiver. If appointed, the role of the receiver would be limited to receiving from the Chapter 7 Trustee any remaining proceeds from the sale of the Shorb property that would otherwise go to the Debtor. The receiver would take possession of and control any such funds pending a determination from the Superior Court as to where the funds should go.

5. I will also, pursuant to California Code of Civil Procedure §701.510 et seq., have the Los Angeles County Sheriff's Office conduct a sale of the members' interests in Shorb DCE, LLC in an attempt to satisfy the judgments.

6. I only made mention of the "alter ego" issues in the motion for relief from stay to give the Court some background and context to this case. Debtor Shorb DCE, LLC is a sham entity devised in an effort by its members Kwok and Coffey(Kwok) to hide from their individual creditors. The LLC has never been properly operated as required by California law. Until the Debtor In Possession account was opened, when this case was in chapter 11, there had never been a bank account. Rents were diverted to the personal use of these members. No meetings of the LLC were ever conducted. I would not have brought the issue up if I had known the Trustee would become so flustered.

7. I have filed several claims in this case. If there are any objections filed to those claims, I will address them and,

at that time, I am certain that the "alter ego" issues will be raised. In the meantime I am requesting relief from the stay to proceed in the Superior Court for the purposes described above.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Marino, California on January 13, 2018.

*[signature]*
Stephen Forde
Declarant

**EXHIBIT L**

```
MENKE LAW FIRM, APC
Bruce R. Menke, SBN 116014
5000 East Spring Street, Suite 405
Long Beach, CA 90815
Telephone:  (562) 496-4300
Facsimile:  (562) 496-4500

Attorneys for STEPHEN FORDE,
ASSIGNEE OF PLAINTIFF AND
JUDGMENT CREDITOR
```

FILED
Superior Court of California
County of Los Angeles

JAN 0 5 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
    R. Hernandez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NORTH CENTRAL DISTRICT - BURBANK COURTHOUSE

| | |
|---|---|
| PETER WONG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID KWOK, and ELKE COFFEY,<br><br>　　　　　Defendants. | Case No. GC041324<br><br>[PROPOSED] ORDER CHARGING MEMBERS' INTERESTS IN LIMITED LIABILITY COMPANY<br><br>[C.C.P. §§ 708.310-320; Corp. Code § 17705.03]<br><br>Date: January 5, 2018<br>Time: 8:30am<br>Dept: A |

The Motion of Stephen Forde, the Assignee of the Plaintiff and Judgment Creditor, Peter Wong came on regularly for hearing on January 5, 2018, before the Honorable William D. Stewart, Judge Presiding, in Department A of the above-entitled court, with appearances as follows: Bruce R. Menke, Menke Law Firm, APC, appeared for the Assignee, Stephen Forde. Franklin Love, appeared for the Judgment Debtors, David Kwok and Elke Coffey.

The Court having considered the pleadings filed in connection with the Motion and the argument of counsel, and good cause appearing,

///

///

---

[PROPOSED] ORDER CHARGING MEMBERS INTERESTS IN LIMITED LIABILITY COMPANY

IT IS ORDERED:

1. That the interests of David Kwok and Elke Coffey in the limited liability companies known as SHORB DCE, LLC and LAS TUNAS DCE, LLC with business addresses at 910 W. Shorb St., Unit F, Alhambra, California, 91803, are hereby charged with the unpaid balance of the Judgment entered in favor of Peter Wong herein on January 6, 2010, which Judgment has been assigned to Stephen Forde, in the sum of $125,143.51, plus interest thereon at the rate of 10% per annum from the date of the Judgment, with the combined principal and accrued post-judgment interest now totaling $212,056.22;

2. That based upon the showing that the the interest of the Judgment Debtors David Kwok and Elke Coffey in Shorb DCE, LLC and the interest of Elke Coffey in Las Tunas DCE, LLC cannot be paid within a reasonable time, their interests in Shorb DCE, LLC and Las Tunas DCE, LLC shall be immediately foreclosed upon and sold to the highest bidder at a public sale.

3. The Court shall make such other and further orders as are necessary to give effect to this charging order.

Dated:    JAN 0 5 2018

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

[PROPOSED] ORDER CHARGING MEMBERS INTERESTS IN LIMITED LIABILITY COMPANY

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1631 N. Towne Ave., Pomona, CA 91767

A true and correct copy of the foregoing document entitled (specify): **Reply Of Stephen Forde To Trustee's Opposition To The Motion For Relief From The Automatic Stay And Debtor's Joinder To The Opposition**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 01/16/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 01/16/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor's Agent For Service Of Process: David Kwok, 910 W. Shorb Ave., Unit F, Alhambra, CA 91803
Attorney For Debtor: Kevin Tang, 601 S. Figueroa St, Suite 4050, Los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 01/16/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/16/2018 | Yvonne Espelucin | X /s/ Yvonne Espelucin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

## Mailing Information for Case 2:17-bk-14240-BR

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Elmer D Martin**   elmermartin@gmail.com
- **John J Menchaca (TR)**   jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**   cgunruh@sbcglobal.net
- **Steven Werth**   swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com