1  Howard M. Ehrenberg (CA State Bar No. 125527)
   *hehrenberg@sulmeyerlaw.com*
2  Steven F. Werth (CA State Bar No. 205434)
   *swerth@sulmeyerlaw.com*
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Attorneys for John J. Menchaca
7  Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **LOS ANGELES DIVISION**

11  In re                                Case No. 2:17-bk-14240-BR

12  SHORB DCE, LLC,                      Chapter 7

13           Debtor.                     **MOTION OF CHAPTER 7 TRUSTEE TO**
                                         **DISALLOW CLAIM NO. 19 OF STEPHEN**
14                                       **FORDE; MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES; DECLARATION OF**
15                                       **STEVEN F. WERTH IN SUPPORT**
                                         **THEREOF**
16
                                         Date:    [To be set.]
17                                       Time:
                                         Place:   Courtroom 1668
18                                                 Roybal Federal Building
                                                   255 East Temple Street
19                                                 Los Angeles, California  90012

20

21

22

23

24

25

26

27

28

ALS\ 2618657.1                          1

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, CLAIMANT STEPHEN FORDE**

3  **AND HIS COUNSEL, IF ANY, AND PARTIES ENTITLED TO NOTICE:**

4      John J. Menchaca, ("Trustee") the duly-appointed and acting Chapter 7 trustee of the

5  bankruptcy estate ("Estate") of Shorb DCE, LLC ("Debtor"), respectfully moves this Court for an

6  order disallowing the claim of Stephen Forde ("Claimant"), Claim No. 19 in the claims register in

7  this case ("Claim").

8      A true and correct copy of the Claim is attached hereto as **Exhibit 1**.  In the Claim,

9  Claimant asserts that he has acquired the Claim from Harvest Credit Management VII LLC.  The

10  Claim is asserted in the amount of $65,299.83, based on "money loaned" (**Exhibit 1** at page 2).

11  According to a notation on that same exhibit, page 4, the Claim is by "Stephen Forde, assignee of

12  the Harvest Credit Management VII LLC judgment against David Kwok".  This individual, David

13  Kwok, is not the Debtor and therefore, the Claim should be disallowed.

14      **WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

15      1.    Granting this Motion;

16      2.    Disallowing the Claim in its entirety; and

17      3.    Granting further relief as the Court deems proper.

18  DATED: February 2, 2018        SulmeyerKupetz
                       A Professional Corporation

19

20

21  By: _____
                     Steven F. Werth

22                       Attorneys for John J. Menchaca
                     Chapter 7 Trustee

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Pursuant to 11 U.S.C. §502, Rule 3007 of the Federal Rules of Bankruptcy Procedure and

3    Local Bankruptcy Rule 3007-1, the Trustee hereby objects ("Objection") to the Claim.

4

## I.

5

## STATEMENT OF FACTS

6      On April 4, 2017, the Debtor filed a voluntary petition under Chapter 11 of the United

7    States Bankruptcy Code.  On June 6, 2017, creditor William B. Wright filed his "Motion Of

8    Secured Creditor William B. Wright To Convert Case To Chapter 7 Pursuant To 11 U.S.C.

9    §1112(b)(1)" [Docket No. 34], which this Court granted on August 30, 2017 [Docket No. 85].  On

10   August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's

11   bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

12      On December 8, 2017, Claimant filed the Claim.  Claimant is not a creditor of the Estate.

13   Rather, he appears to be a creditor of the principals of the Debtor.  As such, the Claim cannot be

14   allowed against the Debtor.

15

## II.

16

## ARGUMENT

17   **A.    The Claim Is Against A Non-Debtor Party**

18      Each of the documents attached to the Claim demonstrate that the Claim is properly

19   asserted against David Kwok, and not the Debtor.  The Claim attaches the following documents:

20      ●    A "Claim Components" summary, indicating that Claimant is the assignee of a

21   claim of Harvest Credit Management VII LLC against David Kwok (Exhibit 1, page 4).

22      ●    A "Judgment By Default (Clerk's Judgment)", indicating a judgment in favor of

23   Harvest Credit Management VII, LLC against David Kwok (Exhibit 1, pages 6-7).

24      ●    An "Order Charging Members' Interests In Limited Liability Company" relating to

25   Elke Coffey and David Kwok, and their interests in the Debtor (Exhibit 1, pages 9-10).

26      As such, the Claim is properly asserted against David Kwok, and is not properly asserted

27   against the Debtor.

28

ALS\ 2618657.1                                    2

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**B.** **Burden Of Proof**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim constitutes *prima facie* – that is, "on its face", or "accepted as correct until proven otherwise"-- evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R. of Bankr. P. 3001(f).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimants to prove the validity of the claim by a preponderance of the evidence." Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." Holm, 931 F.2d at 623.

In this case, the Claim is "self-contradictory" in that every document attached to the Claim indicates that it is not a claim against the Debtor.  As such, the Trustee submits that this Claim should not be given "on its face" validity requiring the Trustee to submit evidence of its invalidity. Even if the Court disagrees, the Trustee submits that he has raised "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves" and thus the Claim should be disallowed for that additional reason.

**III.**

**CONCLUSION**

The Trustee respectfully requests that this Court disallow the Claim in its entirety.

DATED: February 2, 2018

SulmeyerKupetz
A Professional Corporation

By: _____
Steven F. Werth
Attorneys for John J. Menchaca
Chapter 7 Trustee

**DECLARATION OF STEVEN F. WERTH**

I, Steven F. Werth, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am an Associate of **Sulmeyer**Kupetz, A Professional Corporation, attorneys of record for John J. Menchaca, Chapter 7 Trustee.  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.     I make this declaration in support of the "Motion Of Chapter 7 Trustee To Disallow Claim No. 19 Of Stephen Forde" (the "Motion").  Capitalized terms in this declaration have the meaning given them in the Motion.

3.     A true and correct copy of the Claim is attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of February, 2018, at Los Angeles, California.

_____
Steven F. Werth

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1

Fill in this information to identify the case:

Debtor 1    Shorb DCE LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number   2:17-bk-14240 BR



**FILED**

DEC 0 8 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Stephen Forde |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☐ No |
| | ☑ Yes. From whom? Harvest Credit Management VII LLC |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Stephen Forde | |
| | Name | Name |
| | 1613 Chelsea Road | |
| | Number    Street | Number    Street |
| | San Marino    CA    91108 | |
| | City    State    ZIP Code | City    State    ZIP Code |
| | Contact phone 818-552-2650 | Contact phone _____ |
| | Contact email bmenke@menkelaw.com | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | ☑ No |
| | ☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/___  MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| | ☐ Yes. Who made the earlier filing? _____ |

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**    $_____ 65,299.83 . Does this amount include Interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned _____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                         $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                              Proof of Claim                              page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:    Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/8/17
                  MM / DD / YYYY

_Stephen Forde_
Signature

Print the name of the person who is completing and signing this claim: |

| Name | Stephen | | Forde |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Creditor | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1613 Chelsea Road | | |
| | Number    Street | | |
| | San Marino | CA | 91108 |
| | City | State | ZIP Code |
| Contact phone | 818-552-2650 | Email | bmenke@menkelaw.com |

## Claim Components

Claim By: Stephen Forde, assignee of the Harvest Credit
         Management VII LLC judgment against David Kwok, owner
         of 65% of Shorb DCE LLC.


$22,958.23  Original judgment against David Kwok dated November
            5th, 2008 (Exhibit 1).

$20,323.34  Accrued interest on judgment as of the date of the
            November 15, 2017 date of the Superior Court Charging
            Order (Exhibit 2).

$21,745.48  Post judgment legal fees and costs.

    272.78  Interest since November 15, 2017 Charging Order @
_____  $11.86 per day.

$65,299.83  Total claim as of December 8, 2017.


            Note:  Daily rate of interest after December 8, 2017
            $11.86 per day.

# EXHIBIT 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>ERIC MINTZ, SBN #207384<br>GOLDSMITH & HULL, A.P.C./08000649<br>16000 VENTURA BLVD STE 900<br>ENCINO, CA  91436<br>Encino, CA 91436<br>TELEPHONE NO.  (818) 990-6600    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name)  PLAINTIFF, HARVEST CREDIT MANAGEMENT | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES<br>STREET ADDRESS:  150 W. COMMONWEALTH AVE.<br>MAILING ADDRESS:  same<br>CITY AND ZIP CODE:  ALHAMBRA, CA 91801<br>BRANCH NAME:  NORTHEAST DISTRICT-ALHAMBRA COURTHO | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 05 2008<br><br>John A. Clarke, Executive Officer/ Clerk<br>By_____ KAREN HA<br>Deputy |
| PLAINTIFF: HARVEST CREDIT MANAGEMENT VII, LLC<br><br>DEFENDANT: DAVID C KWOK | |
| **JUDGMENT**<br>[X] By Clerk  [X] By Default  [ ] After Court Trial<br>[ ] By Court  [ ] On Stipulation  [ ] Defendant Did Not Appear at Trial | CASE NUMBER:<br>08C02524 |

**JUDGMENT**

1. [X] **BY DEFAULT**

   a. Defendant was properly served with a copy of the summons and complaint.

   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.

   c. Defendant's default was entered by the clerk upon plaintiff's application.

   d. [X] **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.

   e. [ ] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**

   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and

   b. [ ] the signed written stipulation was filed in the case.

   c. [ ] the stipulation was stated in open court [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.

   a. The case was tried on (date and time):
      before (name of judicial officer):

   b. Appearances by:

      [ ] Plaintiff (name each):              [ ] Plaintiff's attorney (name each):
         (1)                                      (1)

         (2)                                      (2)

      [ ] Continued on Attachment 3b.

      [ ] Defendant (name each):              [ ] Defendant 's attorney (name each):
         (1)                                      (1)

         (2)                                      (2)

      [ ] Continued on Attachment 3b.

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was  requested.

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>JUD-100 [New January 1, 2002] | **JUDGMENT** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 585, 664.6 |

| PLAINTIFF: HARVEST CREDIT MANAGEMENT VII, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: DAVID C KWOK | 08C02524 |

JUDGMENT IS ENTERED AS FOLLOWS BY: ☐ THE COURT   ☒ THE CLERK

4 ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☒ for plaintiff (name each): HARVEST CREDIT MANAGEMENT VII, LLC

and against defendant (names): DAVID C KWOK

☐ Continued on Attachment 5a.

b. ☐ for defendant (name each):

c. ☐ for cross-complainant (name each):

and against cross-defendant (name each):

☐ Continued on Attachment 5c.

d. ☐ for cross-defendant (name each):

6. **Amount.**

a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) ☒ | Damages | $ | 21,093.41 |
| (2) ☒ | Prejudgment interest at the annual rate of 10% | $ | 1,508.32 |
| (3) ☐ | Attorney fees | $ | 0.00 |
| (4) ☒ | Costs | $ | 356.50 |
| (5) ☐ | Other (specify): | $ | 0.00 |
| (6) | **TOTAL** | $ | 22,958.23 |

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) ☐ | Damages | $ | 0.00 |
| (2) ☐ | Prejudgment interest at the annual rate of % | $ | 0.00 |
| (3) ☐ | Attorney fees | $ | 0.00 |
| (4) ☐ | Costs | $ | 0.00 |
| (5) ☐ | Other (specify): | $ | 0.00 |
| (6) | **TOTAL** | $ | 0.00 |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
☐ Defendant named in item 5b to recover costs $ 0.00
☐ and attorney fees $ 0.00

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
☐ Cross-defendant named in item 5d to recover costs $ 0.00
☐ and attorney fees $ 0.00

7. ☐ Other (specify):

Date: _____
☐ _____
JUDICIAL OFFICER
JOHN A CLARKE

Date: NOV __ __ ____   ☑ Clerk, by _____ KAREN HA _____, Deputy

(SEAL)

**CLERK'S CERTIFICATE** (Optional)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002] **JUDGMENT**

# EXHIBIT 2

1    **MENKE LAW FIRM, APC**

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

NOV 1 5 2017

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy

Bruce R. Menke, SBN 116014

2    5000 East Spring Street, Suite 405
Long Beach, CA 90815

3    Telephone:    (562) 496-4300
Facsimile:    (562) 496-4500

4

Attorneys for STEPHEN FORDE,

5    ASSIGNEE OF PLAINTIFF AND
JUDGMENT CREDITOR

6

7    SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

8    NORTH VALLEY DISTRICT - CHATSWORTH COURTHOUSE

9    HARVEST CREDIT MANAGEMENT VII,
LLC,

Case No. CHA08CV2524

10
[PROPOSED] ORDER CHARGING

11    Plaintiff,    **MEMBER'S INTEREST IN LIMITED
LIABILITY COMPANY**

12    vs.
[C.C.P. §§ 708.310-320; Corp. Code §
17705.03]

13    DAVID C. KWOK,

14    Defendant.    Date: October 27, 2017  NOV 1 5 2017
Time: 8:30AM

15    Dept: F43

16

17    The Motion of Stephen Forde, the Assignee of the Plaintiff and Judgment Creditor,

18    Harvest Credit Management VII, LLC, came on regularly for hearing on October 27, 2017,

19    before the Honorable **RICK BROWN** Graciela Freixes, Judge/Commissioner Presiding, in Department F43 of the

20    above-entitled court, with appearances as follows:  Bruce R. Menke, Menke Law Firm, APC,

21    appeared for the Assignee, Stephen Forde. _____, appeared for the Judgment

22    Debtor, David C. Kwok. *appeared in pro per.*

23    The Court having considered the pleadings filed in connection with the Motion and the

24    argument of counsel, and good cause appearing,

25    IT IS ORDERED:

26    1.    That the interest of David C. Kwok in the limited liability company known

27

28

[PROPOSED] ORDER CHARGING MEMBER'S INTEREST IN LIMITED LIABILITY COMPANY

1    as SHORB DCE, LLC whose address is 910 W. Shorb St., Unit F, Alhambra, California, 91803,

2    is hereby charged with the unpaid balance of the Judgment entered in favor of Harvest Credit

3    Management VII, LLC, herein on November 5, 2008, which Judgment has been assigned to

4    Stephen Forde, in the sum of $22,958.23, plus interest thereon at the rate of 10% per annum from

5    the date of the Judgment, with the combined principal and accrued interest now totaling

6    $43,281.57;

7         2.    That based upon the showing that the the interest of the Judgment Debtor

8    David C. Kwok in Shorb DCE, LLC cannot be paid within a reasonable time, his interest in

9    Shorb DCE, LLC shall be immediately foreclosed upon and sold to the highest bidder at a public

10   sale.

11        3.    The Court shall make such other and further orders as are necessary to give

12   effect to this charging order.

13   Dated:    NOV 15 2017                                    RICK BROWN
                                        JUDGE/COMMISSIONER OF THE
14                                              SUPERIOR COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____

[PROPOSED] ORDER CHARGING MEMBER'S INTEREST IN LIMITED LIABILITY COMPANY

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1631 N. Towne Ave. Pomona, CA 91767

A true and correct copy of the foregoing document entitled (*specify*): _____**Proof of Claim**_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie A Cohen   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- Ron Maroko   ron.maroko@usdoj.gov
- Elmer D Martin   elmermartin@gmail.com
- John J Menchaca (TR)   jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Carol G Unruh   cgunruh@sbcglobal.net
- Steven Werth   swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swert h@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _12/8/17_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor – Shorb DCE LLC – agent for service of process – David Kwok – 910 W. Shorb St. Unit F Alhambra, CA 91803
Elke Coffey – 912 Shorb St. Unit A Alhambra, CA 91803
Chapter 7 Trustee – Menchaca & Co. – 835 Wilshire Blvd. #300 Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/8/17 | Yvonne Espelucin | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):   **MOTION OF CHAPTER 7 TRUSTEE OBJECTING TO CLAIM NO. 19 OF STEPHEN FORDE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN F. WERTH IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 2, 2018</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- Ron Maroko     ron.maroko@usdoj.gov
- Elmer D Martin     elmermartin@gmail.com
- John J Menchaca (TR)     jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Carol G Unruh     cgunruh@sbcglobal.net
- Steven Werth     swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;  kmccamey@sulmeyerlaw.com; asokolowski@ecf.inforuptcy.com; swerth@ecf.inforuptcy.com

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:

On <u>February 2, 2018</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

<u>Claimant (Claim No. 19)</u>:
Stephen Forde
1613 Chelsea Road
San Marino, CA  91108
*bmenke@menkelaw.com*

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2018 | Kelli Mccamey | */s/ Kelli Mccamey* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |