Howard M. Ehrenberg (CA State Bar No. 125527)
*hehrenberg@sulmeyerlaw.com*
Steven F. Werth (CA State Bar No. 205434)
*swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for John J. Menchaca
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re

SHORB DCE, LLC,

        Debtor.

Case No. 2:17-bk-14240-BR

Chapter 7

**REPLY TO OPPOSITION OF STEPHEN FORDE TO TRUSTEE'S OBJECTIONS TO CLAIMS NUMBER 17, 18, AND 19**

Date:    March 13, 2018
Time:   2:00 p.m.
Place:   Courtroom 1668
           Roybal Federal Building
           255 East Temple Street
           Los Angeles, California  90012

ALS\ 2618615.1

John J. Menchaca, ("Trustee") the duly-appointed and acting Chapter 7 trustee of the bankruptcy estate ("Estate") of Shorb DCE, LLC ("Debtor"), hereby replies to the "Opposition Of Stephen Forde To Trustee's Objections To Claims Number 17, 18, And 19" [Docket No. 140] (the "Opposition").

## 1. The Alter Ego Doctrine Does Not Apply

The Opposition acknowledges that the claims ("Claims") filed by Stephen Forde ("Claimant") against the Estate are in the name of non-debtor parties, specifically Elke Coffey ("Ms. Coffey") and David Kwok ("Mr. Kwok", and together with Ms. Coffey, the "Members"). Opposition, 2:10. Claimant's sole argument in support of allowing the Claims is that the Court should apply the alter ego doctrine, which is recognized in the Ninth Circuit. *See* AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996); Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). The alter ego doctrine is a doctrine that extends personal jurisdiction of a court over a non-party. If a corporation is the alter ego of its stockholders, then jurisdiction over the corporation will support jurisdiction over the stockholders. Flynt, at 1393. The alter ego doctrine can be applied where:

> To apply the alter ego doctrine, the court must determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice.

Flynt, at 1393, AT&T, at 591.

Claimant's request to extend jurisdiction to a non-party by way of the alter ego doctrine is improperly brought before this Court. The correct court in which to assert such doctrine is the California Superior Court where Claimant's predecessor-in-interest obtained its judgments against the Members. There, Claimant could have sought to extend its judgments to the Debtor. Opposition, 3:22. Here, Claimant invokes the alter ego doctrine, but is not actually seeking to extend this Court's personal jurisdiction over the Members. Claimant seeks only to obtain allowance of the Claims against the Estate.

Claimant's request is more accurately characterized as a request for substantive consolidation. A cause of action for substantive consolidation is not the same as a cause of action

Case 2:17-bk-14240-BR    Doc 141    Filed 03/06/18    Entered 03/06/18 13:16:59    Desc
Main Document    Page 3 of 8

to pierce the corporate veil, though there are similarities that would support granting both causes of action. *See* Simon v. ASIMCO Techs., Inc. (In re Am. Camshaft Specialties, Inc.), 410 B.R. 765, 785 (Bankr. E.D. Mich. 2009). The effect of substantive consolidation would be that all assets and liabilities of the Members would become assets and liabilities of the consolidated estate. All creditors of the Members--not just Claimant--would thus be permitted to pursue claims against the consolidated Estate.

An analysis of whether or not substantive consolidation is appropriate here is beyond the scope of this reply: Claimant has not filed such a motion yet, and the Trustee will addresses any such arguments in favor of consolidation at the appropriate time.

### 2. Claimant Does Not Meet The "Fraud Or Injustice" Element Of The Alter Ego Doctrine

To the extent that the Court determines that the alter ego doctrine may apply to allow the Claims against the Estate, the Court should decline to apply that doctrine here.

In order for the alter ego doctrine to apply, the moving party must provide evidence that failure to disregard the separate identities of the parties must result in "fraud or injustice". Opposition, 4:22. The Opposition does not identify any such fraud or injustice. Claimant is already prosecuting state court actions to enforce his judgments against the Members, and seeks to have a receiver appointed to control any proceeds transferred by the Trustee to the Members. Opposition, 2:16-23. On February 8, 2018, this Court entered an order (Docket No. 134) lifting the automatic stay so that Claimant could seek the appointment of such a receiver.

The Claims, thus, will be paid by this receiver if they are not paid by the Estate. There is no evidence before the Court that the Claims are unlikely to be paid in full (as against the Members) if the Claims are disallowed against the Estate.

### 3. The Proffered Testimony Does Not Support A Finding Of Alter Ego

Claimant asserts that certain testimony by the Members at the Debtor's July 17, 2017 meeting of creditors pursuant to 11 U.S.C. 341(a) supports a finding of alter ego. As identified below, certain of Claimant's assertions are not supported by the transcript of that meeting.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1 References to "Transcript" are to Exhibit "D" attached to the Opposition, which is the transcript of
2 the Debtor's 341(a) meeting.

3     **A.**    **Regarding Claimant's assertion that the Members failed to deposit rents of the**
4         **Debtor into a business account, instead cashed those rent checks, and took**
5         **cash designated as rent for their personal use** (Opposition, 5:16-18):

6     Claimant's citation: Members' testimony that "in the six months preceding the bankruptcy
7 filing, approximately $60,000.00 in rents were collected but no documentation was provided to
8 show this. He claimed to have spent the money on the building". Opposition, 7:11-15.

9     Trustee's response: the Members testified that this money was spent in part on the Debtor's
10 real property, including repairs. Transcript, 21:20-22:4. The members did testify that there is no
11 written documentation of this money being spent. Transcript, 22:13. The Members took
12 rent payments and then used that money to "pay all the bills." Transcript, 23:22.

13

14     Claimant's citation: Mr. Kwok's statement that there never was an account into which
15 rents were deposited, until the Chapter 11 Debtor in possession account was opened. Opposition
16 7:23-25.

17     Trustee's response: this is a correct summary of the Transcript, pages 50 to 51.

18

19     Claimant's citation: Mr. Kwok's statement that rent checks were cashed and that Mr.
20 Kwok held onto the money, as well as cash payments of rent, and that Mr. Kwok did not deposit
21 these payments into any bank account. Opposition 7:26-8:1.

22     Trustee's response: this is a correct summary of the Transcript, pages 50 to 51.

23

24     Claimant's citation: that Mr. Kwok testified that he used rent money to pay his personal
25 medical, dental, and living expenses. Opposition, 8:6-8.

26     Trustee's response: The Members' testimony is that after using rent money to make the
27 monthly loan payment to EastWest Bank, and using the money to "take care of things that needed
28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

to be fixed up", Mr. Kwok would use the remainder to pay medical, dental, legal, and general living expenses. Transcript, 54:24-55:56:3.

**B.    Regarding Claimant's assertion that the Members failed to maintain a historical rent ledger for the Debtor's rental units** (Opposition, 5:19):

<u>Claimant's citation</u>:  the Members' testimony that there was never a written record of the rents that were paid.  Opposition, 8:12-14.

<u>Trustee response</u>:  while the Members did state that, the Members also state that the tenants have regularly paid rent every month for 30 years, and that all the tenants are current on their rent.  Transcript, 65:17-24.  As such, there does not appear to be a need for a historical rent ledger.

**C.    Regarding Claimant's assertion that the Members failed to segregate and maintain tenants' security deposits in separate accounts, instead using those funds as they saw fit** (Opposition, 5:20):

<u>Claimant's citation</u>:  Mr. Kwok's testimony that tenant security deposits were never deposited into a separate bank account.  Opposition 8:25.

<u>Trustee's response</u>:  this is a correct summary of the Transcript, page 51.

**D.    Regarding Claimant's assertion that the Members did not intend to conduct the Debtor as an actual business** (Opposition, 5:24):

<u>Claimant's citation</u>:  Members' testimony that prior to the bankruptcy filing, they had no contract with the Debtor to manage the property.  Opposition, 7:8-10.

<u>Trustee's response</u>:  the testimony is the opposite:  "Yes, we have a – we do have a managerial --- we do have a rental agreement, a management agreement, yeah."  Transcript, 11:11-13.

ALS\ 2618615.1    4

<u>Claimant's citation</u>:  testimony that there were never any minutes recorded for the Debtor. Opposition, 7:16-18.

<u>Trustee's response</u>:  While this statement does appear to be made by Debtor's counsel, as to the specific document that gave rise to the inquiry (an agreement relating to equity interest ownership in the Debtor), Ms. Coffey stated that a written document existed.  Transcript, 26:25.

<u>Claimant's citation</u>:  that $39,000 in loan proceeds from William Wright were used in any way Mr. Kwok felt he could use them, including to pay personal expenses.  Opposition, 7:19-22.

<u>Trustee's response</u>:  While the testimony does state that Mr. Kwok "just uses the money the way he feels he should" (Transcript, 36:17-19), the testimony also states that all of the $39,000 from William Wright was used to pay the Debtor's expenses, including loan payments.  Transcript, 36:25-37:7.

<u>Claimant's citation</u>:  Mr. Kwok testified that he had no income other than the rent payments from the property until some time prior to the meeting of creditors.  Opposition, 8:9-11.

<u>Trustee's response</u>:  Mr. Kwok does respond "no" when asked whether he currently has a separate source of income other than rents.  However, he also states that he used to sell real estate and he and Curt Wang were partners for 30 years.  Transcript, 64:16-17.

As set forth above, the testimony given at the Debtor's meeting of creditors indicates that the Members operated the Debtor informally, and that the Members used rental income from the Debtor for their own personal expenses, after paying the Debtor's rent and other costs of operations.  The testimony indicates that the Members ran the Debtor this way for 30 years, and regularly collected rent during this time.

The Trustee submits that these facts do not evidence "such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist," and thus that the first prong of the alter ego doctrine cannot be met here.

ALS\ 2618615.1                                         5

1  DATED: March 6, 2018

**Sulmeyer**Kupetz
A Professional Corporation

By: _____
Steven F. Werth
Attorneys for John J. Menchaca
Chapter 7 Trustee

ALS\ 2618615.1

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION OF STEPHEN FORDE TO TRUSTEE'S OBJECTIONS TO CLAIMS NUMBER 17, 18, AND 19** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 6, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com, allie@lesliecohenlaw.com
- Ron Maroko    ron.maroko@usdoj.gov
- Elmer D Martin    elmermartin@gmail.com
- John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com, igaeta@menchacacpa.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; kmccamey@sulmeyerlaw.com; asokolowski@ecf.inforuptcy.com; swerth@ecf.inforuptcy.com

**2. SERVED BY UNITED STATES MAIL**:
On March 6, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

Claimant (Claim No. 17):
Stephen Forde
1613 Chelsea Road
San Marino, CA  91108
*bmenke@menkelaw.com*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 6, 2018 | Kelli Mccamey | /s/ Kelli Mccamey |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |