


```
1  Stephen Forde
   1613 Chelsea Road
2  San Marino, CA 91108
   Tel (818) 552-2650, Fax (818) 552-2640
3
4
5  Claimant and Respondent
6
7
8           UNITED STATES BANKRUPTCY COURT
            CENTRAL DISTRICT OF CALIFORNIA
9               LOS ANGELES DIVISION
10
11 In re                      Chapter 7
12                            Case No. 2:17-bk-14240 BR
   SHORB DCE, LLC,
13                            MOTION OF INTERESTED
                              PARTY/CREDITOR STEPHEN FORDE
14                            FOR EXAMINATION OF AND
                   Debtor     PRODUCTION OF DOCUMENTS BY
15                            DAVID KWOK AND ELKE COFFEY
                              IN CONNECTION WITH DEBTOR
16                            SHORB DCE, LLC, PURSUANT TO
                              FRBP 2004 AND LBR 2004-1
17
                              [No Hearing Necessary]
18
```

Interested Party/Creditor Stephen Forde hereby moves the Court for an order for David Kwok and Elke Coffey, as principals of Debtor Shorb DCE, LLC, to appear for an examination on March 29, 2018 at 1:00 P.M. at the Menke Law Firm, 5000 E. Spring Street, Suite 405, Long Beach, CA 90815 and to produce documents pursuant to FRBP 2004 and LBR 2004-1,

1

1 as set forth below.

2 This motion shall be based on the attached Declaration of Stephen Forde, and all pleadings and papers on file herein.

Date: 3/6/18

Stephen Forde
Claimant and Respondent

**PROCEDURAL BACKGROUND**

The above-captioned case was originally filed as a Chapter 11, but due to the debtor's total failure to abide by the rules of the Court and the requirements of the U.S. Trustee, the case was converted to Chapter 7. The Chapter 7 Trustee sold the only asset of the debtor. Movant Stephen Forde has filed three claims in the above-captioned case to which the Chapter 7 trustee has filed objections. To prevail on his claims, Forde is relying on an "alter ego/piercing the corporate veil" theory to show that the debtor entity is nothing more than a sham designed to assist two principals of the LLC to hide income and avoid their personal obligations.

Forde is the holder, by way of assignment, of three judgments against the principals of Debtor herein. Debtor's real property, located at 910-912 W. Shorb Ave., Alhambra, CA 91803 ("the property") has been sold by the Chapter 7 trustee, but aside from secured creditors paid directly out of escrow, no funds have been disbursed to creditors of the estate.

Because of the nature of Shorb DCE, LLC ("Shorb"), and its use by the principals as a vehicle to hide a valuable asset from creditors and siphon LLC funds for their personal use, Forde

is attempting show that a claim against the principal(s) is a claim against Shorb. There are pending state court actions to enforce these judgments, and Forde seeks to have a receiver appointed to control and properly disburse any remaining proceeds from the sale of the property to prevent the principals from avoiding payment of the judgments.

On July 17, 2017, when this case was still in Chapter 11, a meeting of creditors pursuant to 11 U.S.C. §341(a) was conducted. The testimony, under penalty of perjury, given by Mr. Kwok and Ms. Coffey at that meeting made it clear that the debtor Shorb DCE, LLC like its twin Las Tunas DCE, LLC, has always been a sham entity designed only to allow individuals to hide the property from creditors and siphon LLC funds for their personal use.

### DECLARATION OF STEPHEN FORDE

I, Stephen Forde, declare as follows:

1. The matters stated herein are so stated upon personal knowledge, and if called as a witness I could and would competently testify thereto.

2. I am the holder, by way of assignment, of three judgments against two principals, David Kwok and Elke Coffey, of Debtor herein. I have charging orders against the interests of Kwok and Coffey in Shorb DCE, LLC on those three judgments. Copies of those charging orders were provided to the Court in support of my filed claims.

3. I am attempting to have a receiver appointed in the Superior Court, pursuant to California Corporations Code

§17705.03(b)(1). That receiver would be allowed to receive and control the funds remaining from the sale by the Chapter 7 Trustee of Debtor's only asset that would otherwise be paid over to Shorb after all allowed claims are paid in this case. This action in the state court will not be necessary if my claims are paid in the bankruptcy case.

4. I have filed three claims in this case. The trustee has objected to the claims, because the judgments upon which the claims are based are against individual members of Debtor, and not Debtor.

5. I maintain that, due to the fact that the Debtor herein is nothing more than the alter ego of the individuals, it is appropriate to pierce the corporate veil to seek repayment from the bankruptcy estate.

6. I have acquired a transcript of the Meeting of Creditors held in this case on July 17, 2017, when it was still in Chapter 11. A copy of the full transcript was attached as Exhibit D to my response to the trustee's objections to my claims.

7. Both David Kwok and Elke Coffey appeared as members and representatives of Shorb at that meeting of creditors. The transcript is replete with examples of Kwok and Coffey's total indifference to the rules of operating the LLC. Their testimony makes it clear that Kwok and Coffey made no attempt to actually operate an LLC, but rather they used Shorb as an "ATM" to siphon rent money for their personal use.

8. Mr. Maroko, the attorney for the U.S. Trustee's Office who conducted the meeting, apparently requested several

4

documents from Kwok and Coffey at that time. The case was converted to chapter 7 shortly after that meeting, so it is unlikely that any documents were ever provided. I have been advised, but have not confirmed, that no documents were provided.

9. I believe the testimony of Kwok and Coffey alone is sufficient to show that an alter ego theory should be applied to pierce the corporate veil in the claims litigation.

10. If the Court does not agree, I need to do some additional discovery in order to get more information regarding whether the individual members ever operated the LLC as a real business. I also need to acquire any documents that may exist which might show how the LLC was operated.

11. On February 22, 2018, I contacted, by way of facsimile transmission, current counsel for Debtor pursuant to LBR 2004-1(a) to attempt to set up a Rule 2004 examination and production of documents. On March 2, 2018, after receiving no response from Ms. Cohen, I phoned and spoke to her in order to make the request. She would not agree to an examination or production of documents.

12. Because there is no adversary proceeding pending in this case, I am unable to conduct a deposition of Kwok and Coffey, so I have been compelled to file a motion with the Court. The pending state court litigation is limited to getting a receiver appointed and auctioning the interests of the principals in the LLC, so a deposition and request for documents regarding the operation of the LLC would not be appropriate in that litigation.

1  I certify under penalty of perjury that the foregoing is
2  true and correct and that this declaration was executed at San
3  Marino, California on March 6, 2018.

```
_____
Stephen Forde
Declarant
```

Wherefore, Movant requests an order from the Court directing David Kwok and Elke Coffey to appear at the Menke Law Firm, 5000 E. Spring Street, Suite 405, Long Beach, CA 90815 on March 29, 2018 at 1:00 P.M. and to produce any and all documents and records pertaining to the creation and operation of Shorb DCE, LLC, including but not limited to: all bank records, loan records including evidence of how the proceeds from loans were used, rent rolls and/or rosters, documents evidencing expenses for repairs and maintenance, mortgages, property taxes, and insurance, and any documents related in any way to the operation of the LLC from its inception to the present time.

Date: 3/6/18

```
_____
Stephen Forde
Interested Party/Creditor
```

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1631 N. Towne Ave., Pomona, CA 91767

A true and correct copy of the foregoing document entitled (specify): **Motion Of Interested Party/Creditor Stephen Forde For Examination Of And production Of Documents By David Kwok And Elkie Coffey In Connection With Debtor Shorb DCE, LLC, Pursuant To FRBP 2004 And LBR 2004-1**
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 03/06/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 03/06/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor's Agent For Service Of Process: David Kwok, 910 W. Shorb Ave., Unit F, Alhambra, CA 91803
Principal of Debtor: David Kwok, 910 W. Shorb, Unit F, Alhambra, CA 91803
Principal of Debtor: Elke Coffey, 910 W. Shorb, Unit F, Alhambra, CA 91803

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 03/06/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/06/2018 | Yvonne Espelucin | X /s/ Yvonne Espelucin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                             **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 2:17-bk-14240-BR

## Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive email notice/service for this case.

- **Leslie A Cohen**  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Elmer D Martin**  elmermartin@gmail.com
- **John J Menchaca (TR)**  jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**  cgunruh@sbcglobal.net
- **Steven Werth**  swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com