Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | |
|---|---|
| Shorb DCE, LLC | Case No. 2:17-bk-14240-BR |
| | Chapter 7 |
| Debtors and | **EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS** |
| | [EMERGENCY HEARING REQUESTED] |

**TO THE HONORABLE BARRY RUSSEL, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

Shorb DCE, LLC ("**Shorb**" or the "**Debtor**"), Debtor in the above captioned case, hereby moves the Court on an emergency basis for an order authorizing John J. Menchaca, in his capacity as Chapter 7 Trustee ("**Trustee**"), to release $266,643.50 of the surplus funds in the bankruptcy estate by May 16, 2018, as follows:

### I.    INTRODUCTION

Shorb DCE, LLC ("**Debtor**") requests that the Court authorize the release of surplus funds from the bankruptcy estate by the Trustee in order to pay two (2) claims

held by Stephen Forde, who is aggressively pursuing the Debtor's principals and seeking to auction their interests in the Debtor and get paid from proceeds of the estate as an end run around the Court's order disallowing his claims in this bankruptcy case. The Debtor is informed that the estate is expected to have surplus funds of at least $500,000 after payment of all administrative expenses and claims against the estate. Accordingly, release of the requested funds will not be detrimental in any way to the estate or the creditors in this case, but will stop Stephen Forde's improper attempts to gain control of the Debtor and get paid from funds related to the bankruptcy estate.

## II.    BACKGROUND

On April 4, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

The Court converted this to Chapter 7 on August 30, 2017 [Docket No. 85], and on August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

Stephen Forde ("**Forde**") filed three claims in this case after acquiring them from third-parties, filed as Proofs of Claim no 17-19 (the "**Forde Claims**"). The Trustee objected to the Forde Claims and the Forde Claims were disallowed by Court orders entered March 29, 2018 [Docket No. 150-152]. Accordingly, Forde is not a party in interest in this bankruptcy case.

After the disallowance of the Forde Claims, Forde continued his aggressive tactics against the Debtor's principals, Elke Coffey ("**Coffey**") and David Kwok ("**Kwok**"), in state court. Through the state court litigation in LA Superior Court Case No. GC041324, Forde has obtained a charging order against Coffey and Kwok's interests in the Debtor, and those interests are set to go to sheriff's sale the morning of May 17, 2018 (the "**Sheriff's Sale**").

The Debtor is informed that the Trustee is holding approximately $1,100,000 in the bankruptcy estate, which is more than enough funds to pay all estimated administrative claims and all creditors (including those claims that are subject to pending claim

objections) in full with a surplus of at least $500,000 (the "**Surplus Funds**") to which the Debtor will be entitled.

Coffey and Kwok have attempted to negotiate a settlement with Mr. Forde, to pay him once the bankruptcy estate is fully administered and the Surplus Funds have been released to the Debtor, but settlement discussions were not reasonable or fruitful, and the Sheriff's Sale continues to be scheduled for May 17, 2018.

Accordingly, the Debtor is seeking release of $266,643.50of the Surplus Funds by the Trustee in order to pay two of the Forde Claims in full, terminate the Sheriff's Sale, and prevent Forde's attempt to take control of the Debtor as follows:

  a. A cashier's check payable to "Bruce Menke Client Trust Account" in the amount of $36,296.85, memo "Commerce Casino-Case No. 07K10959";
  b. A cashier's check payable to "Los Angeles County Sheriff" in the amount of $ 230,346.65, memo "Peter Wong-Case No. GC041324".

### III. DISCUSSION

Section 105(a) authorizes a court to sua sponte "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Here, the early release of portion of the Surplus Funds is necessary to prevent Forde's attempts to collect from the Debtor after his claims have already been disallowed by the Court.  The release of funds requested herein will not prejudice any party, as there are sufficient funds in the estate to pay all administrative expenses and all claims (including those claims which are subject to pending claim objections) and still leave $500,000 of Surplus Funds in the estate.  Even after the disbursement of funds that the Debtor is requesting be released, over $230,000 in Surplus Funds will still remain in the bankruptcy estate, and the Debtor' will be entitled to the Surplus Funds in any event.  If the requested funds are not released, the Sheriff's Sale will effectively wipe out the interests in the Debtor, and will result in a windfall to Forde who will receive far more than the amount of his claims.

Accordingly, the Debtor respectfully submits that the release of $266,643.50 in Surplus Funds is necessary to prevent Forde's attempts to take control of the Debtor through the Sheriff's Sale, as end run around this Court's orders disallowing the Forde Claims.

### IV. NEED FOR EMERGENCY HEARING

The Debtor respectfully submits that an emergency hearing to consider this motion is necessary because the Sheriff's Sale is scheduled for the morning of May 17, 2018. The Debtor has been informed by the Sheriff's department that payment should be made by May 16, 2018 in order to be certain that the Sheriff's Sale will not go forward. Accordingly, the Debtor requests that an emergency hearing be set by no later than May 15, 2017.

### V. CONCLUSION

For all of the foregoing reason, Debtor respectfully requests that the Court enter an order authorizing the Trustee to release $266,643.50of the Surplus Funds no later than May 16, 2018 in the manner described herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

Dated: May 11, 2018                    LESLIE COHEN LAW, PC

By:  /s/   Leslie A. Cohen
     Leslie A. Cohen
     Attorneys for the Debtor

## DECLARATION OF ELKE COFFEE

I, Elke Coffee, declare as follows:

1. I am over 18 years of age. I am co-manager of Shorb DCE LLC (the "Debtor"), the debtor in the above-captioned bankruptcy cases. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto, and where statements are based on information and believe, I believe them to be true and correct and would testify thereto.

2. On April 4, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

3. The Court converted this to Chapter 7 on August 30, 2017 [Docket No. 85], and on August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

4. Stephen Forde ("**Forde**") filed three claims in this case after acquiring them from third-parties, filed as Proofs of Claim no 17-19 (the "**Forde Claims**").  The Trustee objected to the Forde Claims and the Forde Claims were disallowed by Court orders entered March 29, 2018 [Docket No. 150-152].

5. After the disallowance of the Forde Claims, Forde continued his aggressive tactics against the Debtor's principals, me and David Kwok ("**Kwok**"), in state court. Through the state court litigation in LA Superior Court Case No. GC041324, Forde has obtained a charging order against my and Kwok's interests in the Debtor, and those interests are set to go to sheriff's sale the morning of May 17, 2018 (the "**Sheriff's Sale**").

6. The Debtor is informed that the Trustee is holding approximately $1,100,000 in the bankruptcy estate, which is more than enough funds to pay all estimated administrative claims and all creditors (including those claims that are subject to pending claim objections) in full with a surplus of at least $500,000 (the "**Surplus Funds**") to which the Debtor will be entitled.

7. Kwon and I have attempted to negotiate a settlement with Mr. Forde, to pay him once the bankruptcy estate is fully administered and the Surplus Funds have been released to the Debtor, but settlement discussions were not reasonable or fruitful, and the Sheriff's Sale continues to be scheduled for May 17, 2018.

8. The Debtor is seeking release of $266,643.50 of the Surplus Funds by the Trustee in order to pay two of the Forde Claims in full, terminate the Sheriff's Sale, and prevent Forde's attempt to take control of the Debtor as follows:

    a. A cashier's check payable to "Bruce Menke Client Trust Account" in the amount of $36,296.85, memo "Commerce Casino-Case No. 07K10959";

    b. A cashier's check payable to "Los Angeles County Sheriff" in the amount of $ 230,346.65, memo "Peter Wong-Case No. GC041324".

9. I have been informed by the Sheriff's department that payment should be made by May 16, 2018 in order to be certain that the Sheriff's Sale will not go forward.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of May 2018 at Los Angeles, California.

*[signature]*
Elke Coffey

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __5/11/18__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Ron Maroko    ron.maroko@usdoj.gov
Elmer D Martin    elmermartin@gmail.com
John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Carol G Unruh    cgunruh@sbcglobal.net
Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __5/11/18__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/11/18 | J'aime Williams | /s/ J'aime Williams |
|---------|-----------------|---------------------|
| *Date*  | *Printed Name*  | *Signature*         |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST**

**BY MAIL:**

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Ste 1660
Los Angeles, CA 90012

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

John J. Menchaca
Menchaca & Company LLP CPA
835 Wilshire Blvd., Ste. 300
Los Angeles, CA 90017

Steven F. Werth
SulmeyerKupetz
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**