Stephen Forde
1613 Chelsea Road
San Marino, CA 91108
Tel (818) 552-2650, Fax (818) 552-2640

Party in Interest

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SHORB DCE, LLC,<br><br>Debtor | Chapter 7<br><br>Case No. 2:17-bk-14240 BR<br><br>OPPOSITION OF STEPHEN FORDE TO DEBTOR'S "EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS<br><br>Date: May 15, 2018<br>Time: 2:00 P.M.<br>Ctrm: 1668 Roybal |

Creditor Stephen Forde hereby opposes Debtor's pending "Emergency Motion For Order Authorizing Disbursement Of Surplus Funds", as set forth below.

Date: May 14, 2018

_/s/ Stephen Forde_
Stephen Forde
Party in Interest

1

## PREFATORY STATEMENT

Initially, it needs to be pointed out that this motion points out what appears to be a serious conflict of interest involving Shorb's counsel. Although there are actually three members of Debtor, Ms. Cohen appears, by this motion, to be representing only Mr. Kwok and Ms. Coffey. Curt Wang, the third member of Shorb, has not even been served with a copy of this motion. The motion actually has nothing to do with Debtor, except to the extent that these two members want to advance a payment from the estate for their personal benefit. Does Ms. Cohen represent Debtor, or these two individuals who have distinct and separate interests from those of Debtor? Counsel needs to explain to all involved exactly who she represents in this case, and in this motion, and if she represents both the Debtor and two of its members, how she believes that is appropriate.

Also, because of the requirements of the California Corporations Code, as set forth below, the motion also seems to be asking the Trustee and the Court to aid in a violation of state law. Case law indicates that both the Trustee and Debtor's counsel could be liable for aiding and abetting a breach of fiduciary duty if the Trustee agrees with the motion and it is granted.

Even though the motion is addressed to the state court action being pursued by Stephen Forde, he also was not served. The motion argues that he is not a "party in interest" in this case, but it cannot be said that he has no standing to oppose the motion. He should have been served.

2

1   The motion claims to be based on 11 U.S.C. §105(a) which allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." But the motion fails to indicate which particular provision of the Code it relies on. §105(a) doesn't allow the Court to do whatever it wants. There must be some statutory basis for an order under §105(a). No such basis is apparent in this motion.

Finally, the motion claims to be of the "emergency" variety. That is difficult to understand. The sale of the Shorb property was approved at a hearing held on October 24, 2017. Claims have been filed for months. Debtor, its counsel, Kwok, and Coffey have all been aware of the situation for months. The Superior Court actions against Kwok and Coffey have been pending for much longer. Kwok and Coffey have been aware and have participated in those actions. Now that those actions appear to be coming to a close, all of a sudden we have an "emergency." That makes no sense, and needs to be explained.

### **PROCEDURAL BACKGROUND**

The portion of the lengthy saga known as "Shorb, DCE, LLC" which is relevant to the pending motion commenced on January 2, 2018 when Stephen Forde filed a motion for relief from stay to proceed in the state court regarding charging orders on judgments he held against David Kwok and Elke Coffey, two of the three members of Shorb. The trustee opposed the motion, mainly because he did not understand what Forde was seeking. Debtor filed a joinder to that opposition which

3

offered nothing more than "me, too."

The motion was granted at the hearing held on January 23, 2018. The order granting relief was entered on February 8, 2018 and Forde proceeded with the state court action. Kwok and Coffey were very aware of every stage of that action and appeared in court at every hearing.

Forde also sought to file claims against Shorb in connection with his judgments, based on an alter ego theory. The Court denied those claims at a hearing held on March 13, 2018.

After several months of litigation in the state court, Forde finally was able to schedule a Sheriff's sale in connection with his charging orders. Those sales are set for May 17, 2018.

The "emergency motion" of Kwok and Coffey was filed on May 11, 2018. No explanation has been provided to explain why it wasn't filed long ago.

**POINTS AND AUTHORITIES**

The motion makes several assertions, all of which are either completely untrue or distorted in an attempt to convince the Court that the motion has some merit. They will be addressed in the order in which they appear.

1. The motion says that Forde is "aggressively pursuing" his state court action against the "principals" of Debtor. This is not so. What Movants have failed to mention is that there are three members of Debtor. Curt Wang, who hold s a 25% interest in debtor, has not been served with the motion, even

4

though it makes sense that his input might be relevant.

Forde is pursuing actions in the Superior Court against two individuals, based on judgments against those individuals. When an attorney claims that someone is acting "aggressively" it usually means that they are acting against the interests of that attorney's client. Does counsel not represent her clients "aggressively?" Perhaps Forde is being accused of not being nice to a couple of individuals who have dodged enforcement of these judgments for years.

2. The motion claims that Forde is attempting an "end run" around this Court's previous order denying his claims in the bankruptcy case. This assertion is almost humorous. Forde's actions in the state court were already pending when the objection to his claims were filed in the bankruptcy case. By filing claims in the bankruptcy case, he was simply attempting to save time and money being eaten up in the Superior Court. He believed that it would be simpler to have his claims paid from the proceeds of the sale of the Shorb property. His "alter ego" theory was not accepted by this Court, so he went back to asserting his claims in the Superior Court.

Movants fail to mention that Forde had moved for, and was granted, relief from the stay in this case by an order entered on February 8, 2018. Debtor was served with the motion. The Trustee filed an opposition which was joined by Debtor. Kwok and Coffey were present in court when the relief was granted. There was no appeal of the order. Forde proceeded with the state court action, investing time and money. Kwok and Coffey

5

1 appeared at every hearing in the Superior Court. They knew
2 what was being sought. Now that the auction of their interests
3 in Debtor (not to confused with any interest of the Debtor) is
4 a reality, they decide to, with the assistance of Debtor's
5 counsel, file this motion. If there has been an attempted "end
6 run" it would be this motion. Why didn't someone move to
7 reimpose the stay?

8     3. The motion states that Forde is not a "party in
9 interest" in this case due to the Court's disallowance of his
10 claims. Yet this motion has a direct effect on Forde and his
11 prosecution of his state court actions. He is a party in
12 interest by any definition and certainly has standing in this
13 matter. So the question that needs to be asked is why was he
14 not served with this motion?

15     Forde has an entered order directing the FRBP 2004
16 examinations of both Kwok and Coffey to appear on March 29,
17 2018 to provide documents regarding Debtor. That order was not
18 appealed, and yet there was no appearance as ordered. Forde
19 has had correspondence with Debtor's counsel regarding this
20 matter, and it is still unresolved. He was attempting to get
21 more documents to determine if his claims could be
22 reconsidered under FRBP 3008. Counsel apparently doesn't see
23 the need to reveal this relevant fact to the Court, and
24 instead chooses to say Forde is not a party in interest.

25     4. The motion states that Kwok and Coffey have "attempted
26 to negotiate a settlement" with Forde to pay him once the
27 estate is fully administered and surplus funds have been
28 disbursed. But no mention is made of the fact that Forde has

presented a response to Kwok and Coffey and has received no reply. So it appears that there are two sides to the "attempted negotiation." Forde, in reviewing a transcript of the §341(a) meeting in this case, has decided that neither Kwok or Coffey can be trusted to live up to their responsibilities to the LLC. There is no reason to believe they would be any more responsible in their dealings with a third party. Waiting for the ultimate disbursement from the estate is unrelated to the pending Superior Court actions.

In reality, the sum being sought by Kwok and Coffey is far short, by at least $100,000.00, of the amount that would be necessary to satisfy the judgments. Debtor's counsel should know this, if she had bothered to review Forde's documentation sent in response to the "attempt to negotiate."

5. The motion states that a court order releasing a portion of the surplus funds "is necessary to prevent Forde's attempts to collect from the debtor after his claims have already been disallowed by this court." The Court's order disallowing Forde's claims in the bankruptcy case did not say that he had no claim against the individuals named in the Superior Court actions. It merely indicated that, based on the evidence provided with the claims, he had not shown sufficient evidence of claims against the Debtor. The Superior Court actions are not an attempt to get around the bankruptcy court order. One method of collecting on the debts owed to him did not work. He was still free, pursuant to the order granting relief from stay, to proceed in the Superior Court. This Court told Forde to proceed in the Superior Court, and he has done

so openly with notice to all involved.

This portion of Debtor's motion really points out the apparent conflict of interest of Debtor's counsel. It is difficult to keep track of who she is actually representing at any one time. It seems to shift, depending on what particular argument that is being made.

6. The motion states "if the funds are not released, the Sheriff's sale will effectively wipe out the interests of the debtor." That is simply not so. The sale would have a significant impact on the interests of two of the three members of the Debtor. But it will have no impact on the Debtor, except to the extent that membership in the LLC might change. A limited liability company (LLC) is an entity distinct from its members. Cal. Corp. Code §17704.04.

Managers and members of a limited liability company (LLC) are fiduciaries of that entity, and are charged with a duty to avoid dealing with the LLC in a manner adverse to the interests of the LLC. Cal. Corp. Code §17709. Shorb, DCE, LLC is not a party to the Superior Court actions pending against Kwok and Coffey. The pending motion fails to indicate how the disbursement of funds to Kwok and Coffey complies with the Articles of Incorporation or Operating Agreement of Shorb. Without evidence to the contrary, it appears that two individual members of the LLC, one of whom is a manager, are attempting to appropriate funds of the LLC for their own use.

Debtor's counsel and the Trustee, knowingly participating in a breach of a fiduciary duty by Kwok and Coffey, could face personal liability. California has adopted the common law rule

for subjecting a defendant to liability for aiding and abetting a tort. "Liability may...be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." Saunders, et al v Superior Court, 27 Cal. App. 4th 832, 846 (Cal. Ct. of Appeals 2d Dist. 1994).

**DECLARATION OF STEPHEN FORDE**

I, Stephen Forde, declare as follows:

1. The matters stated herein are so stated upon personal knowledge and if called as a witness I could and would competently testify thereto.

2. I am not certain why I was not served with a copy of the pending motion, since it directly affects my Superior Court litigation. Given the overall bad faith demonstrated by Kwok and Coffey throughout this case and the state court cases, it is not surprising. One would think that even if they were trying to sneak the motion past me, they would have the sense to know that someone would provide me with a copy. Fortunately, someone did. I don't believe Curt Wang, the other member of Shorb, has been so lucky. He is probably unaware of what his co-members are attempting to do.

2. I am the holder, by way of assignment, of three judgments against David Kwok and Elke Coffey, two of the three

9

members of Shorb, DCE, LLC, Debtor herein. I have filed and prosecuted actions and obtained charging orders (against the interest of Kwok and Coffey as members of the LLC) in the Superior Court to enforce those judgments.

3. An order granting relief from stay for me to proceed in the Superior Court was entered on February 8, 2018 in this bankruptcy case. The Trustee, joined by Debtor, had opposed the motion. I proceeded with the state court action. Kwok and Coffey were very aware of the motion for relief from stay and every stage of the Superior Court actions. They appeared in the Superior Court at every hearing.

4. In an effort to conserve both time and money in the Superior Court litigation, which has been quite expensive, I also sought to file claims against Shorb in connection with the judgments, based on an alter ego theory. After reviewing the §341(a) meeting transcript of the case when it was still in Chapter 11, I was certain that both Kwok and Coffey had been using Shorb as an ATM and siphoning rents from the property for their own personal use. My claims were based on an "alter ego" argument. I believed that a claim against either of them constituted a claim against Shorb. The Court did not agree and denied those claims at a hearing held on March 13, 2018. I was told to deal with my claims in the state court. I did so. I was not told that I had no claims, just that the claims could not, with the evidence provided, be paid in the bankruptcy case.

5. After several months of litigation in the state court, I finally was able to schedule a Sheriff's sale in connection

with the charging orders. That sale is set for May 17, 2018. That sale will auction off the interests of the individuals Kwok and Coffey in the Debtor, Shorb. It will have no impact of Shorb itself. Now I am being accused of doing an "end run" around the order disallowing my claims in the bankruptcy case. The pending motion filed by Debtor, Kwok, Coffey, or whomever is attempting to derail the Superior Court action. Is that not an "end run" around the relief from stay order?

6. The amount necessary to pay off the three judgments, as of May 9, 2018, was $410,328.53. The amount of Shorb's funds being requested by Kwok and Coffey is short by nearly $150,000.00. I have communicated to Debtor's counsel the amount necessary to satisfy the judgments. The motion suggests that an offer to settle has been made and I have ignored it. That is simply not true. The response I gave might have been unacceptable to them, but I have attempted to settle this matter.

7. I believe that Kwok and Coffey's attempt to intercept the disbursement of funds to the Debtor constitutes a breach of their fiduciary duty as members of the LLC. I am amazed that counsel would go along with this action. I will also be amazed if the Trustee does not oppose it.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Marino, California.

Date: May 14, 2018

Stephen Forde
Interested Party/Creditor

11

## CONCLUSION

This motion was not properly served, creating some due process problems. Any claimed "emergency" has been self inflicted by the Movants, who have done little to protect their alleged rights other than to wait and hope for some miracle solution for the problems they have created. Kwok and Coffey have had plenty of time to settle the matter, and have chosen to do nothing. They have competent counsel. One would think that something would have been done before the "11th hour." There is no emergency. There is only a lack of planning and anticipation. Forde was told by this Court to go to the Superior Court to collect on his claims. He did that, and everyone involved knew about it. This motion is just the last gasp attempt by Kwok and Coffey to avoid their long ignored judgments.

Respectfully submitted,

Date: May 14, 2018                         _____
                                            Stephen Forde

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1631 N. Towne Ave., Pomona, CA 91767

A true and correct copy of the foregoing document entitled (*specify*): _____Opposition Of Stephen Forde To Debtor's Emergency Motion For Order Authorizing Disbursement Of Surplus Funds_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/14/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/14/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor's Agent For Service Of Process: David Kwok, 910 W. Shorb Ave., Unit F, Alhambra, CA 91803

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/14/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/14/2018 | Nathan Creeger | X /s/ Nathan Creeger |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                        **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 2:17-bk-14240-BR

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Elmer D Martin**   elmermartin@gmail.com
- **John J Menchaca (TR)**   jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**   cgunruh@sbcglobal.net
- **Steven Werth**   swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com