Howard M. Ehrenberg (CA State Bar No. 125527)
  *hehrenberg@sulmeyerlaw.com*
Steven F. Werth (CA State Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for
John J. Menchaca, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SHORB DCE, LLC,<br><br>         Debtor. | Case No. 2:17-bk-14240-BR<br><br>Chapter 7<br><br>**REPLY TO OPPOSITION OF CREDITOR WILLIAM B. WRIGHT TO TRUSTEE'S OBJECTIONS TO CLAIM NOS. 10, 11, 12, 13, 14. 15 AND 16**<br><br>DATE: June 12, 2018<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 1668<br>       Roybal Federal Building<br>       255 East Temple Street<br>       Los Angeles, California 90012 |

John J. Menchaca, the duly appointed, qualified, and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Shorb DCE, LLC ("Debtor") hereby replies to the "Opposition Of Creditor William B. Wright To Trustee's Objections To Claim Numbers 10, 11, 12, 13, 14, 15 And 16" [Docket No. 201] ("Opposition"), filed by William B. Wright ("Wright") on May 30, 2018.

The Opposition responds to seven separate motions to disallow Wright's claims. The Trustee replies to the assertions made in the Opposition on a claim-by-claim basis, below.

/ / /

/ / /

/ / /

SFW\ 2627043.2

**Claim Nos. 10, 11, 13**:

One basis for the Trustee's objection to Claim Nos. 10, 11, and 13 is that these claims appear to be duplicative of Claim No. 9, which has been paid from the sale of the Debtor's real property. The Trustee's motions to disallow these claims set forth the evidence that these claims have already been paid: (1) that the total principal amount of Claims 10, 11, and 13 is within $100.00 of Claim No. 9, (2) that the promissory note forming the basis of Claim No. 9 is dated the same date as the check made giving rise to Claim No. 10, suggesting that the Claim No. 9 promissory note was a consolidation of prior amounts owed with the Claim No. 10 payment, (3) that there is no evidence that Claim No. 9 arises from a separate payment made by Wright, and (4) in response to the Trustee requesting further information, Wright sent copies of checks that also do not appear to be the basis for Claim No. 9.

The Opposition sheds little light on this issue. Instead, it asks a hypothetical question: "why would someone sign a note promising to pay a loan when they had already signed a note eight months previously?" Opposition, 5:6-7. The answer is to consolidate the amount owed into a single note. The sole evidence that consolidation did *not* occur is Wright's declaration that "On or about November 18, 2014, I loaned the sum of $39,000.00 to Debtor Shorb DCE, LLC." Opposition, 9:3. Evidence that Wright paid this amount from his bank account on this date should be easy for Wright to obtain. However, the Opposition attaches no documents evidencing this purported payment.

The second basis for the Trustee's objection to Claim Nos. 10, 11, and 13 is that these claims appear to be claims against Elke Coffey and/or David Kwok. Wright makes essentially the same alter ego argument that this Court rejected when it entered its orders disallowing Claims Nos. 17, 18 and 19 of Stephen Forde (the orders disallowing those claims are found at Docket Nos. 150, 151 and 152). Even if the Debtor did not have a bank account, that is not a sufficient basis to assert that all amounts owed by Elke Coffey are also amounts owed by the Debtor. The Opposition even suggests that the Debtor may not have benefitted from these payments, stating that Elke Coffey and David Kwok were "diverting funds for their personal use." Opposition, 2:15. Thus, the evidence demonstrates that Wright possesses a claim against Elke Coffey and/or David Kwok, but not against the Debtor.

**Claim No. 12**

One basis for the Trustee's objection to Claim No. 12 is that it is based upon a promissory note which Elke Coffey asserts was paid off in cash, and that Wright acknowledged was voided by writing a certain statement on the note in Elke Coffey's presence. In the Opposition, Wright denies that either of these events occurred.

The Court need not conduct an evidentiary hearing on that issue, because the second basis for the Trustee's objection to Claim No. 12 is that the promissory note underlying the claim is (1) signed by Elke Coffey in her individual capacity, and (2) identifies the borrower as "Borrower, Elke Coffey". Had the parties desired the Debtor to be responsible for this payment, the Debtor could have either signed this note or guaranteed it, bank account or no. Claim No. 12, thus, is properly asserted against Elke Coffey and not the Debtor.

**Claim No. 14**

The sole basis for the Trustee's objection to Claim No. 14 is that it is a debt owed by Elke Coffey, and not the Debtor. The cashier's check attached to Claim No. 14 states that it is made out to Elke Coffey. There is no indication, in any document, that these funds were to be used by the Debtor. The Opposition does not even make that assertion, stating only that Wright paid Elke Coffey due to a shortfall in rent that the Debtor would otherwise have generated from its business operations. Opposition, 6:4.

The Opposition questions why Elke Coffey did not submit a declaration in support of the motion to disallow this claim, but the objection is based solely on the proof of claim and the documents attached to it. Because of this, Elke Coffey's opinion of the contents of these documents is not admissible evidence.

**Claim No. 15**

The sole basis for the Trustee's objection to Claim No. 15 is that it is a debt owed by Elke Coffey, and not the Debtor. The cashier's check attached to Wright's proof of claim is made out to Elke Coffey, and has some (partially legible) handwriting on it. Wright asserts that this handwriting indicates that these funds were used to make the Debtor's mortgage payment to East West Bank.

SFW\ 2627043.2                                         3

Opposition, 6:28. Even if that were true, the Trustee submits that that evidence is not sufficient for Wright to meet his burden of proof that the Debtor is liable on this claim.

### Claim No. 16

The Trustee's objection to Claim No. 16 is identical to his objection to Claim No. 12. The Opposition provides no further information regarding Claim No. 16, but does assert that the Trustee has proffered no evidence apart from the proof of claim itself. Opposition, 7:9. As the cashier's check attached to this claim is made out to Elke Coffey, this claim should be disallowed against the Estate.

## THE CLAIMS SHOULD BE DISALLOWED

The questions before the Court are (1) whether the Trustee has raised "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claims themselves" (Wright v. Holm (In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)), and (2) if so, whether Wright has proven the validity of his claim by a preponderance of the evidence. (Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995).

The Trustee submits that the first question is met in each instance, due to the documents attached to the proof of claim which indicate on their face that payments were made to Elke Coffey and not the Debtor. Thus, the Trustee submits that the Court should consider the balance of the evidence and determine if Wright has met his burden of proof.

The Trustee submits that the balance of proof weighs in favor of finding that these claims are properly asserted against non-Debtor parties. There is no note or other written instrument indicating that the Debtor agreed to pay any of these amounts to Wright. The evidence that the Debtor was unjustly enriched by these payments by Wright is scant, though it appears that some portion of these payments by Wright to Elke Coffey and/or David Kwok were used to pay certain expenses of the Debtor. For certain specific claims noted above, additional evidence exists that weighs against finding a claim against the Debtor. The Trustee submits that for these reasons, it is appropriate to disallow Wright's claims as against the Debtor.

DATED: June 5, 2018

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Steven F. Werth
Steven F. Werth
Attorneys for John J. Menchaca
Chapter 7 Trustee

SFW\ 2627043.2

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION OF CREDITOR WILLIAM B. WRIGHT TO TRUSTEE'S OBJECTIONS TO CLAIM NOS. 10, 11, 12, 13, 14. 15 AND 16** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 5, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com, allie@lesliecohenlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com, igaeta@menchacacpa.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com, kmccamey@sulmeyerlaw.com, asokolowski@ecf.inforuptcy.com, swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 5, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Honorable Barry Russell<br>United States Bankruptcy Court<br>Central District of California<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 | Claimant:<br>William B. Wright<br>404 North Del Mar Avenue<br>San Gabriel, CA 91776 | With Notices To:<br>Carol G. Unruh, Esq.<br>3000 South Robertson Blvd Ste 215<br>Los Angeles, CA 90034 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 5, 2018 | Kelli Mccamey | /s/ Kelli Mccamey |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

KM\ 2623410.1 6/5/2018 (1:23 PM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**