Ure Law Firm  (SPACE BELOW FOR FILING STAMP ONLY)
800 West 6th Street, Suite 940
Los Angeles, California 90017
TEL.: (213) 202-6070
FAX.: (213) 202-6075
Thomas B. Ure (CA State Bar No. 170492)
email: tom@urelawfirm.com

Attorney for:   Curt Wang

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE: | **Case No. 2:17-bk-14240-BR** |
| SHORB DCE, LLC, | **CHAPTER 7** |
| Debtor-in-Possession. | **MOTION OF CREDITOR AND INTERESTED PARTY CURT WANG FOR RELIEF FROM JUDGMENT GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS, PURSUANT TO FRCP 60(b) AND FRBP 9024; DECLARATION OF CURT WANG IN SUPPORT THEREOF.** |
| | HEARING:<br>DATE:    TBD<br>TIME:    2:00 p.m.<br>PLACE:   Courtroom 1668, 16th Floor<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

**TO:   THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; AND ALL OTHER INTERESTED PARTIES:**

Creditor/Interested Party Curt Wang hereby moves the Court, pursuant to FRCP 60(b), as incorporated by FRBP 9024, for an order setting aside the May 15, 2018 Order Granting Debtor's Emergency Motion For Order Authorizing Disbursement Of Surplus Funds, as set forth below.

This motion shall be based on the attached Points and Authorities, the attached Declaration of Curt Wang, all pleadings and papers on file herein and any further written or oral evidence permitted by the Court.

Respectfully submitted,

Dated: June 22, 2018

By: /s/ Thomas B. Ure
Thomas B. Ure
Attorney for Debtor

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Curt Wang (hereinafter "Wang) is the single managing member of Debtor Shorb DCE, LLC (hereinafter "Shorb"), holding a 25% interest in the company. He was not involved in the filing of the bankruptcy case, but did file a Proof of Claim on October 27, 2017 which was assigned Claim Number 5. He was also listed as an unsecured creditor in Debtor's filed Schedule E/F.

Stephen Forde (hereinafter "Forde") is the assignee of various judgments against David Kwok and Elke Coffey, two of the three members of Debtor Shorb. Kwok and Coffey are not debtors themselves. Mr. Forde, as assignee, has pending state court actions regarding enforcement of charging orders against Kwok and Coffey affecting their individual interests in Shorb. These actions are "Harvest Credit Management v. David Kwok", "Peter Wong v. David Kwok and Elke Coffey", and "California Commerce Club v. David Kwok and Elke Coffey." The Superior Court actions only involve Forde and the defendants Kwok and Coffey. Shorb DCE, LLC is not a party to any of those actions.

Forde had, pursuant to charging orders issued by the Superior Court, arranged for an auction of the interests of the individuals David Kwok and Elke Coffey to be conducted by the Los Angeles County Sheriff's Office, on May 17, 2018.

Kwok and Coffey, through Shorb's counsel, filed on May 11, 2018 an "Emergency Motion For Order Authorizing Disbursement Of Surplus Funds" to allow them to get funds to avoid the sale of their individual interests in Shorb. It is not clear from the Motion how the estate benefits from settling these claims against non-debtors and/or why the bankruptcy estate would have any position as to who owns the shares of the Debtor (i.e. what difference it makes to the estate if Forde owns the shares through the auction or if Kwok and Coffee own the shares).

At the time the emergency motion was filed, the Chapter 7 trustee was holding funds from the prior sale of Shorb's only asset, an apartment building. Various claims were and are being

litigated, so it has yet to be determined just how much in surplus funds the Debtor Shorb will receive after all allowed claims are paid. The emergency motion was not served on Wang, a member and manager of Debtor. It was also not served on Forde. It was opposed by creditor William Wright and party in interest Stephen Forde. At a hearing held on May 15, 2018, the Court granted the motion of Kwok and Coffey. Wang only became aware of the motion and the court's order after the improper distribution was made for the benefit of the individual members Kwok and Coffey.

The order allowed the trustee to disburse directly to the Los Angeles County Sheriff the sum of $230,340.65 on behalf of defendants Kwok and Coffey in the Superior Court actions and the sum of $36,296.85 directly to the trust account of Bruce Menke, attorney for plaintiff Forde in the Superior Court action. There was no disbursement by the trustee to Shorb or to any of Shorb's creditors.

## II.

## POINTS AND AUTHORITIES

**A.    RELIEF UNDER RULE 60(b) IS APPROPRIATE BECAUSE THE ORDER GRANTING THE MOTION IS VOID**

FRCP 60 applies in bankruptcy cases, pursuant to FRBP 9024. Rule 60(b) allows a party to seek relief from an order or judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

An order entered without notice to a party entitled to such notice is void and the party is entitled to relief under Rule 60(b)(4). *Winhoven v. U.S.*, 201 F. 2d 174, 175 (9th Cir. 1952). See also *Andrew v. Coopersmith* (*In re Downtown Investment Club III*), 89 B.R. 59, 63 (9th Cir. BAP 1988).

A judgment is not void merely because it is erroneous. It is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law. *Corning Fiberglas Corp. v. Center Wholesale, Inc.* (*In re Center Wholesale, Inc.*, 759 F. 2d 1440, 1448 (9th Cir. 1985).

Wang, as managing member of Debtor, has a financial interest in any surplus funds to be disbursed by the trustee at the appropriate time. As manager of Shorb, he was entitled to notice of the motion filed by Kwok and Coffey, whether it was or was not a legitimate exercise of whatever authority they may have had as members of Debtor. Because of that interest, Wang should have been noticed of the emergency motion.

Without proper notice of the pending motion, the court lacked the jurisdiction to bind Wang by the Order. The Order had the effect of cutting Shorb out of the process of distribution to its members. There was no basis for doing so and notice was improper. Therefore, the judgment is void.

## B.    RELIEF UNDER RULE 60(b) IS APPROPRIATE PURSUANT TO CALIF. CORP. CODE § 17703.01

Calif. Corp. Code § 17703.01(b)(1) provides that no member of an LLC acting solely in the capacity of a member is an agent of the LLC, nor can any member bind or execute any instrument on behalf of the LLC.

Calif. Corp. Code § 17703.01(c) states that no act of a manager or member in contravention of a restriction on authority shall bind the LLC to persons having actual knowledge of the restriction.

Calif. Corp. Code § 17704.07(c)(1) requires, in a manager-managed LLC, that any matters related to the activities of the LLC are to be decided exclusively by the manager(s).

Calif. Corp. Code § 17704.07(c)(4)(C) requires, in a manager-managed LLC, that consent of all the members is required to undertake any act outside the ordinary course of the LLC's business.

Calif. Corp. Code § 17704.09(d) states that a member shall "discharge the duties to an LLC and other members under this title or under the operating agreement and exercise any rights consistent with the obligation of good faith and fair dealing."

Kwok and Coffey and/or Shorb had no statutory basis to seek an order to allow the trustee to distribute funds to or on behalf of individual members of the LLC. Any funds disbursed should have been paid to Shorb. Kwok and Coffey, as individuals, were not entitled to anything. Once all creditors have received distribution and all administrative claims are paid, the remaining anticipated surplus funds held by the trustee should be, at the appropriate time, disbursed to Shorb. Then, pursuant to the Operating Agreement and applicable California law, funds could be distributed to individual members.

**C.    CURT WANG WAS NOT PROVIDED HIS DUE PROCESS RIGHTS**

The procedural requirements for due process have been established by the Supreme Court:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance."

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950).

The purpose of notice under the due process clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing. *Memphis Light, Gas & Water Division, et al v. Craft, et al*, 461 U.S. 1, 14-15 (1978). Wang is certainly an affected individual. Wang is a member of the LLC and any distribution of funds from this estate directly effect his future distribution of the surplus funds and dilute the amount of money which will be available. In addition, this disbursement provided direct benefits to other individual members of the LLC while providing no benefit to Wang.

///

///

- 6 -

# III.

# **CONCLUSION**

Based on the foregoing, Curt Wang respectfully requests that the Court set aside its order entered on May 15, 2018, and order any funds distributed pursuant to that order to be returned to the Chapter 7 Trustee.

Respectfully submitted,

Dated:  June 22, 2018

By: /s/ Thomas B. Ure
Thomas B. Ure
Attorney for Debtor

## DECLARATION OF CURT WANG

I, Curt Wang, declare as follows:

1. I have personal knowledge of the facts stated herein, and if called upon to testify thereto, I could and would do so competently and truthfully.

2. I am one of the three members and the only manager of Debtor Shorb DCE, LLC (hereinafter "Shorb"). I hold a 25% interest in the LLC. A copy of the relevant pages of the Statement of Information and Articles of Organization filed with the California Secretary of State are attached hereto as Exhibit A.

3. The other member of Shorb is David Kwok (hereinafter "Kwok"), who may have transferred 10% of his 75% interest to Elke Coffey (hereinafter "Coffey").

4. Shorb is a "manager-managed" company, pursuant to the Articles of Organization.

5. I was listed as an unsecured creditor of Shorb in the bankruptcy schedules filed with the court and have filed a Proof of Claim.

6. Kwok and Coffey were not listed as creditors and have not filed claims. Because of the filing of my claim with the bankruptcy court, my mailing address has been readily available to anyone who wished to provide me with service of any documents.

7. I was not served with a copy of the "Emergency Motion for Order Authorizing Disbursement of Surplus Funds."

8. The Motion requested distribution of estate assets in order to directly pay claims against Kwok and Coffey, not Shorb. Such a direct distribution is prohibited by the Operating Agreement of Shorb, a copy of which is attached hereto as Exhibit B.

9. As a managing member of Shorb, I was entitled to notice of this motion, so that a proper meeting or other agreement could be arranged. Because, pursuant to the Operating Agreement, I am entitled to 25% of the net profits of the company, I should participate in any distribution.

10. I only found out about the court allowing Kwok and Coffey to take money directly out of the proceeds of the sale of the property when I was contacted by Steven Forde after the motion had been granted.

11. The basis for the motion was stated to be to avoid the auction of the shares owned by Kwok and/or Coffey to Forde. This action directly benefitted Kwok and/or Coffey and not Shorbe. The Motion fails to provide for how this distribution provided any benefit to the estate.

12. I am requesting that this improper disbursement for the benefit of members of the LLC and not for the benefit of the Debtor be reversed.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on this 25 day of June, 2018 at Los Angeles, California.

Curt Wang
Creditor/Interested Party

| In re:<br>**SHORB DCE, LLC**<br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **2:17-bk-14240-BR** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**800 West 6th Street., Suite 940**
**Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF CREDITOR AND INTERESTED PARTY CURT WANG FOR RELIEF FROM THE JUDGMENT GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS, PURSUANT TO FRCP 60(b) AND FRBP 9024; DECLARATION OF CURT WANG IN SUPPORT THEREOF**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __**6/29/2018**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR CREDITOR** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
ATTORNEY FOR U.S. TRUSTEE Ron Maroko ron.maroko@usdoj.gov
**ATTORNEY FOR CREDITOR** Elmer D Martin elmermartin@gmail.com
TRUSTEE John J Menchaca (TR) jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
U.S. TRUSTEE United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
**ATTORNEY FOR CREDITOR** Carol G Unruh cgunruh@sbcglobal.net
**ATTORNEY FOR CREDITOR** Steven Werth swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com
**ATTORNEY FOR CREDITOR** Thomas B. Ure tom@urelawfirm.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On __**6/29/2018**__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**United States Bankruptcy Court**
**Honorable Barry Russell**
**255 E. Temple Street, Suite 1660 / Courtroom 1668**
**Los Angeles, CA 90012**

☑ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **9013-3.1.PROOF.SERVICE**

| In re:                |              | CHAPTER **7**                      |
|-----------------------|--------------|-------------------------------------|
| **SHORB DCE, LLC**    |              | CASE NUMBER **2:17-bk-14240-BR**    |
|                       | Debtor(s).   |                                     |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/29/2018 | **Yolanda Segura** | /s/ Yolanda Segura |
|-----------|---------------------|---------------------|
| *Date*    | *Printed Name*      | *Signature*         |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

East West Bank
135 N. Los Robles Avenue
Pasadena, CA 91101-1758

MENCHACA & COMPANY LLP CPA
835 WILSHIRE BLVD., STE. 300
LOS ANGELES, CA 90017-2655

Shorb DCE, LLC
910 Shorb St.., Unit F
Alhambra, CA 91803-2448

SulmeyerKupetz PC
333 S Hope St 35th Fl
Los Angeles, CA 90071-1406

Curt Wang
802 E. Mission Rd.
San Gabriel, CA 91776-2716

East West Bank
1001 Fair Oaks Ave
South Pasadena, CA 91030-3309

East West Bank
135 N. Los Robles
Pasadena, CA 91101-1758

Elke Coffey
912 Shorb St Unit A
Alhambra Ca 91803-2445

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

James Wang
802 E. Mission Rd.
San Gabriel, CA 91776-2716

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
PO BOX 54110
LOS ANGELES CA 90054-0110

LOs Angeles County Tax Collector
225 N Hill Street
Los Angeles CA 90012-3253

Law Offices of Tom C Tsay Inc
208 E Valley Blvd Ste C
San Gabriel CA 91776-6514

Stephen Forde
1613 Chelsea Road
San Marino CA 91108-2419

The Wright Trust dated 11/19/1984
Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

William B Wright
Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

William B Wright as Trustee of the
William Barber Wright Revocable Trust
Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

Kevin Tang
601 S Figueroa St Ste 4050
Los Angeles, CA 90017-5879

Leslie A Cohen
Leslie Cohen Law PC
506 Santa Monica Bl Ste 200
Santa Monica, CA 90401-2413

William B. Wright
c/o Law Offices Of Carol G. Unruh
3000 S. Robertson Blvd.
Suite 215
Suite 215
Los Angeles, CA 90034-3156

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).