Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Shorb DCE, LLC<br><br>         Debtor | Case No. 2:17-bk-14240-BR<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION OF CREDITOR AND INTERESTED PARTY CURT WANG FOR RELIEF FROM JUDGMENT GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS, PURSUANT TO FRCP 60(B) AND FRBP 9024; DECLARATION OF ELKE COFFEY**<br><br>Hearing Information:<br>Date:  August 1, 2018<br>Time:  2:00 p.m.<br>Courtroom: 1668 |

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE; MOVANT AND ITS COUNSEL; DEBTOR AND ITS COUNSEL; AND ALL INTERESTED PARTIES:**

Shorb DCE, LLC ("**Debtor**"), the debtor in the above-captioned chapter 7 bankruptcy case, hereby opposes the *Motion Of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement Of Surplus Funds, Pursuant To FRCP 60(B) And FRBP 9024* filed by Curt Wang ("**Wang**") as follows:

## I. BACKGROUND

On April 4, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

The Court converted this to Chapter 7 on August 30, 2017 [Docket No. 85], and on August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee ("**Trustee**") of the Debtor's bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

Stephen Forde ("**Forde**") filed three claims in this case after acquiring them from third-parties, filed as Proofs of Claim no 17-19 (the "**Forde Claims**"). The Trustee objected to the Forde Claims and the Forde Claims were disallowed by Court orders entered March 29, 2018 [Docket No. 150-152]. Accordingly, Forde is not a party in interest in this bankruptcy case.

After the disallowance of the Forde Claims, Forde continued his aggressive tactics against the Debtor's principals, Elke Coffey ("**Coffey**") and David Kwok ("**Kwok**"), in state court. Through the state court litigation in LA Superior Court Case No. GC041324, Forde obtained a charging order against Coffey and Kwok's interests in the Debtor, and those interests were set to go to sheriff's sale the morning of May 17, 2018 (the "**Sheriff's Sale**").

1  On afternoons of May 3, 2018, May 8, 2018, May 10, 2018 and May 11, 2018 Coffey met with Wang at Wang's office located at 802 E. Mission Road, San Gabriel, CA 91776 to discuss the Forde Claims and the Sheriff's sale.  See attached Declaration of Elke Coffey ("**Coffey Decl.**"). During these meetings, Coffey requested that Wang loan her and Kwok the funds to pay Forde in order to avoid the Sheriff's Sale.  See Coffey Decl. During these meetings, Coffey explained to Wang that if he was not able to loan them the funds, that the Debtor would be filing an emergency motion to disburse surplus funds for this purpose and explained that there were substantial surplus funds in the bankruptcy estate.  See Coffey Decl. Wang was willing to loan Coffey and Kwok the funds to pay Forde, but not on acceptable terms. See Coffey Decl.

Accordingly, on May 11, 2018, the Debtor filed its Emergency Motion For Order Authorizing Disbursement of Surplus Funds ("**Emergency Motion**").  See Docket No. 182.

On May 14, 2018, the chapter 7 trustee filed his Notice of No Opposition to the Emergency Motion.  See Docket No. 185.

The hearing on the Emergency Motion was held on May 15, 2018.

Also on May 15, 2018, the Bankruptcy Court entered the order ("**Order**") granting the Motion. See Docket No. 190.  The Order directed the Trustee to issue cashier's checks to pay two of the Forde claims, and the Trustee disbursed the required funds on May 16, 2018. See Elke Decl.

On May 25, 2018, Forde filed his Notice of Appeal of the Order, commending Appellate Case No. 18-1138 (the "**Appeal**").  See Docket No. 197.

On June 29, 2018, Wang filed his Motion.

## II. **DISCUSSION**

### A. **The Bankruptcy Court Lacks Jurisdiction To Consider the Motion Due To The Pending Appeal**

Filing of a notice of appeal confers jurisdiction on the appellate court and divests the trial court of jurisdiction over the matters appealed. See Marrese v. American

3

Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982); Smith v. Lujan, 588 F.2d 1304 (9th Cir. 1979). Taylor v. Wood, 458 F.2d 15, 16 (9th Cir. 1972); Sumida v. Yumen, 409 F.2d 654, 656 (9th Cir. 1969) In re Shay, 2017 Bankr. LEXIS 118, *3 (Bankr. C.D. Jan. 13, 2017).

"Though the majority of jurisdictions have held that a district court has the jurisdiction to deny, but not grant, a Rule 60(b) motion for reconsideration even after an appeal has been filed, in this circuit the district court does not have jurisdiction to act on the motion at all once the notice of appeal has been filed." Coastal Delivery Corp. v. United States Customs Serv., 272 F. Supp. 2d 958, 966-967 (C.D. Cal. 2003).

Here, Wang is moving under FRCP 60(b) for relief from the very Order that is the subject of Appeal. Accordingly, the Bankruptcy Court has no jurisdiction to rule on the Motion.

**B.    There Is No Basis For Granting Relief Under FRCP 60(b) In Any Event**

Even if the Bankruptcy Court could consider the Motion, Wang fails to demonstrate grounds for relief under FRCP 60(b)(4).

### 1.    Wang Has Not Demonstrated He Was Entitled To Notice

Wang contends that the Order is void because he, as a member of the Debtor, did not receive notice of the Emergency Motion. To support this contention, Wang cites to Winhoven v. U.S., 201 F. 2d 174, 175 (9th Cir. 1952) and Andrew v. Coopersmith (In re Downtown Investment Club III), 89 B.R. 59, 63 (9th Cir. BAP 1988); however neither of these cases states that an order is void if an LLC member is not listed on the proof of service. Winhoven concerned a criminal judgment which was determined to be void because the criminal defendant was not present at the judgment hearing. Downtown Investment Club concerned a motion to vacate an order which modified a plan of reorganization without compliance with Bankruptcy Code § 1127(b). Neither of these cases mandates that an LLC member be provided written notice of a motion to disburse excess funds from a chapter 7 bankruptcy estate.

4

Moreover, Wang's contention, at Motion 3:4-5, that he holds a 25% interest in the Debtor and is the "single managing member" of the Debtor fails for several reasons.

First, Wang offers no evidence that he is the Debtor's managing member or holds a 25% interest. Although his declaration references exhibits, no exhibits were filed with the Motion.

Second, Wang's proclamation that he is the managing member is contradicted by his activity in this bankruptcy case. For instance, Wang states at Motion p. 3 line 5-6, that he was not involved in the filing of the bankruptcy case, which a managing member would arguably need to be. Moreover, other than filing his proof of claim on October 27, 2017 (which evidences his knowledge of the bankruptcy case), Wang has been completely inactive in the case until he filed this Motion. If, as Wang asserts, this bankruptcy case has proceeded without the consent of the only managing member, one would expect that managing member to have raised objections to the filing. However, Wang has never filed any opposition to anything in the bankruptcy case at any point.

Third, Wang offers no authorities which state that a corporate debtor is required to notify its members of its pleadings in a bankruptcy case. Nor does Wang offer the Operating Agreement he claims was violated by the Emergency Motion and Order.

Lastly, Wang's citations to the California Corporate Code do not appear to have any bearing on this bankruptcy case or the Emergency Motion or order. To the extent that those sections may potentially offer grounds for a dispute between Wang, Coffey and Kwok as LLC members, any such dispute does not affect the Order, nor provide grounds to change the Order under FRCP 60(b)(4).

2.  Wang Received Notice Of The Motion

As described above, Wang was notified by Coffey that the Debtor would be filing the Emergency Motion if they were unable to come to agreeable terms by which Wang would loan Coffey and Kwok the funds needed to pay Forde. See Coffey Decl. Accordingly, Wang had notice of the Emergency Motion even before it was filed.

### III. CONCLUSION

For all of the foregoing reason, Debtor respectfully submits that the Court lacks jurisdiction to consider Motion, and that the Motion should be denied in any event.

Respectfully submitted,

Dated: July 18, 2018                                        LESLIE COHEN LAW, PC


                                      */s/ Leslie A. Cohen*
                                 Leslie A. Cohen
                                 Counsel for the Debtor

6

# DECLARATION OF ELKE COFFEY

I, Elke Coffey, declare as follows:

1. I am over 18 years of age. I am co-manager of Shorb DCE LLC (the "Debtor"), the debtor in the above-captioned bankruptcy cases. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto, and where statements are based on information and believe, I believe them to be true and correct and would testify thereto.

2. After this Court's disallowance of the Forde Claims, Forde continued his aggressive tactics against the Debtor's principals, me and David Kwok ("**Kwok**"), in state court. Through the state court litigation in LA Superior Court Case No. GC041324, Forde obtained a charging order against my and Kwok's interests in the Debtor, and those interests were set to go to sheriff's sale the morning of May 17, 2018 ("**Sheriff's Sale**").

3. On afternoons of May 3, 2018, May 8, 2018, May 10, 2018 and May 11, 2018, I met with Wang at Wang's office located at 802 E. Mission Road, San Gabriel, CA 91776 to discuss the Forde Claims and the Sheriff's sale. During these meetings, I requested that Wang loan me and Kwok the funds to pay Forde in order to avoid the Sheriff's Sale. During these meetings, I explained to Wang that if he was not able to loan us the funds, that the Debtor would be filing an emergency motion to disburse surplus funds for this purpose and explained that there were substantial surplus funds in the bankruptcy estate. Wang was willing to loan us the funds to pay Forde, but not on acceptable terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of July 2018 at Los Angeles, California.

_____
Elke Coffey

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION OF CREDITOR AND INTERESTED PARTY CURT WANG FOR RELIEF FROM JUDGMENT GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS, PURSUANT TO FRCP 60(B) AND FRBP 9024; DECLARATION OF ELKE COFFEY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __7/18/18____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Ron Maroko    ron.maroko@usdoj.gov
Elmer D Martin    elmermartin@gmail.com
John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Carol G Unruh    cgunruh@sbcglobal.net
Thomas B Ure    tbuesq@aol.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com    ☐
Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _7/1818____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/18/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

**BY MAIL:**

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Ste 1660
Los Angeles, CA 90012

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Thomas Ure
Ure Law Firm
800 West 6th Street, Ste 940
Los Angeles, CA 90017

John J. Menchaca
Menchaca & Company LLP CPA
835 Wilshire Blvd., Ste. 300
Los Angeles, CA 90017

Steven F. Werth
SulmeyerKupetz
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**