Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>    Shorb DCE, LLC<br><br>           Debtors and | Case No. 2:17-bk-14240-BR<br><br>Chapter 7<br><br>**MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS; DECLARATION OF DAVID KWOK**<br><br>[Hearing to Be Set By Court] |

**TO THE HONORABLE BARRY RUSSEL, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

     Shorb DCE, LLC ("**Shorb**" or the "**Debtor**"), Debtor in the above captioned case, hereby moves the Court for an order authorizing John J. Menchaca, in his capacity as Chapter 7 Trustee ("**Trustee**"), to release $266,643.50 of the surplus funds in the bankruptcy estate as follows:

## I.    INTRODUCTION

     Shorb DCE, LLC ("**Debtor**") requests that the Court authorize the release of surplus funds from the bankruptcy estate by the Trustee in order to pay two (2) claims

held by Stephen Forde, who is aggressively pursuing the Debtor's principals and seeking to auction their interests in the Debtor and get paid from proceeds of the estate as an end run around the Court's order disallowing his claims in this bankruptcy case. The Debtor is informed that the estate is expected to have surplus funds of at least $500,000 after payment of all administrative expenses and claims against the estate. Accordingly, release of the requested funds will not be detrimental in any way to the estate, alleged interest holders in the Debtor, or the creditors in this case, but will stop Stephen Forde's improper attempts to gain control of the Debtor and get paid from funds related to the bankruptcy estate.  Notice of this Motion has been given to all creditors and interest holders in the case.

## II.    BACKGROUND

On April 4, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

The Court converted this to Chapter 7 on August 30, 2017 [Docket No. 85], and on August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

Stephen Forde ("**Forde**") filed three claims in this case after acquiring them from third-parties, filed as Proofs of Claim no 17-19 (the "**Forde Claims**"). The Trustee objected to the Forde Claims and the Forde Claims were disallowed by Court orders entered March 29, 2018 [Docket No. 150-152]. Accordingly, Forde is not a party in interest in this bankruptcy case.

After the disallowance of the Forde Claims, Forde continued his aggressive tactics against the Debtor's principals, Elke Coffey ("**Coffey**") and David Kwok ("**Kwok**"), in state court. Through the state court litigation in LA Superior Court Case No. GC041324, Forde has obtained a charging order against Coffey and Kwok's interests in the Debtor, and those interests are set to go to sheriff's sale (the "**Sheriff's Sale**"). The Sheriff's Sale was scheduled for the morning of May 17, 2018, but was terminated due to receipt of payment pursuant to the prior *Emergency Motion for Order Authorizing Disbursement of Surplus*

*Funds* ("**Emergency Motion**") [Docket No. 182] which was previously approved [Docket No. 190] (the "**Disbursement Order**").

On Jun 29, 2018, Curt Wang ("**Wang**") filed a motion for relief from the Disbursement Order ("**Wang Motion**"), alleging that he is 25% owner of the Debtor, and did not receive notice of the Emergency Motion. See Docket No. 206. Although Wang filed no reply to the Debtor's opposition to the Wang Motion, at the August 1, 2018 hearing, the Wang Motion was granted and the Disbursement Order was vacated. The Debtor is informed that Forde has rescheduled the Sheriff's Sale, or will do so shortly. At this time, the Debtor does not know whether the funds previously paid to the Sheriff by the Trustee under the Disbursement Order have been returned to the Trustee.

The Debtor disputes that Wang has any ownership interest in the Debtor. Per the *LLC Interest Transfer Agreement* ("**Transfer Agreement**") attached as ***Exhibit A***, Wang received a 25% interest in the Debtor from Kwok in return for $225,000, which was to be paid within 10 days of the January 23, 2007 agreement. In good faith reliance on Wang's representations that the $225,000 would be paid per the Transfer Agreement, Kwok added Wang as a member on the Debtor's filing with the California Secretary of State on January 29, 2007. See ***Exhibit B***. However, Wang never paid the $225,000. See Kwok Declaration. Accordingly, there was no consideration for the 25% transfer, and the Transfer Agreement was therefore never effective.

The Debtor is informed that the Trustee is holding approximately $1,100,000 in the bankruptcy estate, which is more than enough funds to pay all estimated administrative claims and all creditors (including those claims that are subject to pending claim objections) in full, and still leave a surplus remaining of at least $500,000 (the "**Surplus Funds**") to which the Debtor will be entitled. The Debtor disputes that Wang is a valid interest holder, and submits that Wang is not entitled to any of these surplus funds, as he never paid the consideration required to obtain the alleged 25% interest. Nonetheless, the requested disbursal of $266,643.50 is less than 50% of the Surplus Funds, and therefore, Wang's equity interest in the Debtor, to the extent he has any, is protected.

Accordingly, the Debtor is seeking release of $266,643.50 of the Surplus Funds by the Trustee in order to pay two of the Forde Claims in full, terminate the Sheriff's Sale, and prevent Forde's attempt to take control of the Debtor as follows:

    a. Court authorization and approval of the cashier's check previously issued by the Trustee pursuant to the Disbursement Order, which was made payable to "Bruce Menke Client Trust Account" in the amount of $36,296.85, memo "Commerce Casino-Case No. 07K10959," or, if that payment has already been returned, then, in the alternative, authorization for the Trustee to reissue this cashier's check;

    b. Court authorization and approval of the cashier's check previously issued by the Trustee pursuant to the Disbursement Order, which was made payable to "Los Angeles County Sheriff" in the amount of $ 230,346.65, memo "Peter Wong-Case No. GC041324" or, if that payment has already been returned, then, in the alternative, authorization for the Trustee to reissue this cashier's check.

### III. DISCUSSION

Section 105(a) authorizes a court to sua sponte "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Here, the early release of portion of the Surplus Funds is necessary to prevent Forde's attempts to collect from the Debtor after his claims have already been disallowed by the Court.  The release of funds requested herein will not prejudice any party, including the disputed interests of Wang, as there are sufficient funds in the estate to pay all administrative expenses and all claims (including those claims which are subject to pending claim objections) and still leave $500,000 of Surplus Funds in the estate, in which Wang claims only a 25% interest. Even after the disbursement of funds that the Debtor is requesting be released, over $230,000 in Surplus Funds will still remain in the bankruptcy estate, and the Debtor' will be entitled to the Surplus Funds in any event.  Moreover, Wang's disputed 25% interest will be adequately protected by the

remaining Surplus Funds in the estate. If the requested funds are not released, the Sheriff's Sale go forward, and will effectively wipe out the interests in the Debtor, and will result in a windfall to Forde who will receive far more than the amount of his claims.

Accordingly, the Debtor respectfully submits that the release of $266,643.50 in Surplus Funds is necessary to prevent Forde's attempts to take control of the Debtor through the Sheriff's Sale, as an end run around this Court's orders disallowing the Forde Claims.

## IV. CONCLUSION

For all of the foregoing reason, Debtor respectfully requests that the Court enter an order authorizing the Trustee to release $266,643.50 of the Surplus Funds in the manner described herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

Dated: August 8, 2018                    LESLIE COHEN LAW, PC


By:  /s/    Leslie A. Cohen
     Leslie A. Cohen
       Attorneys for the Debtor

## DECLARATION OF DAVID KWOK

I, David Kwok, declare as follows:

1. I am over 18 years of age. I am co-manager of Shorb DCE LLC (the "**Debtor**"), the debtor in the above-captioned bankruptcy cases. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto, and where statements are based on information and believe, I believe them to be true and correct and would testify thereto.

2. On April 4, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

3. The Court converted this to Chapter 7 on August 30, 2017 [Docket No. 85], and on August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

4. Stephen Forde ("**Forde**") filed three claims in this case after acquiring them from third-parties, filed as Proofs of Claim no 17-19 (the "**Forde Claims**"). The Trustee objected to the Forde Claims and the Forde Claims were disallowed by Court orders entered March 29, 2018 [Docket No. 150-152]. Accordingly, Forde is not a party in interest in this bankruptcy case.

5. After the disallowance of the Forde Claims, Forde continued his aggressive tactics against the Debtor's principals, Elke Coffey ("**Coffey**") and me, in state court. Through the state court litigation in LA Superior Court Case No. GC041324, Forde has obtained a charging order against Coffey and my interests in the Debtor, and those interests are set to go to sheriff's sale (the "**Sheriff's Sale**"). The Sheriff's Sale was scheduled for the morning of May 17, 2018, but was terminated due to receipt of payment pursuant to the prior *Emergency Motion for Order Authorizing Disbursement of Surplus Funds* ("**Emergency Motion**") [Docket No. 182] which was previously approved [Docket No. 190] (the "**Disbursement Order**").

6.  On Jun 29, 2018, Curt Wang ("**Wang**") filed a motion for relief from the Disbursement Order ("**Wang Motion**"), alleging that he is 25% owner of the Debtor, and did not receive notice of the Emergency Motion. See Docket No. 206. Although Wang filed no reply to the Debtor's opposition to the Wang Motion, at the August 1, 2018 hearing, the Wang Motion was granted and the Disbursement Order was vacated. I am informed that Forde has rescheduled the Sheriff's Sale, or will do so shortly. At this time, the Debtor does not know whether the funds previously paid to the Sheriff by the Trustee under the Disbursement Order have been returned to the Trustee.

7.  The Debtor disputes that Wang has any ownership interest in the Debtor. Per the *LLC Interest Transfer Agreement* ("**Transfer Agreement**"), a true and correct copy of which is attached as ***Exhibit A***, Wang received a 25% interest in the Debtor from me in return for $225,000, which was to be paid within 10 days of the January 23, 2007 agreement. In good faith reliance on Wang's representations that the $225,000 would be paid per the Transfer Agreement, I added Wang as a member on the Debtor's filing with the California Secretary of State on January 29, 2007. A true and correct copy of this filing is attached as ***Exhibit B***. However, Wang never paid the $225,000. Accordingly, there was no consideration for the 25% transfer, and the Transfer Agreement was therefore never effective.

8.  The Debtor is informed that the Trustee is holding approximately $1,100,000 in the bankruptcy estate, which is more than enough funds to pay all estimated administrative claims and all creditors (including those claims that are subject to pending claim objections) in full, and sill leave a surplus remaining of at least $500,000 (the "**Surplus Funds**") to which the Debtor will be entitled. The Debtor disputes that Wang is a valid interest holder, an submits that Wang is not entitled to any of these surplus funds, as he never paid the consideration required to obtain the alleged 25% interest. Nonetheless, the requested disbursal of $266,643.50 is less than 50% of the Surplus Funds, and therefore, Wang's equity interest in the Debtor, to the extent he has any, is protected.

9. Accordingly, the Debtor is seeking release of $266,643.50 of the Surplus Funds by the Trustee in order to pay two of the Forde Claims in full, terminate the Sheriff's Sale, and prevent Forde's attempt to take control of the Debtor as follows:

    10. Court authorization and approval of the cashier's check previously issued by the Trustee pursuant to the Disbursement Order, which was made payable to "Bruce Menke Client Trust Account" in the amount of $36,296.85, memo "Commerce Casino-Case No. 07K10959," or, if that payment has already been returned, then, in the alternative, authorization for the Trustee to reissue this cashier's check;

    11. Court authorization and approval of the cashier's check previously issued by the Trustee pursuant to the Disbursement Order, which was made payable to "Los Angeles County Sheriff" in the amount of $ 230,346.65, memo "Peter Wong-Case No. GC041324" or, if that payment has already been returned, then, in the alternative, authorization for the Trustee to reissue this cashier's check.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of August 2018 at Los Angeles, California.

*[signature]*

David Kwok

# **EXHIBIT A**

# LLC Interest Transfer Agreement
## of
## Shorb DCE, LLC

This LLC Interest Transfer Agreement is made and entered into this ___Jan___ of _23_, 2007 by and between David Kwok (referred as the "Seller"), and Curt Wang (referred as "Buyer"), and Shorb DCE, LLC. ( the "Company")

The Seller is the legal and beneficial owner and holder of record of one hundred percent (100%) of interest of the Company.

The Buyer desires to purchase and Seller desires to sell twenty five percent (25%) of the total interest of the Company for the sum of US$ _225,000_. Payment of the Purchase Price shall be made by the Buyer to Seller within _10_ days of this agreement.

Other than the interest transferred under this Agreement, Seller still own seventy five percent (75%) of the total interest of the Company. The amended percentage interests in net profits and net losses as of the date of this agreement is in Exhibit B-1.

IN WITNESS WHEREOF, this Agreement has been executed by each of the individual Parties hereto, all on the date first above written.

**SELLER**                                    **BUYER**

___[signature]___                             ___[signature]___
David Kwok                                    Curt Wang


**WITNESS**

By ___[signature]___

EXHIBIT A-1

## Shorb DCE, LLC
## CAPITAL CONTRIBUTION AND VOTING PERCENTAGE OF MEMEBERS

| Name Of Member | Member's Capital Contribution | Member's Percentage Voting Interest |
|---|---|---|
| David Kwok | | 75% |
| Curt Wang | | 25% |
| Total | | 100% |

## EXHIBIT B - 1

**Shorb DCE, LLC**
**PERCENTAGE INTERESTS IN**
**NET PROFIT AND NET LOSSES**
As of _____

| Name Of Member | Member's Net Profits Percentage | Member's Net Loss Percentage |
|---|---|---|
| David Kwok | 75% | 75% |
| Curt Wang | 25% | 25% |
| Total | 100% | 100% |

# **EXHIBIT B**



# State of California
## Secretary of State

L

### STATEMENT OF INFORMATION
(Limited Liability Company)

Filing Fee $20.00. If amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. LIMITED LIABILITY COMPANY NAME (Please do not alter if name is preprinted.)

SHORB DCE, LLC

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

JAN 29 2007

This Space For Filing Use Only

DUE DATE:

**FILE NUMBER AND STATE OR PLACE OF ORGANIZATION**

2. SECRETARY OF STATE FILE NUMBER
200701110001

3. STATE OR PLACE OF ORGANIZATION
CA

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE — 802 E MISSION DR. — CITY AND STATE: SAN GABRIEL, CA — ZIP CODE: 91776

5. CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY) — 802 E MISSION DR. — CITY: SAN GABRIEL — STATE: CA — ZIP CODE: 91776

**NAME AND COMPLETE ADDRESS OF THE CHIEF EXECUTIVE OFFICER, IF ANY**

6. NAME — ADDRESS — CITY AND STATE — ZIP CODE

**NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER** (Attach additional pages, if necessary.)

7. NAME: CURT WANG — ADDRESS: 802 E MISSION DR. — CITY AND STATE: SAN GABRIEL, CA — ZIP CODE: 91776

8. NAME — ADDRESS — CITY AND STATE — ZIP CODE

9. NAME — ADDRESS — CITY AND STATE — ZIP CODE

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California address. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 11 must be left blank.)

10. NAME OF AGENT FOR SERVICE OF PROCESS

CURT WANG

11. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL — 802 E MISSION DR. — CITY: SAN GABRIEL — STATE: CA — ZIP CODE: 91776

**TYPE OF BUSINESS**

12. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY

INVESTMENT IN REAL ESTATE

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

CURT WANG — TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM — SIGNATURE — TITLE: MANAGER — DATE: 1/23/07

LLC-12 (REV 05/2005)    APPROVED BY SECRETARY OF STATE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __8/8/18___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Ron Maroko    ron.maroko@usdoj.gov
Elmer D Martin    elmermartin@gmail.com
John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Carol G Unruh    cgunruh@sbcglobal.net
Thomas B Ure    tbuesq@aol.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
Steven Werth    swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com    ☐
Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _8/818____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/8/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

**BY MAIL:**

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Ste 1660
Los Angeles, CA 90012

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Curt Wang
808 E. Mission Rd.
San Gabriel, CA 91776

Curt Wang
Ko Tai Realty Inc.
802 E. Mission Rd.
San Gabriel, CA 91776

Curt Wang
c/o Thomas Ure
Ure Law Firm
800 West 6th Street, Ste 940
Los Angeles, CA 90017

East West Bank
1001 Fair Oaks Avenue
South Pasadena, CA 91030-3309

East West Bank
135 N Los Robles
Pasadena, CA 91101-1758

Elke Coffey
912 Shorb St., Unit A
Alhambra, CA 91803-2445

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

John J. Menchaca
Menchaca & Company LLP CPA
835 Wilshire Blvd., Ste. 300
Los Angeles, CA 90017

Steven F. Werth
SulmeyerKupetz
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7345
Philadelphia, PA 19101-7346

James Wang
802 E Mission Blvd
San Gabriel, CA 91776-2716

Kevin Tang, Esq.
601 S Figueroa St Ste 4050
Los Angeles, CA 90017-5879

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

Los Angeles County Tax Collector
225 N Hill St
Los Angeles, CA 90012-3253

Law Offices of Tom C Tsay Inc
208 E Valley Blvd, Ste C
San Gabriel, CA 91776-6514

Stephen Forde
1613 Chelsea Road
San Marino, CA 91108

William B Wright as TTE of the William
Barber Wright Revocable Trust
c/o Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**