Ure Law Firm  (SPACE BELOW FOR FILING STAMP ONLY)
800 West 6th Street, Suite 940
Los Angeles, California 90017
TEL.: (213) 202-6070
FAX.: (213) 202-6075
Thomas B. Ure (CA State Bar No. 170492)
email: tom@urelawfirm.com

Attorney for:___Curt Wang___

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE: | **Case No. 2:17-bk-14240-BR** |
| SHORB DCE, LLC, | **CHAPTER 7** |
| Debtor-in-Possession. | **OPPOSITION TO MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS; DECLARATION OF CURT WANG IN SUPPORT THEREOF.** |
| | HEARING: |
| | DATE: September 5, 2018 |
| | TIME: 2:00 p.m. |
| | PLACE: Courtroom 1668, 16th Floor |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

**TO: THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; AND ALL OTHER INTERESTED PARTIES:**

Creditor/Interested Party Curt Wang hereby opposes Debtor's Motion for Order Authorizing Disbursement of Surplus, as set forth below.

Respectfully submitted,

Dated: August 27, 2018

By:__/s/ Thomas B. Ure_____
Thomas B. Ure
Attorney for Debtor

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Debtor commenced this case as a Chapter 11 on April 6, 2017. The case was converted to Chapter 7 on August 30, 2017. Shortly after conversion, Debtor's principal asset, real property located at 910 W. Shorb Street, Alhambra, CA 91803, was sold by the Chapter 7 Trustee.

Curt Wang (hereinafter "Wang) is the single managing member of Debtor Shorb DCE, LLC (hereinafter "Shorb"), holding a 25% interest in the company. He was not involved in the filing of the bankruptcy case, but did file a Proof of Claim on October 27, 2017 which was assigned Claim Number 5. He was also listed as an unsecured creditor in Debtor's filed Schedule E/F.

Stephen Forde (hereinafter "Forde") is the assignee of various judgments against David Kwok and Elke Coffey, two of the three members of Debtor Shorb. Kwok and Coffey are not debtors themselves. Mr. Forde, as assignee, has pending state court actions regarding enforcement of charging orders against Kwok and Coffey affecting their individual interests in Shorb. These actions are "Harvest Credit Management v. David Kwok", "Peter Wong v. David Kwok and Elke Coffey", and "California Commerce Club v. David Kwok and Elke Coffey." The Superior Court actions only involve Forde and the defendants Kwok and Coffey. Shorb DCE, LLC is not a party to any of those actions.

Kwok and Coffey, through Shorb's counsel, filed on August 8, 2018 an "Motion For Order Authorizing Disbursement Of Surplus Funds" to allow them to get funds to avoid the sale of their individual interests in Shorb. It is not clear from the Motion how the estate benefits from settling these claims against non-debtors and/or why the bankruptcy estate would have any position as to who owns the shares of the Debtor (i.e. what difference it makes to the estate if Forde owns the shares through the auction or if Kwok and Coffee own the shares).

The Motion is unsupported by any legal theory and does not have the support of the Chapter 7 Trustee (likely due to the fact that the request does not benefit the estate or the administration of the estate in any way).

Various claims were and are being litigated, so it has yet to be determined just how much in surplus funds the Debtor Shorb will receive after all allowed claims are paid. The motion includes an unsupported assertion that the trustee is holding sufficient funds to pay all claims of the estate and have a surplus remaining. However, the Motion fails to address the specific details of the estate, such as the amount of administrative claims of the estate, the total amount of all allowed claims, the estimated taxes for the estate associated with the sale of the real property. Once all of these amounts are calculated, the Motion additionally fails to address whether or not the distribution would impact Curt Wang's equal distribution required as a 25% shareholder.

The motion is seeking disbursement directly to Bruce Menke Client Trust Account presumably to pay a gambling debt to Commerce Casino owed by Kwok and the motion further requests payment of an additional $230,340.65 on behalf of defendants Kwok and Coffey in a separate Los Angeles Superior Court case.

The Motion fails to seek any disbursement to Curt Wang, a 25% shareholder of the Debtor. To the extent that any disbursement is made directly for the benefit of shareholders rather than for the Debtor itself, Curt Wang would be entitled to a distribution as well. Otherwise, the distribution would unfairly discriminate against Mr. Wang as a shareholder. Should this Court determine that an early distribution to shareholders of the Debtor is warranted, Curt Wang would be entitled to $88,881.17. This amount is based on the fact that the Chapter 7 Trustee would be disbursing a total of $355,524.66 ($266,643.50 requested in the motion plus $88,881.17 for Mr. Wang) for the benefit of all shareholders and Mr. Wang is entitled to 25% of any distribution.

///

///

///

## II.

## **POINTS AND AUTHORITIES**

**A.  THE MOTION LACKS ANY LEGAL AUTHORITY NOR ANY STATED BENEFIT TO THE ESTATE**

The requested motion is unsupported by any legal authority other than 11 U.S.C. §105(a)**.** However, the Motion fails to state how the granting of the motion would be necessary or appropriate to carry out the provision of [the Bankruptcy Code]." The Motion seeks an early distribution for the benefit of two of the three shareholders of the Debtor and provides no benefits to the estate whatsoever.

**B.  THE MOTION IMPROPERLY ATTEMPTS TO LITIGATE THE ISSUE OF WHETHER OR NOT CURT WANG IS A 25% SHAREHOLDER**

Curt Wang is a 25% shareholder and is entitled to his share of any distribution made by the Chapter 7 Trustee. The Motion attempts to have this Court make a determination the Curt Wang is not a 25% shareholder. This is procedurally flawed. The Motion further attempts to alternatively allow the distribution of funds for the benefit of two of Debtor's shareholders and requests this Court defer the issue for a later date. This requests directly discriminates against Mr. Wang as it would allow the other shareholders and immediate distribution while denying Curt Wang his distribution based on an unsupported assertion that he does not own 25% of the shares of Debtor.

Mr. Wang is a shareholder entitled to his distribution should any distribution be authorized at this time. Mr. Wang has signed documents as the managing member of the Debtor, Mr. Wang has personally guaranteed a $850,000.00 loan securing the property which was eventually sold by the Chapter 7 trustee. The Motion fails to address why the managing member of the Debtor and an individual who executed a personal guarantee for $850,000.00 for a loan for the Debtor would own no shares.

Respectfully submitted,

Dated:  August 27, 2018

By:  /s/ Thomas B. Ure
Thomas B. Ure
Attorney for Debtor

- 4 -

**DECLARATION OF CURT WANG**

I, Curt Wang, declare as follows:

1. I have personal knowledge of the facts stated herein, and if called upon to testify thereto, I could and would do so competently and truthfully.

2. This Declaration is made in support of my opposition to the Motion for Order Authorizing Disbursement of Surplus Funds ("Motion").

3. I am one of the three members and the only manager of Debtor Shorb DCE, LLC (hereinafter "Shorb"). I hold a 25% interest in the LLC. A copy of the Statement of Information filed with the California Secretary of State was attached to the Motion as Exhibit B.

4. The other member of Shorb is David Kwok (hereinafter "Kwok"), who may have transferred 10% of his 75% interest to Elke Coffey (hereinafter "Coffey").

5. Shorb is a "manager-managed" company, pursuant to the Articles of Organization.

6. I was listed as an unsecured creditor of Shorb in the bankruptcy schedules filed with the court and have filed a Proof of Claim.

7. Kwok and Coffey were not listed as creditors and have not filed claims.

8. The Motion requests distribution of estate assets in order to directly pay claims against Kwok and Coffey, not Shorb.

9. I am entitled to 25% of the net profits of the company and, therefore, I should participate in any distribution.

10. The Motion states that the purpose of the distribution is to avoid the auction of the shares owned by Kwok and/or Coffey to Forde. This action directly benefits Kwok and/or Coffey and not the Debtor Shorbe and not me as 25% shareholder. The Motion fails to provide for how this distribution would provide any benefit to the estate.

11. I am entitled to the same distribution as the other shareholders. Therefore, if the trustee distributes this $266,643.50 for the direct benefit of the other shareholders, I should be entitled to $88,881.17 so that I receive 25% of the total distribution which would be $355,524.66.

12. The Motion attempts to either litigate the issue of whether or not I am a shareholder or, at a minimum, requests that the distribution be made and have the issue of whether or not I am entitled to a distribution be decided at a future time while allowing the distribution to be made to the other shareholders.

13. To the extent that this Court would like me to respond to the allegations that I am not a shareholder, the following is a brief response in support of my position:

   a. On January 23, 2007, I entered into an agreement to acquire 25% of Shorb DCE, LLC in exchange for $225,000.00. This was attached as Exhibit A to the Motion;

   b. On February 9, 2007, I executed a deed of trust in favor of Metro United Bank in the sum of $850,000.00 to refinance the Shorb property. I did this because Mr. Kwok's credit rating was so poor, he could not qualify for a loan. In addition to signing the deed of trust as managing member of Shorb, I personally guaranteed the loan. Copies of the relevant pages of the deed of trust are attached hereto as Exhibit A.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on this __30__ day of August, 2018 at Los Angeles, California.

Curt Wang
Creditor/Interested Party

EXHIBIT A

# NOTICE OF FINAL AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $850,000.00 | 03-05-2007 | 03-01-2014 | 0370219886 | 16 / 144 | 037021900 | JK | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
802 E. MISSION DR
SAN GABRIEL, CA 91776

**Lender:** METRO UNITED BANK
CITY OF INDUSTRY
17870 CASTLETON ST. STE 100
CITY OF INDUSTRY, CA 91748
(626) 435-1800

**BY SIGNING THIS DOCUMENT EACH PARTY REPRESENTS AND AGREES THAT: (A) THE WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, (B) THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES, AND (C) THE WRITTEN LOAN AGREEMENT MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OR UNDERSTANDINGS OF THE PARTIES.**

**As used in this Notice, the following terms have the following meanings:**

**Loan.** The term "Loan" means the following described loan: a Variable Rate Nondisclosable Loan to a Limited Liability Company for $850,000.00 due on March 1, 2014.

**Loan Agreement.** The term "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, relating to the Loan, including without limitation the following:

## LOAN DOCUMENTS

Amortization Schedule
LLC Resolution: SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
Customer Information Profile: CURT WANG
Promissory Note
CA Commercial Security Agreement: All equipment, fixtures, trade fixtures, leasehold improvements, goods and other articles of personal property now owned or hereafter acquired by debtor and now or hereafter attached or affixed to the Real Property (defined below), together with all accessions, parts and additions thereto, and all replacements thereof and substitutions therefor, returns, accessories, attachments, and choses in action relating to or arising out of any of the foregoing, and together with all proceeds (including, without limitation, all insurance proceeds and refunds of premiums) from the casualty loss, sale, transfer, encumbrance, or other disposition of all, or any part, of the foregoing personal property. All of the foregoing is collectively referred to as the "Collateral". The Real Property to which the Collateral is attached or affixed is commonly known as: 910 WEST SHORB ST., ALHAMBRA, CA 91803 and legally described as: Please see exhibit "A" attached hereto and made part hereof. The record owner of the Real Property is SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.; owned by SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
Notice of Insurance Requirements: Real Property located at 910 WEST SHORB STREET, ALHAMBRA, CA 91803
Disbursement Request and Authorization
Notice of Final Agreement
NOTICE OF PRIVACY POLICY: SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
NOTICE OF PRIVACY POLICY: CURT WANG
Hazard Insurance Disclosure - CA
Business Loan Agreement
Customer Information Profile: SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
CA Commercial Guaranty: CURT WANG
CA Deed of Trust for Real Property located at 910 WEST SHORB STREET, ALHAMBRA, CA 91803
CA Assignment of Rents
CA Hazardous Substances Agreement
CA National UCC Financing Statement (Rev. 05/22/02): ; owned by SHORB DCE LLC, A CALIFORNIA LIMITED
CA UCC-1: All Equipment, General Intangibles and Fixtures; whether any of the foregoing is owned
Agreement to Provide Insurance: Real Property located at 910 WEST SHORB STREET, ALHAMBRA, CA 91803; All equipment, fixtures, trade fixtures, leasehold improvements, goods and other articles of personal property now owned or hereafter acquired by debtor and now or hereafter attached or affixed to the Real Property (defined below), together with all accessions, parts and additions thereto, and all replacements thereof and substitutions therefor, returns, accessories, attachments, and choses in action relating to or arising out of any of the foregoing, and together with all proceeds (including, without limitation, all insurance proceeds and refunds of premiums) from the casualty loss, sale, transfer, encumbrance, or other disposition of all, or any part, of the foregoing personal property. All of the foregoing is collectively referred to as the "Collateral". The Real Property to which the Collateral is attached or affixed is commonly known as: 910 WEST SHORB ST., ALHAMBRA, CA 91803 and legally described as: Please see exhibit "A" attached hereto and made part hereof. The record owner of the Real Property is SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.; owned by SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

**Parties.** The term "Parties" means METRO UNITED BANK and any and all entities or individuals who are obligated to repay the loan or have pledged property as security for the Loan, including without limitation the following:

| | |
|---|---|
| Borrower: | SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY |
| Grantor(s): | SHORB DCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY |
| Guarantor 1: | CURT WANG |

Each Party who signs below, other than METRO UNITED BANK, acknowledges, represents, and warrants to METRO UNITED BANK that it has received, read and understood this Notice of Final Agreement. This Notice is dated March 5, 2007.

BORROWER:

| In re:<br>**SHORB DCE, LLC**<br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **2:17-bk-14240-BR** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**800 West 6th Street., Suite 940**
**Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*):  **OPPOSITION TO MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SURPLUS FUNDS; DECLARATION OF CURT WANG IN SUPPORT THEREOF**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **8/30/2018**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR CREDITOR** Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
**ATTORNEY FOR U.S. TRUSTEE** Ron Maroko ron.maroko@usdoj.gov
**ATTORNEY FOR CREDITOR** Elmer D Martin elmermartin@gmail.com
**TRUSTEE** John J Menchaca (TR) jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
**U.S. TRUSTEE** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
**ATTORNEY FOR CREDITOR** Carol G Unruh cgunruh@sbcglobal.net
**ATTORNEY FOR CREDITOR** Steven Werth swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com
**ATTORNEY FOR CREDITOR** Thomas B. Ure tom@urelawfirm.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **8/30/2018**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**United States Bankruptcy Court**
**Honorable Barry Russell**
**255 E. Temple Street, Suite 1660 / Courtroom 1668**
**Los Angeles, CA 90012**

☑ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*  **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **7** |
|---|---|---|
| **SHORB DCE, LLC** | | |
| | Debtor(s). | CASE NUMBER **2:17-bk-14240-BR** |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/30/2018 | **Yolanda Segura** | /s/ Yolanda Segura |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                  **F 9013-3.1**

East West Bank
135 N. Los Robles Avenue
Pasadena, CA 91101-1758

MENCHACA & COMPANY LLP CPA
835 WILSHIRE BLVD., STE. 300
LOS ANGELES, CA 90017-2655

Shorb DCE, LLC
910 Shorb St.., Unit F
Alhambra, CA 91803-2448

SulmeyerKupetz PC
333 S Hope St 35th Fl
Los Angeles, CA 90071-1406

Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles CA 90034-3156

Curt Wang
802 E. Mission Rd.
San Gabriel, CA 91776-2716

East West Bank
1001 Fair Oaks Ave
South Pasadena, CA 91030-3309

East West Bank
135 N. Los Robles
Pasadena, CA 91101-1758

Elke Coffey
912 Shorb St Unit A
Alhambra Ca 91803-2445

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

James Wang
802 E. Mission Rd.
San Gabriel, CA 91776-2716

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
PO BOX 54110
LOS ANGELES CA 90054-0110

LOs Angeles County Tax Collector
225 N Hill Street
Los Angeles CA 90012-3253

Law Offices of Tom C Tsay Inc
208 E Valley Blvd Ste C
San Gabriel CA 91776-6514

Stephen Forde
1613 Chelsea Road
San Marino CA 91108-2419

The Wright Trust dated 11/19/1984
Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

William B Wright
Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

William B Wright as Trustee of the
William Barber Wright Revocable Trust
Carol G Unruh
3000 S Robertson Blvd Ste 215
Los Angeles, CA 90034-3156

John J Menchaca (TR)
835 Wilshire Blvd., Suite 300
Los Angeles, CA 90017-2655

Kevin Tang
601 S Figueroa St Ste 4050
Los Angeles, CA 90017-5879

Leslie A Cohen
Leslie Cohen Law PC
506 Santa Monica Bl Ste 200
Santa Monica, CA 90401-2413

William B. Wright
c/o Law Offices Of Carol G. Unruh
3000 S. Robertson Blvd.
Suite 215
Suite 215
Los Angeles, CA 90034-3156